IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOT POWER CONTROL, S.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-1302-MN |
| | ) |
| APPLE INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER[1]

At Wilmington this **23rd** day of **April, 2024**, the court having considered defendant Apple Inc.'s ("Apple") motion to extend the fact discovery period for the limited purpose of taking a third-party deposition of Qualcomm Inc. ("Qualcomm") during the week of May 13, 2024,[2] and the associated filings (D.I. 168; D.I. 174; D.I. 175; D.I. 177), IT IS ORDERED that Apple's motion is GRANTED for the following reasons:

**1. Background.** The fact discovery deadline in this case expired on April 1, 2024. (D.I. 158) Apple moves to extend the fact discovery deadline to May 17, 2024 for the limited purpose of taking a third-party deposition of Qualcomm. (D.I. 168) Apple represents that document and deposition discovery from Qualcomm is generally relevant to this patent infringement litigation because Qualcomm supplied Apple with software and baseband processors that plaintiff TOT Power Control, S.L. ("Plaintiff") alleges perform the accused functionality. (*Id.* at 1)

---

[1] On April 10, 2024, the parties consented to the jurisdiction of the Magistrate Judge to "conduct any and all proceedings and enter a final order" on the instant motion. (D.I. 178)

[2] The pending motion corresponds with the relief sought by other defendants in related Civil Action Nos. 21-1304-MN and 21-1305-MN. The court's ruling is consistent across the related cases.

2. The record before the court shows that Apple served document and deposition subpoenas in August of 2023. (D.I. 83) Qualcomm did not begin producing documents responsive to the subpoenas until October 2023, and it made its source code available for Apple's review on February 9, 2024. (D.I. 168 at 3) Plaintiff served its final infringement contentions on February 16, and Apple served its final non-infringement contentions on March 1, 2024. (D.I. 138; D.I. 146) Qualcomm made a final document production on March 29, 2024. (D.I. 168 at 3)

3. Plaintiff became aware of Apple's intention to take Qualcomm's deposition during the last week of March, days before the close of fact discovery on April 1. (D.I. 174 at 1)

4. **Legal standard.** Rule 16(b)(4) of the Federal Rules of Civil Procedure states that "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause exists when the [s]chedule cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (internal quotation marks omitted). The burden is on the moving party to demonstrate good cause and due diligence. *Compagnie des Grands Hotels d'Afrique S.A. v. Starwood Capital Grp. Global I LLC*, C.A. No. 18-654-RGA-SRF, 2019 WL 4740083, at *1 (D. Del. Sept. 27, 2019) (quoting *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)).

5. **Analysis.** Apple has shown good cause for the requested extension to the fact discovery deadline. As set forth at ¶ 2, *supra*, Apple diligently sought discovery from Qualcomm during the fact discovery period. Apple then indicated its intention to depose Qualcomm within weeks of its review of Qualcomm's source code, and before Qualcomm completed its document production on March 29.

2

6. Although Plaintiff opposes the motion, Plaintiff filed its own motion to compel a deposition of Qualcomm in the Southern District of California on April 1, 2024, seeking authentication testimony from a records custodian and a further document production related to the Qualcomm document produced on March 29. (D.I. 177, Ex. A) Plaintiff's motion to compel emphasizes the importance of the document produced on March 29 and the need for follow-up discovery on this document. (*Id.*, Ex. A at 6-7)

7. The scope of the requested extension is narrowly limited to a deposition of Qualcomm, as opposed to a wholesale reopening of fact discovery. Plaintiff raises no specific challenges to the scope of the deposition topics. (D.I. 168, Ex. A at Attachment A) Apple has coordinated with Qualcomm and the defendants in related Civil Action Nos. 21-1304-MN and 21-1305-MN to efficiently depose Qualcomm in a timely manner based on Qualcomm's availability. The Qualcomm deposition is scheduled to occur nearly two months before opening expert reports are due, and it is therefore unlikely to disrupt the balance of the scheduling order. (D.I. 43)

8. Plaintiff's opposition focuses primarily on alleged deficiencies in the 30(b)(6) deposition testimony of Apple's engineers on topics related to Qualcomm's source code. (D.I. 174 at 4-6) This issue is the subject of a discovery dispute raised by Plaintiff that is scheduled to be heard by the court on May 15, 2024. (D.I. 182; D.I. 183)

9. Plaintiff also raises the issue of its efforts to authenticate Qualcomm's documents and source code in a stipulation or the deposition of a Qualcomm records custodian. (D.I. 174 at 1-2) Plaintiff speculates that Apple's failure to stipulate to the admissibility of third-party documents is related to Apple's pursuit of the instant motion. (*Id.*) But Plaintiff's obligation to authenticate third-party records has no bearing on Defendant's diligence in pursuing the

deposition of a subpoenaed third party. Plaintiff has since moved to compel a deposition and the production of a document from Qualcomm in the Southern District of California. (D.I. 177, Ex. A)

**10.** The balance of Plaintiff's opposition amounts to speculation about the subject matter of the deposition. (D.I. 174 at 3) This does not provide a sufficient basis for denial of the motion. Apple has demonstrated good cause to proceed with the deposition.

**11. Conclusion.** For the foregoing reasons, IT IS ORDERED that Apple's motion is GRANTED. (D.I. 168) The fact discovery deadline is extended to May 17, 2024 for the limited purpose of obtaining deposition testimony from third-party Qualcomm. The length of the deposition shall be governed by the Federal Rules of Civil Procedure.

_____
Sherry R. Fallon
United States Magistrate Judge