## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOT POWER CONTROL, S.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1302-MN |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TOT POWER CONTROL, S.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1304-MN |
| | ) | |
| LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| TOT POWER CONTROL, S.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1305-MN |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER[1]

---

[1] On April 10, 2024, the parties consented to the jurisdiction of the Magistrate Judge to "conduct any and all proceedings and enter a final order" on the underlying motion which is the subject of the pending motion for reconsideration. (D.I. 178)

At Wilmington this **16th** day of **May, 2024**, the court having considered the emergency motions for reconsideration of the April 23, 2024 Memorandum Order extending the fact discovery deadline, filed by plaintiff TOT Power Control, S.L. ("Plaintiff"), (C.A. No. 21-1302-MN, D.I. 201; C.A. No. 21-1304-MN, D.I. 174; C.A. No. 21-1305-MN, D.I. 137), the associated filings (D.I. 202; D.I. 204; D.I. 214; D.I. 215),[2] and the parties' arguments during the May 15, 2024 hearing, IT IS ORDERED that Plaintiff's motions are DENIED for the following reasons:

1. **Background.** Plaintiff takes the position that the landscape of the case has changed significantly since the court's April 23 Memorandum Order due to Apple Inc.'s production of certain documents on that same date. Those documents were extracted from Apple's software bug-tracking Radar system and included Qualcomm's change request number, communications from 2010 and 2011, and old attachments from that time period. (D.I. 215 at ¶ 4) Apple sent an email producing these documents at 11:57 a.m. on April 23, 2024. (D.I. 202, Ex. 3; D.I. 215 at ¶ 6)

2. About three hours later, at 2:39 p.m., the court entered the Memorandum Order granting Defendants' motion to extend the fact discovery deadline to take a third-party deposition of Qualcomm.[3] (D.I. 187)

3. On May 7, 2024, two weeks after the court issued its Memorandum Order and Apple made its production, Plaintiff filed the instant emergency motion for reconsideration. (D.I. 201) The court heard argument on the motion during the hearing on May 15, 2024.

---

[2] Unless otherwise noted, all docket citations refer to the docket in Civil Action No. 21-1302-MN.

[3] Plaintiff's suggestion that Apple withheld its production until after the court issued the April 23 Memorandum Order in a "ruse to allow Apple and other Defendants to surprise TOT with new discovery . . . and to do so without affording TOT an opportunity to properly investigate and respond to the new discovery in the normal course" is not supported by the record. (D.I. 201 at 8)

4.  **Legal standard.** Motions for reconsideration are disfavored. *See* D. Del. LR 7.1.5(a) ("Motions for reargument shall be sparingly granted."). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Although a decision on a motion for reconsideration is within the discretion of the court, such motions "should only be granted sparingly and should not be used to rehash arguments already briefed or to allow a never-ending polemic between the litigants and the Court." *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999).

5.  **Analysis.** During oral argument on May 15, Plaintiff acknowledged that the primary issue is with Apple's belated document production, as opposed to the Qualcomm deposition. (5/15/2024 Tr.) Defendants confirmed that the late-produced documents will not be invoked during the Qualcomm deposition: "The Apple document production [Plaintiff] complains of contains Apple confidential documents that Apple will not use to question Qualcomm at Qualcomm's deposition, and that neither LGE nor Samsung will use because they have not received or have ever seen such documents, as they have not been produced in those cases." (D.I. 214 at 1) (emphasis in original). Plaintiff does not contend that the April 23 Memorandum Order contained errors of law or fact based on the record before it at that time, nor has Plaintiff established that the late-produced documents will have any impact on the Qualcomm deposition. Consequently, Plaintiff has not satisfied the standard for its motion for reconsideration.

6.  The parties have not yet met and conferred on Plaintiff's objections to the timing of Apple's document production on April 23, and Plaintiff has not identified any specific relief sought in connection with the late-produced documents. Following a thorough meet and confer process, Plaintiff may seek relief from the court on any remaining disputes regarding Apple's

late-produced documents. The scope and time frame of any such relief must be limited and clearly defined before the court will entertain a dispute on the issue.

       7. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for reconsideration is DENIED, and the Qualcomm deposition shall go forward as scheduled on May 17, 2024 absent agreement among all parties and Qualcomm to reschedule the deposition to a later date. (C.A. No. 21-1302-MN, D.I. 201; C.A. No. 21-1304-MN, D.I. 174; C.A. No. 21-1305-MN, D.I. 137) IT IS FURTHER ORDERED that Plaintiff and Apple shall meet and confer on any remaining issues surrounding Apple's production of documents on April 23, 2024.

       8. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **May 23, 2024**, for review by the court, along with a motion supported by a declaration. Any argument that portions of the Memorandum Order should be sealed must be supported by "a particularized showing of the need for continued secrecy" sufficient to overcome the strong presumption of public access to court records. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672, 675 n.10 (3d Cir. 2019) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

                                                      Sherry R. Fallon
                                                     United States Magistrate Judge