IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOT POWER CONTROL, S.L., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-1304-MN |
| LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| TOT POWER CONTROL, S.L., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-1302-MN |
| APPLE INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM ORDER**[1]

At Wilmington this **16th** day of **May, 2024**, the court having considered the motions of defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (together, "LGE") and Apple Inc. ("Apple;" collectively with LGE, "Defendants") for the issuance of letters of request for International Judicial Assistance in Spain and Denmark pursuant to the Hague Evidence Convention (D.I. 169; D.I. 170),[2] and the arguments presented during the hearing on May 15,

---

[1] On April 10, 2024, the parties consented to the jurisdiction of the undersigned judicial officer to conduct any and all proceedings and enter a final order as to the two pending motions for issuance of letters of request. (D.I. 178)

[2] All citations to docket entries in this Memorandum Order refer to the docket in Civil Action No. 21-1302-MN, unless otherwise noted. The briefing and related filings associated with the pending motions are found at D.I. 169, D.I. 170, D.I. 185, D.I. 186, D.I. 191, and D.I. 192.

2024, IT IS HEREBY ORDERED that the motion at D.I. 169 is GRANTED-IN-PART and the motion at D.I. 170 is DENIED without prejudice for the reasons set forth below.

1. **Background.** Plaintiff TOT Power Control, S.L. ("Plaintiff") brought these patent infringement actions against Defendants on September 14, 2021. (D.I. 1) The operative pleadings allege that Defendants infringe U.S. Patent Nos. 7,532,865 and 7,496,376 (the "Asserted Patents"), which recite methods and devices for managing how power is used to respond to decreases and increases in the ratio of radio signal to interference. (D.I. 34 at ¶¶ 31-35) Plaintiff argues that mobile transceivers manufactured by non-parties Qualcomm and Intel infringe the Asserted Patents, and Defendants have incorporated the infringing mobile transceivers into their phones and certain tablets. (*Id.* at ¶¶ 38-40)

2. In January of 2022, Apple moved to transfer Civil Action No. 21-1302-MN to the Northern District of California. (D.I. 13) In response, Plaintiff disclosed that its witnesses reside in Spain and Denmark. (D.I. 22 at 3-4) The accompanying declaration specifies that Lucía Rey, Javier Fernández, José Hernando Rabanos, and Luis Mendo Tomas live in Madrid, Spain, and Isabel Pérez lives in Copenhagen, Denmark. (D.I. 23 at ¶ 16(d)-(h)) The declaration also describes the former roles and likely testimony of each witness. (*Id.*)

3. Plaintiff served its initial disclosures on November 18, 2022. (D.I. 192, Ex. A) The initial disclosures provide that "[a]ll individuals listed below whose contact information states 'Hausfeld' are employees or former employees of TOT who should be contacted through TOT's undersigned attorneys." (*Id.*, Ex. A at 3)

4. The initial disclosures identify Lucía Rey, Javier Fernández, and Isabel Pérez as "former engineer[s]" of Plaintiff and/or Plaintiff's parent, TOP Optimized Technologies S.L. (*Id.*, Ex. A at 4; D.I. 23 at ¶ 4) José Hernando Rabanos and Luis Mendo Tomas are disclosed as

2

inventors, with no indication that they were ever employed by Plaintiff. (D.I. 192, Ex. A at 5) The initial disclosures also list three inventors employed by Plaintiff and/or Plaintiff's parent: Alvaro Medrano, Miguel Blanco Carmona, and Alfonso Campo Camacho. (*Id.*, Ex. A at 3-4)

5.      On January 4, 2024, LGE docketed Rule 30(b)(1) deposition notices seeking to depose Alvaro Medrano, Miguel Blanco Carmona, Alfonso Campo Camacho, Lucía Rey, Javier Fernández, Isabel Pérez, José Hernando Rabanos, and Luis Mendo Tomas in February of 2024.[3] (C.A. No. 21-1304-MN, D.I. 90-D.I. 97) Apple noticed the depositions of these witnesses on February 14, 2024. (D.I. 129-D.I. 136) At the time the notices of deposition were served, the deadline for fact discovery was March 15, 2024. (D.I. 112)

6.      In an email dated February 18, 2024, Plaintiff informed Defendants that it had attempted to contact each of the witnesses for which 30(b)(1) deposition notices were served. (D.I. 186, Ex. 1 at 2) Plaintiff confirmed that Luis Mendo Tomas, Miguel Blanco Carmona, and Alfonso Campo Camacho would appear for deposition with no further process. (*Id.*) However, Plaintiff represented that Lucía Rey, Javier Fernández, Isabel Pérez, and José Hernando Rabanos were former employees or non-employees who declined to appear voluntarily or did not respond. (*Id.*) Plaintiff indicated it did not intend to call Lucía Rey, Javier Fernández, Isabel Pérez, or José Hernando Rabanos as witnesses at trial. (*Id.*, Ex. 2 at 25-26)

7.      Plaintiff amended its initial disclosures on March 6, 2024, removing Lucía Rey, Javier Fernández, Isabel Pérez, and José Hernando Rabanos from the identification of individuals likely to have relevant information. (D.I. 152; D.I. 192, Ex. B) The following day, Plaintiff's

---

[3] Plaintiff represents that, in related Civil Action No. 21-1305-MN, defendant Samsung requested these non-party depositions in December of 2023 but has not pursued their depositions since that time and opted not to join the instant motion. (D.I. 182 at 6 n.5) Defendants do not dispute this characterization.

3

counsel sent an email to Defendants' counsel "confirm[ing] that TOT will not object to LG seeking to depose these witnesses[.]" (D.I. 186, Ex. 2 at 8) However, Plaintiff's counsel also represented that these four witnesses were unlikely to have relevant, noncumulative information. (*Id.*, Ex. 2 at 8-10)

8. On March 12, 2024, Plaintiff's counsel informed Defendants for the first time that Luis Mendo Tomas had decided not to appear for his deposition that same week. (*Id.*, Ex. 2 at 1) The depositions of Alfonso Campo Camacho and Miguel Blanco Carmona went forward as scheduled on March 13 and 14, respectively. (D.I. 192, Exs. D-E)

9. On March 15, 2024, Plaintiff amended its initial disclosures to remove Luis Mendo Tomas from the list of individuals likely to have relevant information. (*Id.*, Ex. C) The parties also filed a stipulation to extend the fact discovery deadline to April 1, 2024. (D.I. 158) In the stipulation, Plaintiff represented that "it will not oppose Defendant's efforts to seek letters rogatory regarding the depositions of former employees of Plaintiff, including: Lucia Rey, Isabel Perez, Javier Fernandez, and Jose Hernando Rabanos[.]" (*Id.* at 1 n.2) In Civil Action No. 21-1304-MN, Plaintiff continued as follows:

> However, as Plaintiff has already informed Defendants, Plaintiff contends these depositions are cumulative and unnecessary, and that Plaintiff would seek an order of protection regarding Dr. Hernandez's [*sic*] deposition because of his advanced age and health. By this stipulation, Plaintiff does not concede that these depositions should take place.

(C.A. No. 21-1304-MN, D.I. 123 at 1 n.1)

10. Defendants deposed Alvaro Medrano on March 21, 2024. (D.I. 192, Ex. F) The initial disclosures identified Medrano as an inventor and Plaintiff's chief executive officer. (*Id.*, Ex. A at 3; Ex. C at 3)

4

11.     Defendants filed the pending motions for issuance of letters rogatory on April 1, 2024. (D.I. 169; D.I. 170) In the first motion, Defendants seek testimony through the Hague Convention from Lucía Rey, Javier Fernández, José Hernando Rabanos, and Luis Mendo Tomas relevant to the validity and enforceability of the Asserted Patents. (D.I. 169 at 1) In the second motion, Defendants seek testimony through the Hague Convention from Isabel Pérez relevant to the validity and enforceability of the asserted patents. (D.I. 170) Specifically, Defendants request testimony on the same five topics for each of the five witnesses at issue:

1. The subject matter of the inventions disclosed in U.S. Patent No. 7,532,865 and U.S. Patent No. 7,496,376 or any related patents.
2. Outer loop power control in 3G cellular systems.
3. Products, prototypes, solutions, software, algorithms developed by Top Optimized Technologies, S.L. related to outer loop power control.
4. Attempts to sell or license any products, solutions, or software developed by Top Optimized Technologies, S.L. related to outer loop power control.
5. Attempts to license the Asserted Patents or any related patents.

(D.I. 169, Ex. A at Attachment A; D.I. 170, Ex. A at Attachment A)

12.     **Legal standard.**  A party seeking to invoke the Hague Convention bears the burden of persuading the trial court of the necessity of permitting discovery pursuant to the Hague Convention. *Ingenico Inc. v. IOENGINE, LLC*, C.A. No. 18-826-WCB, 2021 WL 765757, at *1 (D. Del. Feb. 26, 2021). Although the burden is not heavy, the trial court has the discretion to deny a request for letters rogatory if there is "good reason" for doing so. *Id.* (quoting *In re Complaint of Bankers Tr. Co.*, 752 F.2d 874, 890 (3d Cir. 1984)).

13.     Courts "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). Accordingly, courts consider: "(1) the importance to the litigation of the documents or other information requested, (2) the degree of specificity of the

request, (3) whether the information originated in the United States, (4) the availability of alternative means of securing the information, and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Ingenico*, 2021 WL 765757, at *2 (citing *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, 2013 WL 12203112, at *2-4 (D.N.J. June 7, 2013)).

14. **Analysis.** Defendants' motion for the issuance of letters rogatory as to Lucía Rey, Javier Fernández, José Hernando Rabanos, and Luis Mendo Tomas is GRANTED-IN-PART. (D.I. 169) Specifically, the motion is GRANTED-IN-PART with respect to a deposition of Luis Mendo Tomas on the revised Topics to be submitted by Defendants on or before May 22, 2024. The motion is DENIED without prejudice in all other respects. Defendants' motion for the issuance of letters rogatory as to Isabel Pérez is DENIED without prejudice. (D.I. 170) The court's reasoning is set forth more fully below.

15. ***Status of the pending motions as opposed or unopposed.*** Defendants suggest that the court should grant the pending motions without analysis based on Plaintiff's prior representation that it would not oppose the motions: "Because TOT stipulated to the relief sought in Defendants' motion, and the Court ordered that stipulation, the Court should grant Defendants' motion and need not address the *Aerospatiale* standard for foreign discovery requests." (D.I. 191 at 2) As previously explained, however, the stipulation expressly stated that Plaintiff did not concede the depositions should go forward because they would be cumulative and unnecessary. (C.A. No. 21-1304-MN, D.I. 123 at 1 n.1) Defendants' contention that Plaintiff misleadingly altered its position on the depositions of foreign witnesses is not sufficiently supported by the record.

6

16. Moreover, Defendants cite no authority in support of their position that Plaintiff's alleged non-opposition excuses the court from consideration of the applicable standard. In fact, Defendants' reliance on *Ingenico Inc. v. IOENGINE, LLC* contradicts this assertion. In *Ingenico*, the court denied the plaintiff's unopposed motion for issuance of letters rogatory after independently analyzing the *Aerospatiale* factors and determining that three of the five factors were not satisfied. C.A. No. 18-826-WCB, 2021 WL 765757, at *3 (D. Del. Feb. 26, 2021) ("IOENGINE does not oppose Ingenico's discovery requests."). The court's ruling in *Ingenico* is consistent with the Supreme Court's admonition that district courts "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Aerospatiale*, 482 U.S. at 546.

17. ***Consideration of the Aerospatiale factors.*** The first, second, and third *Aerospatiale* factors weigh against permitting the depositions of Lucía Rey, Javier Fernández, José Hernando Rabanos, and Isabel Pérez. For the reasons set forth at ¶¶ 18-21, *infra*, Defendants have not shown that the deposition testimony sought from these four individuals is important to the litigation. Instead, the record before the court suggests that their testimony is likely to be cumulative of witnesses who were already deposed.

18. With respect to the first three deposition topics, Defendants do not suggest that Rey, Fernández, Hernando, or Pérez have unique knowledge that could not be obtained during the depositions of Medrano, Blanco, and Campo.[4] (D.I. 191 at 5-6) Thus, only the fourth and fifth topics are at issue.

---

[4] Plaintiff represents, and Defendants do not dispute, that Rey, Fernández, and Pérez did not join Plaintiff until after the Asserted Patents were filed. (D.I. 185 at 11) Plaintiff also represents that Defendants did not ask Medrano, Blanco, or Campo any questions to determine what information Rey, Fernández, Hernando, or Pérez might possess relevant to the litigation, and Defendants do not dispute this representation. (D.I. 185 at 9)

7

19. Topics 4 and 5 seek information on attempts to sell or license products, solutions, or software developed by Plaintiff's parent relating to outer loop power control and attempts to license the Asserted patents, respectively. (*See, e.g.*, D.I. 169, Ex. A at Attachment A) These topics correlate most directly with the designation in the initial disclosures for "attempts to license the claimed inventions." (D.I. 192, Ex. A at 4) As indicated in the chart below, of the five witnesses at issue, only Fernández and Pérez were designated as having information on this topic and Medrano, Blanco, and Campo were already deposed on the subject. Thus, Defendants have not established a lack of testimony on attempts to license the claimed inventions.

| | RULE 26(a)(1) INITIAL DISCLOSURES | | | | |
|---|---|---|---|---|---|
| | **Rey** | **Fernández** | **Pérez** | **Mendo** | **Hernando** |
| *Conception / reduction to practice* | | | | Medrano Blanco Campo | Medrano Blanco Campo |
| *Development of mobile telephony equipment* | Medrano Blanco | Medrano Blanco | | | |
| *Novelty & non-obviousness* | | | | Medrano Blanco | Medrano Blanco |
| *Attempts to license the claimed inventions* | | Medrano Blanco Campo | Medrano Blanco Campo | | |
| *Discussions with industry participants* | Medrano Blanco | Medrano Blanco | Medrano Blanco | | |
| *Meaning of terms within the industry* | | | | | |
| *Advantages of using the inventions* | | | | | |

20. Defendants' argument that Fernández, Pérez, and Rey "likely have a unique perspective on TOP and TOT's position in the marketplace because they were employees several years ago and do not have a current ownership interest in the company" is vague, speculative, and not persuasive. (D.I. 191 at 6-7) The temporal remoteness of their employment weighs against a likelihood that they would be able to provide useful testimony. Defendants do not

elaborate on how or why a lack of current ownership interest gives a witness a "unique perspective," nor do they cite any authority suggesting that this is a sufficient reason to justify a request for testimony from an involuntary non-party foreign witness.

21.     Defendants argue that Topics 4 and 5 also correspond to "the advantages of using the inventions" and "the meaning of terms within the industry at the time of the filing of the applications that resulted in the Asserted Patents" in Plaintiff's initial disclosures, and Plaintiff did not disclose any of the already-deposed witnesses as having knowledge of these topics. (D.I. 191 at 6) Assuming the accuracy of this comparison, granting Defendants' motion as to Luis Mendo Tomas will satisfy Defendants' request to obtain testimony on both topics as shown in the chart above. The record shows that inventors Mendo and Hernando were identified as having information on similar subjects. (D.I. 192, Ex. A at 5) Whereas Mendo intended to sit for a deposition until three days before the scheduled date, the record indicates that Hernando is in poor health and is far removed from the facts at issue in this case. (D.I. 186, Ex. 2 at 1) Consequently, a limited deposition of Mendo on this subject matter is sufficient to satisfy any gaps in the testimony of inventors Medrano, Blanco, and Campo and obviates the need for additional testimony from the other witnesses.

22.     As to the second *Aerospatiale* factor, Defendants' conclusory statement that topics such as "[o]uter loop power control in 3G cellular systems" and "[t]he subject matter of the inventions disclosed" in the Asserted Patents are "narrowly tailored to minimize burden" is not persuasive. (D.I. 191 at 4) Defendants represent that the five deposition topics are broadly relevant to infringement, invalidity, and damages. (*Id.*) These statements do not satisfy the specificity requirement of the second factor. *See Ingenico*, 2021 WL 765757, at *4.

23.     Defendants concede that the third *Aerospatiale* factor weighs against issuing the letters rogatory because "the requested information likely originated in Spain[.]" (D.I. 191 at 7) Where, as here, the first three *Aerospatiale* factors are not satisfied as to four of the five witnesses, denial of the motions for those witnesses is warranted. *See Ingenico*, 2021 WL 765757, at *3 (denying motion for issuance of letters rogatory based on the movant's failure to satisfy the first, second, and third *Aerospatiale* factors).

24.     Because Defendants have satisfied the first factor as it pertains to testimony from Luis Mendo Tomas on Topics 4 and 5, the balance of *Aerospatiale* factors supports partially granting the motion for the limited purpose of deposing Mendo on revised topics to be submitted by Defendants on or before May 22, 2024. *See* ¶ 21, *supra*.

25.     **Conclusion.** For the foregoing reasons, Defendants' motion for the issuance of letters rogatory as to Lucía Rey, Javier Fernández, José Hernando Rabanos, and Luis Mendo Tomas (D.I. 169) is GRANTED-IN-PART. Specifically, the motion is GRANTED-IN-PART with respect to Luis Mendo Tomas, and Defendants may pursue deposition testimony from this witness on narrowed topics to be set forth in revised letters rogatory. The motion is DENIED without prejudice in all other respects. On or before **May 22, 2024**, Defendants shall submit a revised letter of request consistent with this Memorandum Order. Defendants' motion for the issuance of letters rogatory as to Isabel Pérez is DENIED without prejudice. (D.I. 170)

26.     Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **May 23, 2024**, for review by the court, along with a motion supported by a declaration. Any argument

that portions of the Memorandum Order should be sealed must be supported by "a particularized showing of the need for continued secrecy" sufficient to overcome the strong presumption of public access to court records. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672, 675 n.10 (3d Cir. 2019) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

Sherry R. Fallon
United States Magistrate Judge