**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TOT POWER CONTROL, S.L.,            )
                                    )
            Plaintiff,              )
                                    )
        v.                          )       Civil Action No. 21-1302-MN
                                    )
APPLE INC.,                         )
                                    )
            Defendant.              )

<u>**MEMORANDUM ORDER**</u>

At Wilmington this **22nd** day of **May, 2024**, the court having considered the motion for leave to file a second amended complaint ("SAC") filed by plaintiff TOT Power Control, S.L. ("Plaintiff"), and the associated filings (D.I. 216; D.I. 218; D.I. 219), IT IS ORDERED that Plaintiff's motion is DENIED for the following reasons:

1. **Background.** Plaintiff filed this patent infringement action against defendant Apple Inc. ("Apple") on September 14, 2021, alleging infringement of U.S. Patent Nos. 7,532,865 and 7,496,376 (together, the "Asserted Patents"). (D.I. 1) Plaintiff specifically alleged that Apple's infringement of the Asserted Patents was willful, citing its own disclosure of the claimed inventions to chipmakers Intel and Qualcomm at different times between 2005 and 2014. (*Id.* at ¶¶ 46, 61)

2. Apple moved to dismiss the action and transfer the case to the Northern District of California in motions filed in January of 2022, and the court held a hearing on those motions on June 15, 2022. (D.I. 8; D.I. 13; D.I. 33) During the hearing, the court granted Apple's motion to dismiss Plaintiff's claims for willfulness and enhanced damages because there were no well-pleaded allegations of knowledge. (D.I. 33 at 23:14-16) The complaint alleged the inventions of the patents were disclosed to others, and Apple should have known about those disclosures. (*Id.*

at 23:16-20)  The court concluded that these averments were insufficient to plausibly allege

Apple's knowledge of the patents and knowledge of infringement of the patents, as required to

state a claim for willful infringement.  (*Id.* at 23:20-24)

       **3.**  Plaintiff filed an amended complaint, reasserting claims of pre-suit and post-suit

willful infringement and enhanced damages.  (D.I. 34 at ¶¶ 51, 61)  Plaintiff subsequently

stipulated to drop the willful infringement and enhanced damages claims from the amended

complaint, on the condition that Plaintiff could later amend the pleading to add allegations of

pre-suit willful infringement based on evidence uncovered within the first five months of the fact

discovery period.  (D.I. 36 at 1; D.I. 38)

       **4.**  The parties later stipulated to extend the deadline for Plaintiff to amend the

complaint until two weeks after the corporate deposition of one or more Apple witnesses on

Topics 1-14 in Plaintiff's 30(b)(6) deposition notice.  (D.I. 73 at 2)  Apple offered to make a

witness available on these topics in August of 2023, but Plaintiff declined to take the deposition

until it had adequate responses to its requests for production and interrogatories on willfulness.

(D.I. 102 at 19:14-20:3)

       **5.**  Plaintiff challenged the sufficiency of Apple's responses to written discovery

requests on willfulness during a discovery dispute hearing on September 19, 2023.  (D.I. 91; D.I.

102)  The court ordered Apple to supplement its discovery responses to clarify whether Apple

was continuing to search for and produce responsive documents or, alternatively, to verify that it

had no further responsive information to produce.  (*See, e.g.*, D.I. 102 at 35:19-36:7)

       **6.**  In November of 2023, Plaintiff also issued a subpoena to Intel to obtain willfulness

discovery beyond the discovery produced by Apple.  (D.I. 110)  Intel produced documents

responsive to the subpoena on January 31, 2024.  (D.I. 216, Ex. 4)  Intel's production revealed

that a current Apple employee, Bernd Adler, received presentations disclosing Plaintiff's inventions while employed by Intel. (*Id.*, Ex. 5)

7. Plaintiff deposed three 30(b)(6) designees on Topics 1-14 pertaining to willfulness on March 13, March 19, and March 28, 2024. (*Id.*, Ex. 7) On March 27, Plaintiff deposed Bernd Adler. (D.I. 125; D.I. 216 at 2) Plaintiff sought leave to file the SAC on April 12, 2024, fifteen days after taking the final 30(b)(6) deposition on the willfulness topics. (D.I. 216 at 4; Ex. 8)

8. **Legal standard.** Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend the pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. Futility is measured under the same standard applicable to a Rule 12(b)(6) motion to dismiss: "If the complaint, as amended, would not survive a motion to dismiss, leave to amend may be denied as futile." *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2020 WL 3488584, at *2 (D. Del. June 26, 2020) (quoting *Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, C.A. No. , 2016 WL 720977, at *7 (D. Del. Feb. 23, 2016)).

9. If a party seeks leave to amend after a deadline imposed by the scheduling order, the court must apply Rule 16 of the Federal Rules of Civil Procedure. *See WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132-JJF, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause element requires the movant to demonstrate that, despite diligence,

the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010).  The focus of the good cause inquiry is on diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other Rule 15 factors.  *See Glaxosmithkline LLC v. Glenmark Pharms. Inc.*, C.A. No. 14-877-LPS-CJB, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016).  Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading meets the Rule 15(a) standard.  *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).

**10. Analysis.**  On this record, Plaintiff has satisfied the good cause standard by diligently pursuing the discovery necessary to amend its willfulness allegations.  The parties' stipulation on willfulness discovery, which extended the deadline for an amended pleading until two weeks after 30(b)(6) depositions of Apple's witnesses on willfulness topics, supersedes the deadline for amended pleadings set forth in the scheduling order.  (D.I. 43; D.I. 73)  Plaintiff does not dispute that it sought leave to amend the complaint one day after the stipulated deadline expired.  (D.I. 216 at 4)

**11.** However, the record shows that Plaintiff diligently sought the discovery contemplated by the parties' stipulation on willfulness discovery and confronted resistance from Apple.  (D.I. 73; D.I. 102 at 35:19-38:5)  This necessitated a third-party subpoena to Intel and a concentrated period of deposition discovery preceding Plaintiff's motion for leave to amend.  (D.I. 110; D.I. 216 at 2)  Under these circumstances, Plaintiff's delay in seeking leave to file the SAC one day after the deadline contemplated by the parties' stipulation does not indicate a lack of diligence.  Having determined that the good cause standard is met under the unique circumstances presented in this case, the court next turns to whether the proposed SAC satisfies the Rule 15(a) standard.  *See E. Minerals*, 225 F.3d at 340.

**12.** Amendment would be futile in this case because the willfulness allegations in the proposed SAC do not cure all the deficiencies previously identified by the court in the original complaint. (D.I. 216, Ex. 2; D.I. 33 at 23:14-24) To state a claim of willful infringement, a plaintiff must plausibly allege that the accused infringer knew of the patent-in-suit and deliberately or intentionally infringed the patent-in-suit after obtaining that knowledge. *iFIT Inc. v. Peloton Interactive, Inc.*, C.A. No. 21-507-RGA, 2022 WL 609605, at *1 (D. Del. Jan. 28, 2022); *APS Tech., Inc. v. Vertex Downhole, Inc.*, C.A. No. 19-1166-MN, 2020 WL 4346700, at *4 (D. Del. July 29, 2020). The court previously rejected the notion that Apple's knowledge of disclosures made by Plaintiff to third parties was sufficient to establish Apple's knowledge of the patents and/or knowledge of infringement. (D.I. 33 at 23:14-24)

**13.** The SAC's allegation that former Intel and Infineon employees were aware of Plaintiff's patent application and unspecified "patented technology" in 2009 is not enough to establish Apple's knowledge of the Asserted Patents. (D.I. 216, Ex. 2 at 47-50) "Knowledge of a patent application alone . . . is not enough to establish knowledge of the patent(s) that issued from that application and therefore not enough to establish willfulness." *See iFIT*, 2022 WL 609605, at *2). Moreover, these averments do not suggest the former Intel and/or Infineon employees knew of any infringement of Plaintiff's technology. (D.I. 216, Ex. 2 at ¶¶ 47-50)

**14.** The proposed SAC also alleges that certain unnamed Intel employees were made aware of the Asserted Patents when Plaintiff shared presentations referencing those patents, and communications by Intel employees confirmed they understood that Plaintiff's technology was patented. (D.I. 216, Ex. 2 at ¶¶ 51-52) The SAC describes a communication by Intel's Head of Wireless System Engineering, who stated his approval of Plaintiff's invention but indicated that the license fee was likely too expensive for Intel. (*Id.*, Ex. 2 at ¶ 53) To connect these averments

5

to Apple, Plaintiff alleges that "[t]his individual is currently the Senior Director of Wireless Architecture at Apple[.]" (*Id.*) The proposed SAC generally suggests this knowledge was "transferred to Apple" when Apple hired former Intel and Infineon employees, and/or when Apple acquired Intel's mobile smartphone modem business in 2019. (*Id.*, Ex. 2 at ¶¶ 47, 67) The SAC does not expressly aver that Intel's former Head of Wireless System Engineering disclosed his knowledge of the Asserted Patents to others at Apple.

15. Assuming that the former Intel employee's knowledge of the Asserted Patents is attributed to Apple, the SAC still does not plead Apple's knowledge of infringement. *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 458 (D. Del. 2014); *see Entropic Commc'ns, LLC v. Comcast Corp.*, 2023 WL 9189317, at *7 (C.D. Cal. Nov. 20, 2023) ("[T]he Court is not convinced that [a named inventor's] personal knowledge from his prior employment can be imputed to Comcast as a whole," and even if it could, the allegations established knowledge of the patents but not knowledge of infringement). Plaintiff does not allege that any former Intel employee was aware of Apple's allegedly infringing products or that their responsibilities at Apple involved knowledge acquired at Intel. *ReefEdge*, 29 F. Supp. 3d at 458 (concluding it would not be reasonable to infer that the defendant had knowledge of the risk of infringement based on its deputy general counsel's previous employment with a company that marketed the patents-in-suit to the plaintiff); *see also NantWorks, LLC v. Niantic, Inc.*, 2021 WL 24850, at *8 (N.D. Cal. Jan. 4, 2021) (dismissing willfulness claim based on allegations that defendant hired former employees of a company related to plaintiff, and stating that inference of knowledge of patents and knowledge of infringement from those facts was "speculation.").

16. Finally, the SAC adds that Apple learned of the Asserted Patents and its infringement of those patents on July 6, 2021, when it received a copy of pleadings from

litigation Plaintiff was pursuing in the United Kingdom. (D.I. 216, Ex. 2 at ¶¶ 54-55, 69) Those pleadings included a claim chart comparing an iPhone 6s to European Patent 1926224, which has similar claims to the Asserted Patents. (*Id.*) But knowledge of a related patent is not sufficient to establish knowledge of the different claims in the Asserted Patents. *See LiTL LLC v. Lenovo (US), Inc.*, C.A. No. , 2022 WL 610739, at *8, 10 (D. Del. Jan. 21, 2022) (holding that knowledge of one patent was not sufficient to establish knowledge of related asserted patents). Because the claims of the European patent differ from those of the Asserted Patents, disclosure of the European patent is not sufficient to establish Apple's knowledge of its alleged infringement of the Asserted Patents.

17. Plaintiff submitted the proposed amended SAC with the benefit of fact discovery on the issue of willful infringement. (D.I. 73; D.I. 216) Fact discovery is now closed. (D.I. 158) Having determined that it would be futile to permit Plaintiff's willful infringement claim as stated in the proposed SAC, the court finds no basis for giving Plaintiff a fourth attempt to state a claim for willful infringement. Consequently, Plaintiff's motion for leave to amend is denied with prejudice.

18. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for leave to file the SAC is DENIED with prejudice. (D.I. 216) IT IS FURTHER ORDERED that the oral argument set in this matter for June 6, 2024 at 2:00 p.m. is CANCELLED.

19. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **May 29, 2024**, for review by the court, along with a motion supported by a declaration. Any argument

that portions of the Memorandum Order should be sealed must be supported by "a particularized showing of the need for continued secrecy" sufficient to overcome the strong presumption of public access to court records. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672, 675 n.10 (3d Cir. 2019) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**20.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**21.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge