# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOT POWER CONTROL, S.L. | |
| Plaintiff, | C.A. No. 21-1302-MN |
| v. | **PUBLIC VERSION OF D.I. 334**<br>**FILED: JANUARY 6, 2025** |
| APPLE INC. | |
| Defendant. | |

## DEFENDANT'S MOTION TO STRIKE UNTIMELY EXPERT OPINIONS OF LAWRENCE E. LARSON AND MARK CHANDLER

The Court should strike TOT's experts' new and previously undisclosed infringement and damages theories, presented for the first time in their reply expert reports. These theories were never previously disclosed in TOT's opening reports, contentions, or written discovery responses. Specifically, Apple moves to strike Dr. Larson's new opinions regarding: (1) purported infringement under the doctrine of equivalents ("DOE"), when TOT previously withdrew his DOE opinions as untimely; (2) purported infringement relating to alleged performance of method claims; and (3) purported infringement during the transition to 4G and after 3G networks shut down in 2022. Apple also moves to strike Mr. Chandler's new damages opinions regarding: (4) a "reasonable" royalty of over ███████, which is ███████████ ███ the royalty he disclosed in his opening report.

TOT's belated disclosures of new infringement and damages theories unfairly prejudices Apple. The *Pennypack* factors favor striking these four new opinions TOT improperly saved for its experts' reply reports. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977) (describing factors for excluding relevant evidence). By saving new opinions for reply reports: (1) TOT has denied Apple the opportunity to take relevant fact discovery and to serve responsive expert reports; (2) this prejudice cannot be cured given that the parties have already filed summary judgment motions and are preparing for trial; (3) the trial would be disrupted by permitting TOT's experts to rely on and testify about new theories that Apple has had no opportunity to explore during fact discovery or to rebut during expert discovery; and (4) the information TOT withheld until its reply reports is not critical or else TOT would have included it in opening reports. *See also Finjan, Inc. v. Rapid7, Inc.*, No. 18-1519-MN, 2020 WL 5798545, at *3-4 (D. Del. Sep. 29, 2020) (striking untimely opinions that left the movant with "two bad options: either scramble to have an expert respond . . . or offer no response and risk not preserving an opinion for trial if the [ ] Motion to Strike [is] denied.").

## I.      The Court Should Strike Dr. Larson's New DOE Infringement Theory.

In paragraphs 28-29, 36-38, 83, 91-93, 120, and 135 of his Reply report, Dr. Larson provides new DOE infringement opinions for the preambles of the '376 and '865 patents and limitation 1[a] of the '865 patent. Dr. Larson opines that the "differences" between the "infringing code" being a part of inner loop power control instead of claimed outer loop power control ("OLPC") "are a matter of box drawing and are insubstantial." Ex. 1, Reply at ¶ 28. When Dr. Larson presented similar DOE theories in his opening report (Ex. 2 at ¶¶ 115, 320), Apple objected and raised the dispute at the *Markman* hearing. Ex. 3, Tr. at 121:22-125:7. TOT admitted that it did not disclose DOE theories in its infringement contentions but claimed discovery justified adding late DOE theories to the case. *Id.* at 123:6-25. The Court ordered the parties to confer. *Id.* at 121:22-125:7. TOT later withdrew Dr. Larson's DOE opinions from his opening report with a reservation of rights "to have Dr. Larson opine in his Reply Report on aspects of the Court's constructions of terms that were not previously presented by the parties." Ex. 4 (Dewalt Oct. 7 and 9, 2024 emails). Dr. Larson opined on DOE again in his Reply report. Ex. 1 at *e.g.*, ¶ 28.

Because TOT concedes these DOE opinions were not disclosed in its contentions, the Court should strike these untimely DOE theories pursuant to Federal Rules of Civil Procedure 16(b)(4) (requiring good cause to amend scheduling order) and 37(c)(1). *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 13-1668-LPS, 2017 WL 658469, at *1, 5-6 (D. Del. Feb. 14, 2017) (striking new infringement theories in expert reports not disclosed in final infringement contentions); Ex. 5, *Vaxcel Int'l Co. Ltd. V. HealthCo LLC*, C.A. No. 20-224, D.I. 226 (D. Del. June 28, 2022) (applying good cause standard to late contentions); *Midwest Athletics & Sports*

*All. LLC v. Xerox Corp.*, 631 F. Supp. 3d 13, 43–44, 47, 49 (W.D.N.Y. 2022) (granting motion to strike expert theories and holding party cannot "circumvent" a lack of "diligen[ce] in seeking" leave to amend infringement contentions by "pursuing this undisclosed theory" in the expert's report) *aff'd*, No. 2023-1077, 2024 WL 2145756 (Fed. Cir. May 14, 2024).

The *Pennypack* factors, for the four reasons noted above, also support exclusion. *See, e.g., Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 502 (D. Del. 2019) (striking untimely doctrine of equivalents opinions raised in reply report and finding "opportunity to depose [expert] on his infringement theories" was not "sufficient to cure the prejudice," such as the inability "to assert different theories of non-infringement"). TOT lacks good cause to re-advance new DOE theories now that TOT previously withdrew them in its expert report, and never alleged them in infringement contentions. TOT's new, untimely DOE theories are based on claim constructions briefed and presented to the Court many months before opening expert reports were due. Indeed, at the *Markman* hearing, TOT conceded that defendants "definitely said the preamble is limiting" (Ex. 3, Tr. at 124:4-5). The Court ruled that the preambles of the asserted claims are limiting, thereby limiting the claims to outer loop power control. D.I. 297 at 6-8. TOT also conceded at the *Markman* hearing that "everybody agrees" on what "outer loop power control means." Ex. 3, Tr. at 8:5-9:18. TOT presented the agreed construction later adopted by the Court ("the process of setting $SIR_{target}$ to maintain a preset quality objective"), and the Court then asked the parties to confirm this construction is "consistent" with how the parties used the terms in expert reports, and TOT did not object. *Id.* at 9:22-10:5; D.I. 297 at 2. TOT's silence was not surprising, because TOT's expert already had addressed the Court's construction of OLPC in his opening expert report. Specifically, Paragraph 56 of Dr. Larson's opening report (submitted months before the Markman hearing) recited a meaning of OLPC that matches the Court's construction almost word-for-word: "Outer loop power control sets the desired $SIR_{target}$ to maintain a pre-set quality objective." Ex. 2, Opening Rpt. at ¶ 56 (citing '865 Patent at 2:33-36); *see also id.* at ¶¶ 111, 114-115, 315. Thus, TOT cannot rely on the Court's claim construction of OLPC to attempt to excuse introducing a new DOE theory for the first time in Dr. Larson's Reply expert report. TOT lacks good cause to add Dr. Larson's new DOE theory to the case late and at a time when Apple's expert can no longer respond, and the Court should strike Dr. Larson's untimely DOE opinions as a result.

## II.    The Court Should Strike Dr. Larson's New Method Claim Infringement Theory.

For the first time in his Reply report in paragraphs 16-17 and 118, Dr. Larson alleges that Apple devices infringe the asserted method claims based on publicly available statistics cited in Apple's damages expert's rebuttal report regarding the percentage of 3G networks that were UMTS/WCDMA 3G networks. All parties agree that 3G networks are the only networks on which the claimed method <u>could</u> be performed (because the asserted patents claim 3G functionality). However, before TOT served Dr. Larson's Reply expert report, TOT never claimed (in its infringement contentions or opening report) that Apple accused products performed the claimed methods simply because they operated on UMTS/WCDMA 3G networks (particularly where TOT has not claimed or proven its patents are essential to the 3G standard). Thus, this opinion based on publicly available information long available to Dr. Larson and TOT is untimely under FRCP 16(b)(4) and 37(c)(1) and should be stricken or, alternatively, excluded under the *Pennypack* factors for at least the four reasons above.

### III.    The Court Should Strike Dr. Larson's New "Transition To 4G Networks" And "Continued Infringement After 3G Networks Shut Down in 2022" Theories.

Dr. Larson's Reply expert report (at paragraphs 203-206) also presents new theories regarding how Apple accused products purportedly can continue to infringe after 3G networks shut down in 2022 and how 3G networks purportedly continue to add value.  It is undisputed that (1) all US carriers shut down their 3G networks in 2022, and many were transitioning to 4G well before that date, and (2) the asserted patents can only be infringed, if at all, on a 3G network.  Ex. 1, Reply at ¶¶ 16-17, 201-206.  The Court should strike or exclude under the *Pennypack* factors Dr. Larson's new, untimely opinions.

First, Dr. Larson newly opines that Apple accused devices continue to infringe in the United States because elsewhere in the world (such as in Australia and the United Kingdom) "3G networks continue to operate." Ex. 1, Reply at ¶ 203.  Setting aside the improper extraterritorial extension of its U.S. patents, nowhere in Dr. Larson's opening report or TOT's infringement contentions did TOT previously disclose an infringement theory based on accused products purportedly operating on foreign 3G networks.  Second, Dr. Larson newly opines that a technology called circuit-switch fallback, which according to Dr. Larson downgrades a call from a 4G to a 3G network under certain circumstances, caused continued infringement of the TOT patents even during the transition to and widespread adoption of 4G networks.  *Id.* at ¶¶ 204-206.  TOT never disclosed this theory, and all the material Dr. Larson cites to support it was published long before Dr. Larson's August 23, 2024 opening expert report was due.  *Id.*

### IV.    The Court Should Strike Mr. Chandler's New Reply Damages Theory.

In his opening report, Mr. Chandler opined that Apple owes TOT approximately ▮▮▮▮▮▮▮ in damages.  Ex. 6, Chandler Opening at ¶ 402, Corrected-Exhibit 8.  Mr. Chandler reached his opinion by calculating a percentage royalty rate from TOT's 2012 Technology and Services Agreement and applying that rate to all accused product revenue.  *Id.*  After Apple served a rebuttal damages report that criticized Mr. Chandler's analysis, he served a Reply expert report with a radical new damages theory—that Apple purportedly owes TOT ▮▮▮▮▮▮▮— which TOT relies on to oppose Apple's *Daubert* motions.  D.I. 327 at 32-37.  That figure is ▮▮▮▮▮▮▮▮▮▮▮▮ the royalty disclosed in Mr. Chandler's opening report and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Ex. 7, Chandler Reply at ¶¶ 118-121, 132, Ex. 12.  Notably, Mr. Chandler's new opinion was derived from information he already had when preparing his opening report.

Indeed, Mr. Chandler conceded at his deposition that he could have performed the ▮▮▮▮▮▮▮ royalty calculation in his opening report.  Ex. 8, Chandler Tr. at 172:8-13; *see also* D.I. 327 at 35 n. 10 (TOT acknowledging that Mr. Chandler could have, but did not, perform this "calculat[ion]" in his opening report).  He claimed he provided this new calculation because Apple's expert criticized his failure to apportion.  *Id.* at 162:18-164:7.  But Mr. Chandler did not merely respond to that criticism; instead, he created an entirely new damages theory to try and make his initial, flawed calculation seem reasonable by comparison.  TOT bears the burden of proof on damages, and Mr. Chandler should have disclosed his ▮▮▮▮▮▮ damages opinion in his opening report, when Apple's expert could respond.  The Court should exclude Mr. Chandler's untimely damages theory as a result.  *Sunovion Pharms. Inc. v. Dey Pharma., L.P.*, No. 06-113-LPS, 2012 WL 6858144, at *2 (D. Del. Jan. 27, 2012) (striking opinions in expert's reply report not timely disclosed in opening report).

Date: December 23, 2024

*Of Counsel:*                                                    **DLA PIPER LLP (US)**

Erin Gibson (admitted *Pro Hac Vice*)              */s/ Brian A. Biggs*
Tiffany Miller (admitted *Pro Hac Vice*)            Brian A. Biggs (DE Bar No. 5591)
Peter P. Maggiore (admitted *Pro Hac Vice*)      Erin E. Larson (DE Bar No. 6616)
**DLA PIPER LLP (US)**                             1201 North Market Street, Suite 2100
4365 Executive Dr., Suite 1100                      Wilmington, DE 19801-1147
San Diego, CA 92121                                 Telephone: (302) 468-5700
Telephone: (619) 699-2700                           Facsimile: (302) 394-2341
erin.gibson@us.dlapiper.com                         brian.biggs@us.dlapiper.com
tiffany.miller@us.dlapiper.com                      erin.larson@us.dlapiper.com
peter.maggiore@us.dlapiper.com

                                                    *Attorney for Defendant Apple Inc.*
Michael Strapp (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: (717) 406-6000
michael.strapp@us.dlapiper.com

1615287075

# EXHIBIT 1

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOT POWER CONTROL, S.L.,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | C.A. No. 21-cv-1302-MN |

**REPLY EXPERT REPORT OF LAWRENCE E. LARSON
REGARDING INFRINGEMENT**

Submitted this 22nd day of October, 2024.

By: _____
        Lawrence E. Larson, Ph.D.

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

## V.    RESPONSE TO DR. STARK'S NONINFRINGEMENT OPINIONS REGARDING THE '865 PATENT

13.    As discussed in my Opening Report on Infringement, it is my opinion that the Apple/Qualcomm Accused Products and Apple/Intel Accused Products infringe the asserted claims of the '865 Patent.  Dr. Stark's opinions to the contrary are not convincing.

14.    I note that for each claim step, Dr. Stark asserts that alleged prior art Qualcomm code performed those claim steps.  For example, Dr. Stark repeatedly states with respect to various elements of the '865 claims that the accused functionality was present in "the Qualcomm Prior Art Modem," which he also refers to as the Qualcomm MSM6250/Saber chipset and software.  *See, e.g.*, Stark Rebuttal, ¶¶ 93, 117, 133, 143, 152, 159, 173.  The alleged Qualcomm prior art does not disclose all elements of the Asserted Claims of the '865 Patent as described in detail in § X of my Rebuttal Report on Validity, served October 1, 2024.  For example, as described below in § V.A.1.g, MSM6250/Saber does not perform at least claim element **[1.f]** of the '865 Patent.

15.    As well, it is my understanding that Apple has stated that it will not rely on prior Qualcomm products as prior art in this case.  Moreover, these and other portions of the Rebuttal Report asserting that various steps are within the prior art are not responsive to any opinions I provided in my Opening Report.  In any event, for all the reasons I previously stated in § X of my Rebuttal Report on Validity, it is my opinion that the Qualcomm Prior Art Modem does not disclose all elements of the Asserted Claims of the '865 Patent.

16.    Dr. Stark asserts that I have not sufficiently shown infringement of the method claims of the '865 Patent by any of the Apple/Qualcomm Accused Products or Apple/Intel Accused Products because infringement of those claims requires use of the product in a UMTS/WCDMA network, and I did not show that any of accused products were necessarily used in a UMTS/WCDMA network.  However, I note that Apple's damages expert, Mr. Bakewell, has

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

acknowledged in his October 1, 2024 Rebuttal Expert Report Regarding Damages that in the U.S. the four major cellular service providers with 3G networks were Verizon, Sprint, AT&T, and T-Mobile. *See* Bakewell Report, ¶ 83. Mr. Bakewell states that "[t]ogether, Verizon, Sprint, AT&T, and T-Mobile were the leading cellular service providers in the United States, comprising over 90% of subscribers since 2011 and 99% of subscribers in each year since 2021." *Id.* Mr. Bakewell further states:

> In the United States, Verizon and Sprint (now owned by T-Mobile) used CDMA2000, and AT&T and T-Mobile used WCDMA. In the 2015 through 2019 timeframe, wireless 3G mobile service in the United States was split approximately 50/50 between CDMA2000 and WCDMA. In 2015, CDMA2000 operators Verizon and Sprint comprised approximately 34% and 16% of connections, respectively. WCDMA operators AT&T and T-Mobile comprised approximately 34% and 16% of connections.

*Id.* at ¶ 85. This is consistent with my understanding of the relative prevalence of CDMA2000 and WCDMA networks in these time periods. The accused method was performed each and every time a call was placed or received via a WCDMA network.

17.    Given that roughly 50% of the 3G networks in the U.S. were WCDMA networks in the 2015 through 2019 timeframe, a large proportion of the accused products operated on a WCDMA network, and therefore performed the infringing method. In addition, as I discuss in more detail in § VIII.E below, voice calls over 4G (LTE) networks can sometimes be downgraded to 3G through a process called Circuit Switched Fallback (CSFB). Thus, it is possible for accused products operating in 4G networks to occasionally switch over to communicating over a WCDMA network as a backup under certain conditions.

18.    In addition, I note that asserted claims 5, 6, 7, 8, 10, and 12 of the '865 Patent are product claims, rather than method claims, and thus it is irrelevant whether the Apple/Qualcomm Accused Products or Apple/Intel Accused Products were ever actually used on a UMTS/WCDMA

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

Report and reiterate below in § V.A.1.c, ███████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████ █████████████████████████████████████████████████████████████

████████████ ███████████████████████████████████ ████████████████████████

████████ and is part of outer loop power control under the Court's construction.

28.     Finally, to the extent that relevant portions of the infringing code are deemed exclusively part of the inner loop—which they are not—and that the claim preamble excludes any element that is not wholly within the outer loop—which it does not—the differences are a matter of box drawing and are insubstantial.  Inner and outer loop are both part of a broader power control algorithm and are highly interrelated. ███████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ Thus, whether particular functions fall within one area of code or another they nonetheless are part of a cohesive system.

29.     The infringing code performs the same function as "outer loop power control," as its purpose is the same: ███████████████████████ ████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████ ████████████████████████████████████████

████████ ████████████████████████████████████████████████████████████████

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information



. Thus, in my opinion if it is found that the code identified as infringing is excluded from the outer loop code, the Apple/Qualcomm Accused Products nonetheless infringe under the doctrine of equivalents. Dr. Stark's bare assertion that the '865 Patent states its purpose is to control power through the outer loop, (Stark Rebuttal at ¶ 106), does not make the differences substantial. Indeed, the '865 Patent is directed to an improvement fundamentally of the outer loop: setting the SIR$_{target}$ for the inner loop. That the Apple/Qualcomm Accused Products

30.     As a result, the Apple/Qualcomm Accused Products meet the preambles of claims 1 and 5 of the '865 Patent.

> **b)     [1.a] estimating a desired signal to interference ratio received (SIRrec) based on a data signal (107, 108) received from a base station (102, 103) or mobile station (104)**
>
> **[5.a] estimating a desired signal to interference ratio received (SIRrec)based on a data signal (107, 108) received from a base station (102, 103) or mobile station (104)**

31.     I disagree with Dr. Stark's opinion that the Apple/Qualcomm Accused products do not satisfy claim elements **[1.a]** and **[5.a]** of the '865 Patent. Dr. Stark primarily takes issue with whether the Apple/Qualcomm Accused Products

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

██████████████████████    ████    █████    ███████    ████████    ████    ██████████

██████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████ █

███████████████████████████████████████████████████████. Thus, the Apple/Qualcomm

Accused Products meet this limitation.

35.     Dr. Stark asserts that this functionality is not within the outer loop, simply because

██████████████████████████████████████████████████████████████████████. Stark Rebuttal

at ¶ 114. As described above with respect to the preamble, Dr. Stark's interpretation of the Court's

construction is incorrect overall and with respect to claim elements **[1.a]** and **[5.a]**. *See* § V.A.1.a,

above. Moreover, Dr. Stark cites no authority that the Court's construction of "outer loop power

control" requires that the functionality be part of any particular file or device. Measuring the

received SIR is a fundamental part of "the process of setting $SIR_{target}$ to maintain a pre-set quality

objective." That process includes the detection of "outer loop wind-up" which the Court has

construed to mean "an outer loop condition or mode, that occurs outside of normal mode, wherein

the ***signal to interference ratio received (SIR_{rec}****)*** does not follow the desired signal to interference

ratio target (SIR$_{target}$)." Measuring $SIR_{rec}$ is a basic element of detecting outer loop windup and so

is part of the process of the outer loop. As a result, the Apple/Qualcomm Accused Products

perform this element as part of an outer loop power control method or device.

36.     The Court's claim construction of "outer loop power control" requires only that the

steps of the method are part of "the process of setting $SIR_{target}$ to maintain a pre-set quality

objective." However, Dr. Stark's argument (while not referring to this construction) appears to

assert that "the process of setting $SIR_{target}$ to maintain a pre-set quality objective" excludes any

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

functionality that is part of the inner loop.  As described above, that is incorrect.  However, to the extent that relevant portions of the infringing code described above are deemed exclusively part of the inner loop—which they are not—and that the claim preamble excludes any element that is not wholly within the outer loop—which it does not—the differences are a matter of box drawing and are insubstantial.  Inner and outer loop are both part of a broader power control algorithm and are highly interrelated.  ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████.  Thus, whether particular functions fall within one area of code or another they nonetheless are part of a cohesive system.

37.    ███████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████

End CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

38.     Thus, in my opinion if it is found that the code identified as infringing is excluded from the outer loop code, the Apple/Qualcomm Accused Products nonetheless infringe under the doctrine of equivalents based on the Court's claim construction of "outer loop power control" as "the process of setting $SIR_{target}$ to maintain a pre-set quality objective."  The Apple/Qualcomm Accused Products perform the same function of estimating a desired SIRrec during "the process of setting $SIR_{target}$ to maintain a pre-set quality objective," in the same way, and with the same result.  And the differences between the Apple/Qualcomm Accused Products and Dr. Stark's incorrect interpretation of the Court's construction of "the process of setting $SIR_{target}$ to maintain a pre-set quality objective" to exclude inner loop functionality are in reality insubstantial. Deciding what is inner loop versus outer loop is merely a line-drawing exercise that is immaterial to the operation of the Accused Products.

c)     **[1.b] setting a desired signal to interference ratio target (SIR$_{\text{target}}$) that is close to a signal to interference ratio required (SIR$_{\text{rec}}$) during the normal mode of the outer loop**

**[5.b] setting a desired signal to interference ratio target (SIR$_{\text{target}}$) that is close to a signal to a signal to interference ratio required (SIR$_{\text{req}}$) during the normal mode of the outer loop**

39.     Dr. Stark asserts that I did not demonstrate that the Apple/Qualcomm Accused Products set a desired $SIR_{target}$ that is "close to a $SIR_{req}$" during the normal mode of the outer loop. Dr. Stark ignores the evidence that I provided regarding these claim elements.  First, Dr. Stark argues that the Apple/Qualcomm Accused Products "███████████████████████" Stark Rebuttal, ¶ 119.  Nothing in the claims requires setting a $SIR_{req}$, and so this criticism is irrelevant.  Second, it is clear that the Apple/Qualcomm Accused Products perform the step of setting a desired signal to interference ratio target that is close to a signal to interference ratio required during the normal mode of the outer loop.  Indeed, it is a fundamental aspect of an OLPC algorithm to perform this

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

1. **The Apple/Intel Accused Products Infringe Claims 1 and 5 of the '865 Patent**

a) **[1.pre] Outer loop power control method for wireless communications systems, based on CDMA technology, the method comprising**

**[5.pre] An outer loop power control device for wireless communications systems, comprising at least one programmable electronic device, the programmable electronic device operable to perform the steps of**

82. I disagree with Dr. Stark that the Apple/Intel Accused Products do not meet the preambles of claims 1 and 5 of the '865 Patent.

83. Dr. Stark reiterates his opinion that the element of estimating a desired $SIR_{rec}$ is not part of an outer loop power control method, based the Court's construction of the preamble as limiting. For the same reasons as described above in §§ V.A.1.a and V.A.1.b, Dr. Stark is incorrect.

84. As a result, the Apple/Intel Accused Products meet the preambles of claims 1 and 5 of the '865 Patent.

b) **[1.a] estimating a desired signal to interference ratio received (SIRrec) based on a data signal (107, 108) received from a base station (102, 103) or mobile station (104)**

**[5.a] estimating a desired signal to interference ratio received (SIRrec)based on a data signal (107, 108) received from a base station (102, 103) or mobile station (104)**

85. I disagree with Dr. Stark's opinion that the Apple/Intel Accused Products do not satisfy claim elements **[1.a]** and **[5.a]** of the '865 Patent.

86. Dr. Stark takes various issues with my identification of the Apple/Intel Accused Products' performance of "estimating a desired signal to interference ratio received (SIRrec) based

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

detail with claim element **[1.c]** below. *See e.g.,* APPLE_INTEL_000007 at l. 1052; *see also* Afzal Ahmad Deposition (3/19/2024) at 101:9-104:13 ("███████████████████████████████████████████████████████████████████████████████████████ ███"). Thus, even if considered an inner loop function, it is still part of the outer loop power control method/device of the claims as construed by the Court.

91.     Again, Dr. Stark (while not referring to the Court's actual construction of "outer loop power control") appears to assert that "the process of setting SIR$_{target}$ to maintain a pre-set quality objective" excludes any functionality that is part of the inner loop. As described above, that is incorrect. However, to the extent that relevant portions of the infringing code for ██████ ███ ████████████████████████████████████—which they are not—and that the claim preamble excludes any element that is not wholly within the outer loop—which it does not—the differences are a matter of box drawing and are insubstantial. Inner and outer loop are both part of a broader power control algorithm and are highly interrelated. Thus, whether particular functions fall within one area of code or another they nonetheless are part of a cohesive system.

92.     The infringing code performs the same function of "███████████████████ ████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████ █████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████ █████████████████████████ ███████████████████████████████████████████████████████████ ██████ ████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████ ██ ███████████ ███████████████████████████████████.

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

93.     Thus, in my opinion if it is found that the code identified as infringing is excluded from the outer loop code, the Apple/Intel Accused Products nonetheless infringe under the doctrine of equivalents based on the Court's claim construction of "outer loop power control" as "the process of setting $SIR_{target}$ to maintain a pre-set quality objective."   The Apple/Intel Accused Products perform the same function of ██████████████████████████████ ██████ ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ ███ ██████████████████████ ████████████████████████████████████. Deciding what is inner loop versus outer loop is merely a line-drawing exercise that is immaterial to the operation of the Accused Products.

94.     As a result, it is my opinion that the Apple/Intel Accused Products perform claim elements **[1.a]** and **[5.a]**.

       c)       **[1.b] setting a desired signal to interference ratio target (SIR_target) that is close to a signal to interference ratio required (SIR_rec) during the normal mode of the outer loop**

              **[5.b] setting a desired signal to interference ratio target (SIR_target) that is close to a signal to a signal to interference ratio required (SIR_req) during the normal mode of the outer loop**

95.     I disagree with Dr. Stark's opinion that the Apple/Intel Accused Products do not satisfy claim elements **[1.b]** and **[5.b]** of the '865 Patent.

96.     Dr. Stark recognizes that the code and the information I cited relates to ████████ ██████████████████████████████. Stark Rebuttal at ¶ 236.  Strangely, Dr. Stark asserts that ████████████████████████████████████. Not so, as the ████████████████████

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

## VI.    RESPONSE TO DR. STARK'S NONINFRINGEMENT OPINIONS REGARDING THE '376 PATENT

117.    As discussed in my Opening Report on Infringement, it is my opinion that the Apple/Qualcomm Accused Products infringe the asserted claims of the '376 Patent.  Dr. Stark's opinions to the contrary are not convincing.

118.    Dr. Stark asserts that I have not sufficiently shown infringement of method claim 1 of the '376 Patent by any of the Apple/Qualcomm Accused Products because infringement of that claim requires use of the product in a UMTS/WCDMA network, and I did not show that any of accused products were necessarily used in a UMTS/WCDMA network.  As I discussed in § V above, however, Apple's own damages expert, Mr. Bakewell, acknowledges that roughly 50% of the 3G networks in the U.S. were WCDMA networks in the 2015 through 2019 timeframe.  Based on these numbers, a large proportion of the accused products operated on a WCDMA network, and therefore performed the infringing method.

119.    In addition, I note that asserted claims 6-9, 11, and 13 of the '376 Patent are product claims, rather than method claims, and thus it is irrelevant whether the Apple/Qualcomm Accused Products were ever actually used on a UMTS/WCDMA network.  The Apple/Qualcomm Accused Products infringe the product claims by virtue of the fact that they include functionality that meets all the elements of the claims, regardless of how the products are actually used.

### A.    The Apple/Qualcomm Accused Products Infringe Claims 1, 6, and 13 of the '376 Patent

#### 1.    Preambles of Claims 1, 6, and 13, and element [13.a]

**[1.pre] Outer loop power control method for wireless communications systems which based on a data signal (107, 108) received, coming from a base station (102, 103) or from a mobile station (104), comprises the following phase**

**[6.pre] An outer loop power control apparatus for wireless communications systems, comprising at least one programmable**

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

**electronic device the programmable electronic device operable to, based on a data signal received from a base station or from a mobile station, perform the steps of 13.pre] A mobile station for wireless communications systems, comprising an outer loop power control apparatus the apparatus comprising:**

**[13.pre] A mobile station for wireless communications systems, comprising an outer loop power control apparatus the apparatus comprising:**
**[13.a] at least one programmable electronic device, the programmable electronic device operable to, based on a data signal received from a base station or from a mobile station, perform the steps of**

120.    I disagree with Dr. Stark's opinion that the Apple/Qualcomm Accused Products do not satisfy the preamble of the asserted claims of the '376 Patent. First, Dr. Stark argues that the Apple/Qualcomm Accused Products do not satisfy the preamble because the preamble includes the limitation "outer loop power control," and Dr. Stark contends that some of the infringing functionality in the Apple/Qualcomm Accused Products that I have identified is actually performed as part of inner loop, rather than outer loop, power control. Stark Rebuttal, ¶¶ 317-320. This is essentially the same argument that Dr. Stark raised with respect to the preamble of the '865 claims. But as I discussed in § V.A.1.a above, Dr. Stark has misapplied the Court's claim construction regarding the claim preambles and the term "outer loop power control" within the preambles. The arguments I already made in § V.A.1.a therefore apply equally here. As I understand it, there is nothing in the Court's claim construction of the claim preambles or "outer loop power control" that requires all steps of the claimed methods to be performed by the outer loop. Thus, the possibility that some of the infringing functionality may be performed by inner loop processes in the Apple/Qualcomm Accused Products does not negate infringement. Rather, as I discussed above in § V.A.1.c., ███████████████████████████████ in the Apple/Qualcomm Accused Products meets the Court's construction of "outer loop power control" because it is a "process of setting SIR$_{target}$ to maintain a pre-set quality objective," where ██████

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

███████████████████████████ (as explained in § VI.C.1 of my Opening Report as well as below).

121.    Dr. Stark also argues that the Apple/Qualcomm Accused Products do not satisfy the preamble because the preambles refer to a "data signal" that is received, and Dr. Stark asserts that ████████████████████████████████████████████████████████████ ███████" Stark Rebuttal, ¶ 321.  This argument fails for several reasons.  First, I understand that the Court did not rule that the term "data signal" in the '376 claim preambles is limiting.  Rather, the only part of the claim preambles that the Court held to be limiting is phrase "outer loop power control."  *See* the Court's 10/15/24 Memorandum Order at 2-3.  Thus, Dr. Stark incorrectly assumes that "data signal" in the preambles of '376 claims 1 and 6 is a limitation of the claims.

122.    In addition, even where "data signal" is a limitation in the claims, such as in the first element of '376 claim 13, I disagree with Dr. Stark's opinion that the ██████████████ ████████████████████████████████████████████████████████."  There is nothing in the language of the '376 claims or the Court's claim constructions that requires the "data signal" of the claims to ████████████.  Moreover, Dr. Stark concedes that ████████ ████████████████████████.  *See* Stark Rebuttal, ¶¶ 47-49, 321.  In my opinion, a POSITA would understand that █████████████████████████ are "data signals" under the plain and ordinary meaning of that term.  The plain and ordinary meaning of "data signal" is a signal that contains data, and ████████████████ is certainly data.

**2.    [1.a] [6.a] [13.b] establishing a target block error rate (BLER$_{target}$)**

123.    I disagree with Dr. Stark's opinion that the Apple/Qualcomm Accused Products do not satisfy elements **[1.a]**, **[6.a]**, and **[13.b]** in '376 claims 1, 6, and 13, respectively, which recite "establishing a target block error rate (BLER$_{target}$)."  Dr. Stark argues that in WCDMA networks it is the network that establishes the target block error rate, not the accused product (the mobile

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

"calculating an estimate (701) of a desired signal to interference ratio ($SIR_{rec}$) and of some fading parameters in a channel (706) which characterize the data signal (107, 108) received." I understand that the Court has now construed "some fading parameters" to mean "one or more fading parameters." As I discussed in my Opening Report, under this construction the Apple/Qualcomm Accused Products satisfy this element. *See* Opening Report, ¶¶ 335-352.

134. First, I do not understand Dr. Stark's disagreement with my opinion that the Apple/Qualcomm Accused Products comply with the 3G standards. *See* Stark Rebuttal, ¶ 342. I already discussed in my Opening Report the evidence from Apple's own documents showing that the Apple/Qualcomm Accused Products comply with the 3G standards, as would be expected of products that are sold to consumers for use on 3G networks. *See, e.g.*, Opening Report, ¶¶ 110. Also, I note that Dr. Stark has not presented any evidence suggesting that the Apple/Qualcomm Accused Products do not comply with the 3G standards.

135. In addition, to the extent Dr. Stark argues that the standards documents I rely on show that this "calculating an estimate" step is occurring in the inner versus outer loop, his argument fails because the claims do not require that all steps of the method be performed by the outer loop for the reasons I discussed in § V.A.1.a above.

136. Dr. Stark also incorrectly criticizes my reliance on 3G standards documents to support my opinion that the Apple/Qualcomm Accused Products practice the step of "calculating an estimate (701) of a desired signal to interference ratio ($SIR_{rec}$)." I note that in his opening report on invalidity, Dr. Stark himself relies on the same standards documents to argue that this step was already known in the prior art. Specifically, in his invalidity report, Dr. Stark argues that "[t]he WCDMA standard at the time of the invention describes the estimation of the received signal to

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

201.    I also understand that Dr. Stark and Mr. Bakewell have opined that the value of the Asserted Patents is limited because they relate to 3G networks, which began to be replaced by 4G (LTE) networks in the U.S. starting around 2010 as 4G networks began to be implemented by cellular service providers in the U.S.  I disagree.

202.    While it is true that 4G networks were beginning to be implemented in the U.S. starting in 2010, WCDMA networks were still prevalent in the U.S., and continued to operate along with 4G networks for many years, including between 2011 and 2016 (the time period covering the parties' asserted dates for the hypothetical negotiation).  In fact, wireless carriers in the U.S. continued to operate 3G networks in the U.S. until the end of 2022. *See* June 30, 2022 PCMag article, "The 3G Shutdown: How Will It Affect Your Phone?" (TOT00214542-TOT00214552).  This explains why even the newer releases of the Apple/Qualcomm Accused Products have continued to include functionality for operating on 3G networks, to ensure that the products can perform roaming between networks as they travel through the coverage areas of different networks.

203.    In addition, even though the last 3G network in the U.S. was shut down at the end of 2022, 3G networks have continued to operate in other countries after that date.  For example, 3G networks continue to operate in Australia and are not scheduled to be shut down until the end of October 2024.  *See* Australian Government Department of Infrastructure, Transport, Regional Development, Communications and the Arts web page, "3G network switch off," available at https://www.infrastructure.gov.au/media-communications-arts/phone/mobile-services-and-coverage/3g-network-switch.  And 3G networks continue to operate in the United Kingdom, and are expected to continue operating through at least 2025.  *See* O2 web page, "Saying goodbye to 3G," available at https://www.o2.co.uk/inspiration/the-drop/get-ready-for-the-3g-switch-

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

off#:~:text=As%20part%20of%20our%20network,by%202033%20at%20the%20latest.    Thus, 3G functionality remains an important feature for mobile devices even today so that devices can perform roaming on 3G networks overseas.

204.    Also, for many years after the introduction of 4G (LTE) networks, a high percentage of voice calls were downgraded to 3G through a process called Circuit Switched Fallback (CSFB), as Voice over LTE (VoLTE) coverage was not fully deployed and many devices were not yet compatible with it.  Therefore, 3G voice usage remained fully active and at high capacities for many years after the arrival of 4G (LTE).  *See* Qualcomm White Paper, *Circuit-switched fallback to 1x voice: Network architecture, options and performance* (January 2013); Itsuma Tanaka *et al.*, *CS Fallback Function for Combined LTE and 3G Circuit Switched Services*, NTT DOCOMO Technical Journal Vol. 11, No. 3 (2009); Bautista, Jose E. Vargas, *et al.*, *Performance of CS Fallback from LTE to UMTS*, IEEE Communications Magazine, 51(9), at 136-143 (2013).

205.    CSFB was standardized by the 3GPP by 2013.  *See* Bautista, Jose E. Vargas, *et al.*, *Performance of CS Fallback from LTE to UMTS*, IEEE Communications Magazine, 51(9), at 136 (2013).  Estimates of the prevalence of CSFB are available in the literature.  For example, a 2018 paper from the Second International Balkan Conference on Communications and Networking reported that, in that year, CSFB was the most widely used method for handling voice traffic over LTE networks.  *See* Bujar Krasniqi *et al.*, *VoLTE Performance Analysis and Evaluation in Real Networks*, Second International Balkan Conference on Communications and Networking Podgorica, Montenegro, June 6-8, 2018 at 1 ("The cellular communications industry has witnessed extensive growth since the mid of 1990's.  The demand for higher speeds and better Quality of Experience (QoE) in mobile communications network is continually increasing.  Long-Term

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

Evolution (LTE) supports only packet-switched network across an all-IP system, whereas previous cellular networks GSM or UMTS support both packet- and circuit switched network.  In the beginning of LTE deployment, all voice traffic is handled by legacy Circuit-Switched (CS) networks, while data traffic is handled by LTE packet-switched networks.  Some solutions have been proposed in order to deliver voice services in LTE. In practice mostly it is used the so-called Circuit Switched Fall Back (CSFB) approach, which enables voice transmission in LTE via legacy networks.").  Thus, 3G networks remained important for many years as a supporting technology for 4G services.

206.    Other references make clear that CSFB was in widespread use even to the present. *See* Ratul, R.H., *et al.*, *Performance Comparison Between VoLTE and non-VoLTE Voice Calls During Mobility in Commercial Deployment: A Drive Test-Based Analysis*, 10th International Conference on Electrical Engineering, Computer Science and Informatics (EECSI), September 2023, at 446-452 (September 2023) ("By implementing VoLTE technology, mobile network operators no longer need to dedicate separate circuit-switched (CS) services for voice and data, thereby simplifying their network infrastructure and reducing operational costs [4]."); Kaikkonen, P., *Integration test environment for 5G mobile software modules,* Master's thesis (May 2024), at 9 ("Since the LTE and subsequent technologies do not include a circuit-switched domain for voice calls, voice has to be delivered by other means.  For years, operators have continued to rely on the already existing and widely present circuit-switched domain of 2G and 3G networks and Circuit-Switched Fallback (CSFB) mechanisms as a transitional solution to provide voice services using these legacy networks.  An LTE network with Circuit-Switched Fallback redirects a mobile device to a circuit-switched 2G or 3G core network to originate and receive voice calls. The adoption of this interim solution has given network operators time to evaluate their options for future voice

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

services and allowed them to postpone massive investments that new generation technologies require."); *id.* at 10 ("However, limited coverage of 5G networks as well as delayed deployment of VoNR technology to operators' core networks call for a transitional solution, especially if legacy CSFB solutions might no longer be in operation in the near future.").

### D.    Date of First Infringement

207.    Dr. Stark criticizes my analysis of the date of first infringement for not reviewing the source code of the iPhone 4S and for not performing a limitation-by-limitation analysis. Stark Rebuttal at ¶ 453.  However, reviewing that source code is not necessary.  Dr. Stark provides his opinion in the Rebuttal that the alleged prior art Qualcomm chips (on which the chip in the 4S was based) performed all elements of the '865 Patent.  I disagree with Dr. Stark that those earlier chips performed claim element **[1.f]**, but as discussed in my opening report, it is apparent that that element was added in the iPhone 4S in or around October 2011.

208.    As I stated in my opening report,



# EXHIBIT 2

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

TOT POWER CONTROL, S.L.,

        Plaintiff,

    v.

APPLE INC.,

        Defendant.

C.A. No. 21-cv-1302-MN

## OPENING EXPERT REPORT OF LAWRENCE E. LARSON
## REGARDING INFRINGEMENT

Submitted this 23rd day of August, 2024.

By: _____

    Lawrence E. Larson, Ph.D.

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

2007) at 18.  The need to control transmission can be illustrated in a real-world scenario by the "cocktail party problem," which was well-expressed by Vesa Hasu in a 2007 PhD thesis:

> A famous source separation metaphor is the so-called cocktail party problem, wherein several people are talking simultaneously at a cocktail party and one is trying to follow a single discussion. If somebody does not hear the speech well enough, the speaker must increase the volume. Unfortunately, this simultaneously increases the interference in other discussions at the cocktail party and the other parties have to increase their volume also. To avoid this upward spiral being realised in multiple access radio communication, transmission power control must be used.

*Id.* at 2.

55.      As the '865 Patent describes, there are three procedures for implementing power control in a WCDMA system: (1) open loop, (2) closed or inner loop, and (3) outer loop.  '865 Patent at 2:12-46.  In open loop, at the start of a connection the base station estimates power loss in the uplink/downlink and adjusts its transmission power accordingly.  '865 Patent at 2:14-17.  In closed or inner loop, the receiver compares the value of the desired signal-to-interference ratio received (SIR$_{rec}$) to a desired signal to interference ratio target that the receiving device has determined would provide optimal call quality (SIR$_{target}$).  '865 Patent at 2:21-25.  If the SIRrec is above or below the SIR$_{target}$, the receiver sends power control bits (e.g. TPC commands) to the base station requesting that the downlink power be increased or reduced by a certain value.  '865 Patent at 2:27-29.  Finally, the transmitter increases or decreases power by that amount.  '865 Patent at 2:31-32.

56.      Outer loop power control sets the desired SIR$_{target}$ to maintain a pre-set quality objective.  '865 Patent at 2:33-36.  Criteria for the quality may include frame error rate (FER), bit error rate (BER) or a block error rate (BLER).  '865 Patent at 2:36-37; Harri Holma & Antti Toskala, *WCDMA for UMTS: Radio Access for Third Generation Mobile Communications*, John Wiley & Sons, Ltd (2004) at 57 ("Outer loop power control adjust the SIR setpoint in the base

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

station according to the needs of the individual radio link and aims at constant quality, usually defined as a certain target bit error rate (BER) or block error rate (BLER).").  An equivalent alternative quality measure could be to use a bit error rate, such as one derived from received TPC commands.  *See, e.g.*, R1-050066, TSG-RAN Working Group 1 Meeting #40, February 14-18, 2005 (TOT00155727-30).  If the received error rate is greater than the target error rate, the call quality is degraded.  '865 Patent at 2:54-61.  In that event, the OLPC algorithm increases the desired $SIR_{target}$ to try and reach the target quality criterion.  '865 Patent at 2:60-3:2. The OLPC algorithm continues to increase the $SIR_{target}$ until the desired error rate is achieved. '865 Patent at 3:3-5. If SIRrec is higher than required, the receiver will then lower the SIRtarget and send commands to the base station to note that it needs less power.  '865 Patent at 3:8-27.  A picture of the overall power control loop is reproduced here:



Fig. 3.1: A sketch of the general components in the PC loop.

*Radio Resource Management in Wireless Communication: Beamforming, Transmission power Control, and Rate Allocation*, Hasu (June 2007) at 21.

57.    Inner loop power control and outer loop power control are interrelated as described below:

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

APL-TOTDDE_00693077.  *See also* APL-TOTDDE_00690652 (iPhone 13 Pro Max Technical Specifications: "CDMA EV-DO Rev. A (800, 1900 MHz) … UMTS/HSPA+/DC-HSDPA (850, 900, 1700/2100, 1900, 2100 MHz)"); APL-TOTDDE_00693112 (iPad (6th generation) - Technical Specifications).

# WCDMA (Wideband Code Division Multiple Access)

UMTS standard for 3G digital mobile networks, using CDMA technology. It is the evolution path for GSM and EDGE to UMTS and offers increased voice capacity and theoretical peak data speeds of up to 2 Mbps. The 3GPP task group continues to work on the evolution of WCDMA toward 4G and has defined a series of evolutionary steps:

https://www.gartner.com/en/information-technology/glossary/wcdma-wideband-code-division-multiple-access#:~:text=Division%20Multiple%20Access)-,WCDMA%20(Wideband%20Code%20Division%20Multiple%20Access),of%20up%20to%202%20Mbps.

111.   The 3G standards, with which the Apple/Qualcomm Accused Products are advertised to comply, provide for methods of outer loop power control.  For example, the UMTS (also referred to as WCDMA) requirements for outer loop power control are described in the following 3G technical specifications:

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

## 14.9s   Downlink power control

### 14.9.1   Generalities

This function is implemented in the UE in order to set the SIR target value on each CCTrCH used for the downlink power control. This SIR value shall be adjusted according to an autonomous function in the UE in order to achieve the same measured quality as the quality target set by UTRAN. The quality target is set as the transport channel BLER value for each transport channel as signalled by UTRAN.

When transport channel BLER is used the UE shall run a quality target control loop such that the quality requirement is met for each transport channel, which has been assigned a BLER target.

The UE shall set the SIR target when the physical channel has been set up or reconfigured. It shall not increase the SIR target value before the power control has converged on the current value. The UE may estimate whether the power control has converged on the current value, by comparing the averaged measured SIR to the SIR target value.

ETSI TS 125 331 V10.20.0 (2016-08) § 14.9.1 (TOT00000415-2340 at TOT00002240).

### 7.2.4.8   RF power control

This group of functions controls the level of the transmitted power in order to minimise interference and keep the quality of the connections. It consist of the following functions: UL Outer Loop Power Control, DL Outer Loop Power Control, UL Inner Loop Power Control, DL Inner Loop Power Control, UL Open Loop Power Control and DL Open Loop Power Control.

ETSI TS 125 401 V4.2.0 (2001-09) § 7.2.4.8 (TOT00000375-414 at TOT00000398).

Responding to a downlink TPC command, the UE shall change its uplink DPCH output power at the beginning of the first uplink pilot field after the TPC command reception. Responding to an uplink TPC command, the UTRAN access point shall change its DPCH output power at the beginning of the next downlink pilot field after the reception of the whole TPC command. Note that in soft handover, the TPC command is sent over one slot when DPC_MODE is 0 and over three slots when DPC_MODE is 1. Note also that the delay from the uplink TPC command reception to the power change timing is not specified for UTRAN. The UE shall decide and send TPC commands on the uplink based on the downlink SIR measurement. For the DPCH, the TPC command field on the uplink starts, when measured at the UE antenna, 512 chips after the end of the downlink pilot field. The UTRAN access point shall decide and send TPC commands based on the uplink SIR measurement. However, the SIR measurement periods are not specified either for UE nor UTRAN.

ETSI TS 125 214 V12.1.0 (2015-01) Annex B § B.1.

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

## B.2    Example of implementation in the UE

The downlink inner-loop power control adjusts the network transmit power in order to keep the received downlink SIR at a given SIR target, $SIR_{target}$. A higher layer outer loop adjusts $SIR_{target}$ independently for each connection.

The UE should estimate the received downlink DPCCH/DPDCH power of the connection to be power controlled. Simultaneously, the UE should estimate the received interference and calculate the signal-to-interference ratio, $SIR_{est}$. $SIR_{est}$ can be calculated as RSCP/ISCP, where RSCP refers to the received signal code power on one code and ISCP refers to the non-orthogonal interference signal code power of the received signal on one code. Note that due to the specific SIR target offsets described in [5] that can be applied during compressed frames, the spreading factor shall not be considered in the calculation of $SIR_{est}$.

The obtained SIR estimate $SIR_{est}$ is then used by the UE to generate TPC commands according to the following rule: if $SIR_{est} > SIR_{target}$ then the TPC command to transmit is "0", requesting a transmit power decrease, while if $SIR_{est} < SIR_{target}$ then the TPC command to transmit is "1", requesting a transmit power increase.

When the UE is in soft handover, the UE should estimate $SIR_{est}$ from the downlink signals of all cells in the active set.

ETSI TS 125 214 V12.1.0 (2015-01) Annex B § B.2.

112.    Other technical documentation produced in this case, including source code, device specifications, repair guides, processor specifications, and algorithm documentation, likewise support my opinion that the Apple/Qualcomm Accused Products meet the preamble of this claim.

*See* ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████

113.    Qualcomm's ████████████████████████ also confirmed in his deposition

that █████████████████████████████████████████████. *See* ███████████

█████████████████████████████████████. *See also* ███████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████

60

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

114.    I understand that defendants may rely on the claim construction argument that the preamble is limiting, to further argue that Accused Products do not infringe, because some of the code that TOT has identified as infringing is alleged to be part of the "inner loop" rather than the "outer loop." In the first instance, even if the preamble is limited to "outer loop," it is my opinion that the Accused Products literally infringe this claim. The functionality described herein that implements the claim elements is outer loop functionality. The software and firmware code described herein implements functions that both meet the claim elements, and are directed to the functioning of the CDMA power control "outer loop." For example, the code ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

115.    In the alternative, if the Court determines that the preamble is limiting, it is my opinion that the Accused Products infringe under the doctrine of equivalents because, even if relevant portions of the infringing code were deemed exclusively part of the inner loop—which they are not—the differences are a matter of semantics and are insubstantial. Inner and outer loop are both part of a broader power control algorithm and are inextricable in CDMA. Thus, whether particular functions fall within one area of code or another they nonetheless are part of a cohesive system. Moreover, as will be described below, the infringing code performs the same function as an outer loop algorithm would, as its purpose is the same, ███████████████████████

██████████████████████████████. *See* elements [1.b], [1.d] infra. As will be described in more detail below, the infringing code performs that functionality ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████ *See* elements [1.b]-[1.e], infra. Finally, the

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

infringing code reaches the same result ████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████  *See* element [1.b]-[1.e], infra.  Thus, in my opinion if the Court

were to find that the preamble of claim 1 is limiting and it is found that the code identified as

infringing below is part of the inner loop, the Accused Products nonetheless infringe under the

doctrine of equivalents.

     **b)**     **[1.a]** *estimating a desired signal to interference ratio received (SIR$_{rec}$) based on a data signal (107, 108) received from a base station (102, 103) or mobile station (104)*

116.    Element **[1.a]** in claim 1 recites "estimating a desired signal to interference ratio

received (SIR$_{rec}$) based on a data signal (107, 108) received from a base station (102, 103) or

mobile station (104)."  In my opinion, the Apple/Qualcomm Accused Products perform this

element.

117.    The Apple/Qualcomm Accused Products comply with the 3G standard, which

explains that the SIR$_{rec}$ ratio is a computed value based on, in part, the received signal code power.

For example, the UMTS specification states that user equipment "should estimate the received

downlink DPCCH/DPDCH power of the connection to be power controlled" and the "SIR$_{est}$ can

be calculated as RSCP/ISCP, where RSCP refers to the received signal code power on one code

and ISCP refers to the non-orthogonal interference signal code power of the received signal on one

code."  ETSI TS 125 214 V12.1.0 (2015-01) Annex B § B.2.  The standard further explains that

the base station sends a TPC (transmit power control) signal to the device, which is a data signal,

that the device uses to estimate a desired SIR for setting its output power:

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

APL-TOTDDE_00693077-84 at APL-TOTDDE_00693079. *See also* APL-TOTDDE_00690652-61 at APL-TOTDDE_00690654 (iPhone 13 Pro Max Technical Specifications: "CDMA EV-DO Rev. A (800, 1900 MHz) … UMTS/HSPA+/DC-HSDPA (850, 900, 1700/2100, 1900, 2100 MHz)"); APL-TOTDDE_00690672-80 at APL-TOTDDE_00690674 (iPad mini (6th generation) - Technical Specifications: "UMTS/HSPA/HSPA+ /DC-HSDPA (850, 900, 1700/2100, 1900, 2100 MHz)"); APL-TOTDDE_00690629-31 at APL-TOTDDE_00690630 (Apple Watch Series 3 – Technical Specifications: "Connectivity . . . LTE and UMTS"). *See also* APL-TOTDDE_00692725-32; APL-TOTDDE_00690599-605; APL-TOTDDE_00693085-92; APL-TOTDDE_00693069-76; APL-TOTDDE_00693183-84; APL-TOTDDE_00693181-82; APL-TOTDDE_00690632-41; APL-TOTDDE_00690662-71; APL-TOTDDE_00690642-51; APL-TOTDDE_00692431; APL-TOTDDE_00692432; APL-TOTDDE_00692027; APL-TOTDDE_00693151-57; APL-TOTDDE_00692018; APL-TOTDDE_00690621-28; APL-TOTDDE_00693144-50; APL-TOTDDE_00688425-27.

314.    Exhibit E to my report includes a listing of schematics and bills of materials for the Apple/Qualcomm Accused Products that further show how these products include Qualcomm modems and other components that allow the products to operate on a 3G wireless cellular network.

315.    The 3G standards, with which the Apple/Qualcomm Accused Products are advertised to comply, provide for methods of outer loop power control. For example, the UMTS requirements for outer loop power control are described in the following 3G technical specifications:

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

## 14.9s    Downlink power control

### 14.9.1    Generalities

This function is implemented in the UE in order to set the SIR target value on each CCTrCH used for the downlink power control. This SIR value shall be adjusted according to an autonomous function in the UE in order to achieve the same measured quality as the quality target set by UTRAN. The quality target is set as the transport channel BLER value for each transport channel as signalled by UTRAN.

When transport channel BLER is used the UE shall run a quality target control loop such that the quality requirement is met for each transport channel, which has been assigned a BLER target.

The UE shall set the SIR target when the physical channel has been set up or reconfigured. It shall not increase the SIR target value before the power control has converged on the current value. The UE may estimate whether the power control has converged on the current value, by comparing the averaged measured SIR to the SIR target value.

ETSI TS 125 331 V10.20.0 (2016-08) § 14.9.1 (TOT00000415-2340 at TOT00002240).

### 7.2.4.8    RF power control

This group of functions controls the level of the transmitted power in order to minimise interference and keep the quality of the connections. It consist of the following functions: UL Outer Loop Power Control, DL Outer Loop Power Control, UL Inner Loop Power Control, DL Inner Loop Power Control, UL Open Loop Power Control and DL Open Loop Power Control.

ETSI TS 125 401 V4.2.0 (2001-09) § 7.2.4.8 (TOT00000375-414 at TOT00000398).

Responding to a downlink TPC command, the UE shall change its uplink DPCH output power at the beginning of the first uplink pilot field after the TPC command reception. Responding to an uplink TPC command, the UTRAN access point shall change its DPCH output power at the beginning of the next downlink pilot field after the reception of the whole TPC command. Note that in soft handover, the TPC command is sent over one slot when DPC_MODE is 0 and over three slots when DPC_MODE is 1. Note also that the delay from the uplink TPC command reception to the power change timing is not specified for UTRAN. The UE shall decide and send TPC commands on the uplink based on the downlink SIR measurement. For the DPCH, the TPC command field on the uplink starts, when measured at the UE antenna, 512 chips after the end of the downlink pilot field. The UTRAN access point shall decide and send TPC commands based on the uplink SIR measurement. However, the SIR measurement periods are not specified either for UE nor UTRAN.

ETSI TS 125 214 V12.1.0 (2015-01) Annex B § B.1.

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

## B.2    Example of implementation in the UE

The downlink inner-loop power control adjusts the network transmit power in order to keep the received downlink SIR at a given SIR target, $SIR_{target}$. A higher layer outer loop adjusts $SIR_{target}$ independently for each connection.

The UE should estimate the received downlink DPCCH/DPDCH power of the connection to be power controlled. Simultaneously, the UE should estimate the received interference and calculate the signal-to-interference ratio, $SIR_{est}$. $SIR_{est}$ can be calculated as RSCP/ISCP, where RSCP refers to the received signal code power on one code and ISCP refers to the non-orthogonal interference signal code power of the received signal on one code. Note that due to the specific SIR target offsets described in [5] that can be applied during compressed frames, the spreading factor shall not be considered in the calculation of $SIR_{est}$.

The obtained SIR estimate $SIR_{est}$ is then used by the UE to generate TPC commands according to the following rule: if $SIR_{est} > SIR_{target}$ then the TPC command to transmit is "0", requesting a transmit power decrease, while if $SIR_{est} < SIR_{target}$ then the TPC command to transmit is "1", requesting a transmit power increase.

When the UE is in soft handover, the UE should estimate $SIR_{est}$ from the downlink signals of all cells in the active set.

ETSI TS 125 214 V12.1.0 (2015-01) Annex B § B.2.

316.    Qualcomm's U.S. Patent Application Pub. No. 2013/0072250 (TOT00116816-35) details aspects of the infringing outer loop power control algorithm as used in FDPCH mode of operation in the Apple/Qualcomm Accused Products. *See, e.g.*, *id.* at [0062] – [0064], [0075], Fig. 6. FDPCH mode relates to the High Speed Downlink Packet Access (HSDPA) functionality in the 3G standard, which improves the data transfer rate between the base station and mobile device. *See id.* at [0074]. ████████████████████████████████████

████████████████████████████████████████████████

████████████████

317.    Other documents produced by Apple and Qualcomm that I have reviewed further confirm that the Apple/Qualcomm Accused Products practice an outer loop power control method as recited in claim 1. *See, e.g.*, █████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

318.

319.    I understand that defendants may rely on the claim construction argument that the preamble is limiting, to further argue that Accused Products do not infringe, because some of the code that TOT has identified as infringing is alleged to be part of the "inner loop" rather than the "outer loop."  In the first instance, even if the preamble is limited to "outer loop," it is my opinion that the Accused Products literally infringe this claim.  The functionality described herein that implements the claim elements is outer loop functionality.   The software and firmware code described herein implements functions that both meet the claim elements, and are directed to the functioning of the CDMA power control "outer loop."

320.    In the alternative, if the Court determines that the preamble is limiting, it is my opinion that the Accused Products infringe under the doctrine of equivalents because, even if relevant portions of the infringing code were deemed exclusively part of the inner loop—which they are not—the differences are a matter of semantics and are insubstantial.  Inner and outer loop are both part of a broader power control algorithm and are inextricable in CDMA.  Thus, whether particular functions fall within one area of code or another they nonetheless are part of a cohesive system.  Moreover, as will be described below, the infringing code performs the same function as

CONFIDENTIAL – ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY
Contains CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information

an outer loop algorithm would. As will be described in more detail below, the infringing code performs that functionality in the same way as an outer loop algorithm would. Finally, the infringing code reaches the same result as an outer loop power control algorithm would. Thus, in my opinion if the Court were to find that the preamble of claim 1 is limiting and it is found that the code identified as infringing below is part of the inner loop, the Accused Products nonetheless infringe under the doctrine of equivalents.

321.    As I discuss below, each of the steps of the outer loop power control method recited in Claim 1 is performed when an Apple/Qualcomm Accused Product is powered on and used as intended (for example, by Apple personnel in the course of their testing, demonstration, and other use of the product, and/or by each and every end user).

### b)    [1.a] *establishing a target block error rate (BLER$_{target}$)*

322.    Element **[1.a]** in claim 1 recites "establishing a target block error rate (BLER$_{target}$)." In my opinion, the Apple/Qualcomm Accused Products perform this step.

323.    For example, based on the 3G standards, the method of outer loop power control performed by the c includes establishing a target block error rate. This is reflected in various 3G technical specifications, such as the following:

---

# 9        Measurements provided by the physical layer

One of the key services provided by the physical layer is the measurement of various quantities, which are used to trigger or perform a multitude of functions. Both the UE and the UTRAN are required to perform a variety of measurements. The standard will not specify the method to perform these measurements or stipulate that the list of measurements provided in this clause must all be performed. While some of the measurements are critical to the functioning of the network and are mandatory for delivering the basic functionality (e.g., handover measurements, power control measurements), others may be used by the network operators in optimising the network (e.g., radio environment).

ETSI TS 125 302 V15.0.0 (2018-07) § 9.

# EXHIBIT 3

1

```
09:47:04  1        IN THE UNITED STATES DISTRICT COURT
          2          FOR THE DISTRICT OF DELAWARE
          3   TOT POWER CONTROL, S.L.,    )
          4          Plaintiff,            )
          5   v.                          )  C.A. No. 21-1302(MN)
          6   APPLE, INC.,                )
          7          Defendant.           )
          8   _____ )
              TOT POWER CONTROL, S.L.,    )
          9                               )
                     Plaintiff,           )
         10   v.                          )  C.A. No. 21-1304(MN)
         11   LG ELECTRONICS, INC., et al., )
         12          Defendants.          )
         13   _____ )
         14   TOT POWER CONTROL, S.L.,    )
         15          Plaintiff,           )
         16   v.                          )  C.A. No. 21-1305(MN)
         17   SAMSUNG ELECTRONICS CO., LTD.,) 
              et al.,                      )
         18          Defendants.          )
         19
         20          Wednesday, September 25, 2024
                     10:00 a.m.
         21          Markman Hearing
         22
         23          844 King Street
                     Wilmington, Delaware
         24
         25   BEFORE: THE HONORABLE MARYELLEN NOREIKA
                      United States District Court Judge
```

2

```
          1   APPEARANCES:

          2

          3      FARNAN LLP
                 BY:  MICHAEL FARNAN, ESQ.
          4
                 -and-
          5
                 BUNSOW DE MORY
          6      BY:  DENISE DE MORY, ESQ.
                 BY:  MICHAEL FLYNN-O'BRIEN, ESQ.
          7      BY:  GARETH DeWALT, ESQ.

          8      -and-

          9      HAUSFELD, LLP
                 BY:  WALTER KELLEY, JR., ESQ.
         10

         11          Counsel for the Plaintiff

         12

         13      DLA PIPER LLP
         14      BY:  BRIAN A. BIGGS, ESQ.
                 BY:  ERIN P. GIBSON, ESQ.
         15
                    Counsel for the Defendant Apple, Inc.
         16

         17

         18      DLA PIPER LLP
         19      BY:  JEFF CASTELLANO, ESQ.
                 BY:  MATTHEW SATCHWELL, ESQ.
                 BY:  TIFFANY MILLER, ESQ.
         20
                    Counsel for the Defendants
         21         LG Electronics, Inc., et al.

         22

         23      YOUNG CONAWAY STARGATT & TAYLOR
                 BY:  ADAM WYATT POFF, ESQ.
         24      BY:  ALEXIS N. STOMBAUGH, ESQ.

         25      -and-
```

3

```
          1      BLANK ROME, LLP

                 BY:  JOSHUA REISBERG, ESQ.
          2      BY:  R. PAUL ZEINEDDIN, ESQ.
                 BY:  ANDREW R. KOPSIDAS, ESQ.
          3
                    Counsel for the Defendants
          4         Samsung Electronics Co., Ltd, et al.

          5

          6          _ _ _ _ _ _ _ _ _ _ _ _ _

10:00:53  7

10:00:53  8

10:04:14  9        COURTROOM DEPUTY:  All rise.  The District Court
10:04:14 10   for the District of Delaware is now in session.  The
10:04:15 11   Honorable Maryellen Noreika presiding.
10:04:15 12        THE COURT:  Good morning, everyone.  Please be
10:04:18 13   seated.  All right.  Let's start with some brief
10:04:21 14   introductions.
10:04:23 15        MR. FARNAN:  Good morning Your Honor.  Michael
10:04:27 16   Farnan for the plaintiff.  With me today is Denise DeMory,
10:04:31 17   Michael Flynn-O'Brien and Gareth DeWalt from Bunsow DeMory.
10:04:37 18   We also have from TOT, Alvaro Medrano and from Hausfeld,
10:04:44 19   LLP, Bruce Wecker.
10:04:45 20        THE COURT:  Good morning.
10:04:49 21        MR. CASTELLANO:  Good morning, Your Honor.  Jeff
10:04:51 22   Castellano from DLA Piper here on behalf of LG Electronics.
10:04:55 23   I'm joined today by my colleague, Matt Satchwell, also from
10:04:59 24   DLA Piper.  We have two client representatives from Korea,
10:05:03 25   LG in Korea, Mr. Eun Suk Park and Mr. Kim Jaeseung.
```

4

```
10:05:09  1        THE COURT:  All right.  Good morning.
10:05:12  2        MR. BIGGS:  Good morning, Your Honor.  Brian
10:05:15  3   Biggs from DLA Piper on behalf of Apple.  With me from DLA
10:05:19  4   Piper is Erin Gibson and Tiffany Miller.  We have an Apple
10:05:24  5   client represent, Tonya Manning.
10:05:26  6        THE COURT:  Good morning to all of you, also.
10:05:28  7        MR. POFF:  Good morning, Your Honor.  Adam Poff
10:05:29  8   on behalf of Samsung.  From Blank Rome we have Joshua
10:05:34  9   Reisberg, Paul Zeineddin and Andrew Kopsidas.  And from
10:05:37 10   Samsung, Arbin Heidinger.  And also from Young, Conaway,
10:05:41 11   Alexis Stombaugh.
10:05:44 12        THE COURT:  Good morning to all of you as well.
10:05:46 13        All right.  So we are here for the claim
10:05:51 14   construction.  You had twelve terms in the brief.  We asked
10:06:03 15   to you limit it and what you did was you took out the close
10:06:06 16   to terms, which is fine.  I appreciate that.  The problem I
10:06:13 17   have is that's one of the disputes that you all have with
10:06:16 18   respect to one of the other terms.  So it seemed like we
10:06:19 19   were going to have to deal with it anyway.  Is that right?
10:06:24 20   The SIR$_{rec}$ term.  It seemed like your problem with that is
10:06:36 21   both in construction, what it means and how it's used in
10:06:38 22   that phrase.
10:06:39 23        MS. DE MORY:  So, Your Honor, there is a letter
10:06:41 24   that was submitted to the Court --
10:06:43 25        THE COURT:  I know that, that's what I'm talking
```

5

10:06:45 1  about. I'm talking about the letter where you said you
10:06:48 2  withdrew it, but you withdrew it when you put a number 5 in
10:06:52 3  front of it or number 6 in front of it in the brief, but the
10:06:56 4  issue is still in -- with term two.
10:07:01 5          MS. DE MORY: So those are the slides that we
10:07:03 6  sent over yesterday morning that inadvertently included
10:07:06 7  that.
10:07:06 8          THE COURT: I'm not talking about the slide.
10:07:08 9  Mr. Castellano, you want to help me out?
10:07:12 10         MR. CASTELLANO: Sure. Yes, Your Honor. So the
10:07:14 11 parties -- as you are well aware, the parties are not
10:07:18 12 proposing to argue the --
10:07:20 13         THE COURT: I guess this is my problem. When
10:07:22 14 are you planning to do it?
10:07:24 15         MR. CASTELLANO: Well, we are planning to do it
10:07:26 16 at the Court's --
10:07:28 17         THE COURT: I'm not doing a second one so you
10:07:30 18 can do it today because you already briefed it. You told me
10:07:34 19 you withdrew it, but it's in another term.
10:07:37 20         MR. CASTELLANO: Maybe I can address that.
10:07:39 21         THE COURT: In order for me to address term two
10:07:42 22 and your dispute, I need to address the close to stuff that
10:07:45 23 you pretended you withdrew, right?
10:07:47 24         MR. CASTELLANO: Your Honor, I think that's not
10:07:49 25 quite right. The SIR$_{req}$ term there is really a very, very

6

10:07:53 1  narrow dispute about that. The dispute is whether there is
10:07:56 2  lexicography and it doesn't implicate the indefiniteness
10:08:01 3  position.
10:08:01 4          THE COURT: But in the brief, in the brief when
10:08:03 5  you briefed that term, there were two parts of it, right?
10:08:06 6  There was what it means and whether it's lexicography and
10:08:10 7  also whether in that phrase it's indefinite. So you didn't
10:08:16 8  actually -- and then you had a separate section that said
10:08:21 9  close to or something like that. You withdrew that separate
10:08:26 10 section, but you still had the arguments about close to in a
10:08:29 11 different place in the brief.
10:08:31 12         MR. CASTELLANO: So there --
10:08:32 13         THE COURT: So that's what we're arguing today.
10:08:34 14 We're arguing it today or else you give it up because I am
10:08:37 15 not dealing with another Markman hearing after you have done
10:08:41 16 it.
10:08:41 17         MR. CASTELLANO: Okay. Thank you, Your Honor.
10:08:43 18         THE COURT: Okay. So that was my way of saying
10:08:46 19 that we're going to do -- the way I want to argue the terms
10:08:51 20 is I want the two preambles argued together because those
10:08:56 21 are very similar arguments, then you can do the other terms
10:09:01 22 of the '865 patent. Then you can do all of the "some" terms
10:09:11 23 together. And then the final term, the means-plus-function.
10:09:17 24 Does that make sense?
10:09:20 25         MS. DE MORY: Yes, Your Honor.

7

10:09:21 1          MR. CASTELLANO: Yes, Your Honor.
10:09:22 2          THE COURT: All right. Okay. So with that, I
10:09:25 3  will hear from Plaintiff first.
10:09:32 4          MS. DE MORY: Good morning, Your Honor. Denise
10:09:44 5  DeMory of Bunsow DeMory on behalf of TOT. We're going to
10:09:49 6  start with the preambles of both of the claims. If could go
10:09:53 7  to slide 2, slide 3, slide 4.
10:09:56 8          So the dispute here, as the Court is aware from
10:10:00 9  the briefing, is whether or not the preamble is limiting.
10:10:04 10 LG and Samsung say that it is. Apple has taken no position
10:10:07 11 --
10:10:09 12         THE COURT: I know. And I appreciate you trying
10:10:12 13 to orient me. I promise you, we have read these papers
10:10:14 14 multiple times. We have read the patents. We have watched
10:10:19 15 your tutorials. So you don't have to tell me that they say
10:10:22 16 it's limiting and you say it's not. I do appreciate you
10:10:25 17 trying, but we got lots to do and this is a waste of time.
10:10:28 18         MS. DE MORY: Okay. Slide 5. So let's start
10:10:32 19 before we even get to this. So we have -- really I think
10:10:35 20 there is two issues going on here. The first is the
10:10:39 21 preamble limitation. The second is really what I see in
10:10:42 22 Defendants' slide, what does it mean for the preamble to be
10:10:45 23 a limitation. I think Defendants are wrong about --
10:10:48 24         THE COURT: Let's assume that it were a
10:10:50 25 limitation. Does everybody agree what outer loop power

8

10:10:56 1  control means? Nobody briefed that. I was assuming that
10:11:01 2  you all -- either it's a limitation and you know what it
10:11:04 3  means or it's not a limitation and who cares.
10:11:07 4          MS. DE MORY: I mean --
10:11:07 5          THE COURT: Everybody agrees what outer loop
10:11:11 6  power control means?
10:11:12 7          MS. DE MORY: I think everybody agrees.
10:11:13 8          THE COURT: What does it mean?
10:11:13 9          MS. DE MORY: I think it means setting the
10:11:16 10 SIR$_{target}$, that's what the outer loop power control does.
10:11:20 11         THE COURT: Does everybody on the Defendants'
10:11:22 12 side agree to that?
10:11:24 13         MR. REISBERG: It's tough to say --
10:11:27 14         THE COURT: No, it's not tough to say. You
10:11:29 15 didn't brief what it means. You say it's limiting. If it's
10:11:32 16 limiting it has to have a meaning and since no one is asking
10:11:35 17 me to construe it, I assume that you all talked and you
10:11:38 18 agree what that meaning is. She told you what she thinks it
10:11:41 19 is. What do you say?
10:11:42 20         MR. REISBERG: Outer loop power control is one
10:11:48 21 of two methods of power control in 3G that is geared solely
10:11:48 22 with the setting and modification of SIR$_{target}$, yes, we agree.
10:11:53 23         THE COURT: Do you agree with that?
10:11:54 24         MS. DE MORY: I don't know about solely. It's a
10:11:56 25 power control method --

9

| 10:11:58 | 1 | THE COURT: Why don't you guys talk. Don't sit |
|---|---|---|
| 10:12:01 | 2 | here and talk with me. You guys talk and agree on what it |
| 10:12:06 | 3 | means because you did not brief it, so go agree on what it |
| 10:12:10 | 4 | means. |
| 10:14:07 | 5 | (Counsel conferring.) |
| 10:14:07 | 6 | THE COURT: All right. Where are we? |
| 10:14:09 | 7 | MS. DE MORY: So we think we are agreed that it |
| 10:14:17 | 8 | is a process of setting SIR$_{target}$ to maintain -- |
| 10:14:21 | 9 | THE COURT: Hold on, process of setting SIR$_{targets}$ |
| 10:14:25 | 10 | -- |
| 10:14:25 | 11 | MS. DE MORY: To maintain a preset quality |
| 10:14:28 | 12 | objective. |
| 10:14:29 | 13 | THE COURT: To maintain a preset quality of |
| 10:14:33 | 14 | what? |
| 10:14:33 | 15 | MS. DE MORY: Objective. |
| 10:14:40 | 16 | THE COURT: Objective. |
| 10:14:41 | 17 | You guys agree on the Defendants' side. |
| 10:14:43 | 18 | MR. REISBERG: Yes, Your Honor. |
| 10:14:44 | 19 | THE COURT: Are you already in expert discovery? |
| 10:14:47 | 20 | MS. DE MORY: Actually yes, we are. Rebuttal |
| 10:14:51 | 21 | reports are due on Friday. |
| 10:14:52 | 22 | THE COURT: Is that consistent with how folks |
| 10:14:55 | 23 | have used it so I'm not going to get Daubert motions that |
| 10:14:59 | 24 | say if I find this to be limiting, the expert didn't use |
| 10:15:02 | 25 | this correctly. Am I going to get that or not? Everybody |

10

| 10:15:06 | 1 | agrees, everybody's experts are going to use this and have |
|---|---|---|
| 10:15:09 | 2 | already used this? |
| 10:15:10 | 3 | MR. SATCHWELL: For LG, yes, Your Honor. |
| 10:15:13 | 4 | MR. REISBERG: Yes, Your Honor. |
| 10:15:17 | 5 | MS. GIBSON: Apple, yes, Your Honor. |
| 10:15:21 | 6 | THE COURT: So with that understanding of what |
| 10:15:23 | 7 | it means, now you can go through your argument as to why |
| 10:15:25 | 8 | it's limiting or not. |
| 10:15:29 | 9 | MS. DE MORY: Okay. So let's just skip to slide |
| 10:15:33 | 10 | 88. That was not cast, that was we all agree there are |
| 10:15:42 | 11 | three types of power control in 3G standard and in all the |
| 10:15:46 | 12 | phones that we're talking about and in the specification on |
| 10:15:50 | 13 | the preceding slides which are in my deck from 4 to 7, it |
| 10:15:54 | 14 | describes these three different types of power control. And |
| 10:15:57 | 15 | this is all part of the prior art. The patent is not |
| 10:16:01 | 16 | concerned with changing this, doing anything to change outer |
| 10:16:06 | 17 | loop power control as it exist as we just defined it. It's |
| 10:16:10 | 18 | just we have these three different types of power controls. |
| 10:16:13 | 19 | Now, the inner loop, for example, if we start |
| 10:16:16 | 20 | here, it compares the SIR received to the target that was |
| 10:16:21 | 21 | set by the outer loop. So these things work together. So |
| 10:16:25 | 22 | you have an outer loop that sets the target, trying to |
| 10:16:28 | 23 | maintain some error rate so you don't miss words in a call. |
| 10:16:34 | 24 | And then the inner loop is checking very frequently to see |
| 10:16:37 | 25 | if what it's getting, the quality of the signal it's getting |

11

| 10:16:42 | 1 | is meeting this criteria that's been set by the outer loop. |
|---|---|---|
| 10:16:45 | 2 | Now, in order to do that comparison, it has to |
| 10:16:50 | 3 | figure out what it actually receives. So somewhere, it |
| 10:16:56 | 4 | doesn't matter for purposes of this patent at all, at some |
| 10:16:59 | 5 | point in the receiver, the receiver must actually estimate |
| 10:17:06 | 6 | the signal that it receives. And then it must also compare. |
| 10:17:10 | 7 | And if we go to the next slide, slide 9, one of |
| 10:17:16 | 8 | the things that can happen in outer loop power control which |
| 10:17:20 | 9 | we all I think also agree on, is that something called |
| 10:17:24 | 10 | wind-up can occur. And wind-up occurs when in certain |
| 10:17:30 | 11 | conditions when the signal cannot -- the receive signal |
| 10:17:34 | 12 | cannot follow the target. So there are certain times when |
| 10:17:39 | 13 | you just cannot get enough power, the base station is maxed |
| 10:17:43 | 14 | out, you're in a tunnel, whatever it is, you can't follow |
| 10:17:47 | 15 | it. There is a situation called wind-up. |
| 10:17:50 | 16 | We were in column 2, line 65, which is all the |
| 10:17:53 | 17 | prior art. There is nothing in the patents that changes |
| 10:17:56 | 18 | what was happening here. |
| 10:17:56 | 19 | All the patent relates to is what happens when |
| 10:18:02 | 20 | the phone is in wind-up and the phone exits wind-up. And so |
| 10:18:07 | 21 | in the prior art, we say when it exits wind-up there were |
| 10:18:13 | 22 | various things that the prior art did, most notably, for |
| 10:18:16 | 23 | example, one of the prior art just goes back and starts |
| 10:18:21 | 24 | dropping the power down -- we talked about this the last |
| 10:18:24 | 25 | time we were here -- like a ladder, a stair step. |

12

| 10:18:27 | 1 | The novelty of this invention is just in the -- |
|---|---|---|
| 10:18:30 | 2 | for outer loop power control, when you exit wind-up, you do |
| 10:18:37 | 3 | something different than what the prior art shows. That's |
| 10:18:40 | 4 | it. That's all we're talking about. |
| 10:18:42 | 5 | And it doesn't -- so part of this is, in order |
| 10:18:47 | 6 | to figure out if you're in wind-up, for example, you must |
| 10:18:51 | 7 | detect if you're in wind-up, but that's not something -- |
| 10:18:55 | 8 | there are ways of detecting wind-up in the prior art. |
| 10:18:58 | 9 | That's not a critical feature of it. How you estimate SIR, |
| 10:19:03 | 10 | that's not a feature. What happens, how it detects it, none |
| 10:19:07 | 11 | of that is about this invention. This invention is as |
| 10:19:09 | 12 | described in one of the documents that they point to in the |
| 10:19:12 | 13 | IPR, it's narrowly focused on what happens when you exit |
| 10:19:17 | 14 | wind-up, and how is that different than what happened before |
| 10:19:20 | 15 | it and why is that novel? |
| 10:19:24 | 16 | So if we go to the next slide. Let's talk about |
| 10:19:27 | 17 | how does the preamble become limiting. So just go back for |
| 10:19:35 | 18 | one second. |
| 10:19:35 | 19 | So we're concerned about what happens with what |
| 10:19:39 | 20 | concerns wind-up. So I said at the beginning of this, there |
| 10:19:41 | 21 | is really two questions here. Is the preamble limiting? |
| 10:19:44 | 22 | And secondarily, even if it was, what does it mean? And I |
| 10:19:48 | 23 | think that's like where the whole -- what you're really |
| 10:19:51 | 24 | going to hear from Defendants is a non-infringement argument |
| 10:19:54 | 25 | that goes like this. If the preamble is a limitation, then |

121

13:50:33 1      THE COURT:  I don't know.

13:50:34 2      MS. DE MORY:  I do believe we submitted some

13:50:36 3  e-mails suggesting that these issues were to be discussed

13:50:40 4  and we got an oral order saying be prepared to discuss them.

13:50:44 5  Sorry, I'm fading.

13:50:45 6      THE COURT:  I know that, I know exactly what I

13:50:48 7  did, I'm just trying to figure out what makes sense.

13:50:54 8      MS. DE MORY:  I think the reports are due in two

13:50:56 9  days, so I don't think there is a lot to change, there is a

13:51:00 10  lot to process from here.  I don't know if we can have

13:51:04 11  further discussions or what makes sense.

13:51:06 12      THE COURT:  What do you think, Mr. Biggs?

13:51:08 13      MR. BIGGS:  Your Honor, the one motion to strike

13:51:11 14  that the Defendants --

13:51:12 15      THE COURT:  The one motion.  How many are there?

13:51:15 16  Just one?

13:51:16 17      MR. BIGGS:  So I believe Plaintiff raised a

13:51:17 18  motion, Defendants jointly raised a motion.  There was a

13:51:20 19  third motion that was Apple specific that Apple has

13:51:24 20  withdrawn.

13:51:24 21      THE COURT:  Good for Apple.

13:51:26 22      MR. BIGGS:  There is one Defendant side motion

13:51:29 23  which is very discrete.  There are new doctrine of

13:51:32 24  equivalents theories in opening infringement reports.  They

13:51:35 25  were not in final infringement contentions.  I think we can

122

13:51:40 1  address that quickly.  If we do that, that mitigates the

13:51:44 2  prejudice that Apple and Samsung would have to respond to

13:51:46 3  those rebuttal records.

13:51:48 4      THE COURT:  I'm not going to decide one motion

13:51:49 5  and not the other.

13:51:50 6      What's the basis of your motion?

13:51:52 7      MS. DE MORY:  Our motion is a motion to strike a

13:51:53 8  portion of the Samsung expert report on invalidity in which

13:51:58 9  they have included in their invalidity -- in their

13:52:03 10  invalidity reports references that were not previously

13:52:09 11  disclosed, obviousness arguments that were not previously

13:52:12 12  disclosed.  And in particular an anticipation reference

13:52:17 13  based on testing some phones that they acquired back in

13:52:21 14  February and the test results were not disclosed during

13:52:24 15  discovery.  And so we're now in this period where we have

13:52:27 16  like three weeks to try to figure this out.  That's the

13:52:30 17  basis for our motion.  But we're two days away.  So we think

13:52:36 18  those should be stricken.

13:52:38 19      THE COURT:  So with respect to the doctrine of

13:52:41 20  equivalents, was that in your contentions?

13:52:45 21      MS. DE MORY:  The doctrine of equivalents was

13:52:48 22  not in our contentions.  There were two things that have

13:52:51 23  changed since those contentions.  First, the Court's order

13:52:58 24  to do whatever is reasonably foreseeable.  The Markman

13:53:00 25  hearing was scheduled and then it was moved and there was an

123

13:53:03 1  order that said do both constructions and what was

13:53:06 2  reasonably foreseeable.  That's one aspect --

13:53:08 3      THE COURT:  Do both constructions and what is

13:53:11 4  reasonably foreseeable is what you should have done in your

13:53:15 5  contentions, so that's not changed: correct?

13:53:17 6      MS. DE MORY:  Correct.  Mr. Biggs, I think we

13:53:20 7  agree on a lot of things.  It did not say doctrine of

13:53:24 8  equivalents and they said in their non-infringement

13:53:26 9  contentions that they were going to assert that the preamble

13:53:28 10  is limiting.  This only goes to the preamble is a limiting

13:53:31 11  issue.  What has happened since then is Apple produced a

13:53:35 12  significant number of documents that we talked about last

13:53:38 13  time we were here and depositions have taken place and now

13:53:43 14  we have like a morphing of the argument which is a little

13:53:46 15  bit of what we talked about today that what goes in what

13:53:48 16  box, what's hardware, what's software, what goes where.

13:53:51 17      We took a deposition in August like days before

13:53:53 18  we do our report where the positions from their

13:53:57 19  non-infringement contentions sort of morphed, and so it's

13:54:02 20  meant to capture that.  I think it's something that if the

13:54:05 21  -- if we put the deposition before you and it was briefed we

13:54:08 22  could figure out -- you know, there is no question that it

13:54:11 23  was not in the contentions at that time, that's what's

13:54:14 24  changed is sort of our read of a new position from what

13:54:18 25  happened in those depositions.

124

13:54:19 1      THE COURT:  Do you think that Defendants changed

13:54:23 2  its positions from what it disclosed in its contentions, its

13:54:27 3  non-infringement contentions?

13:54:29 4      MS. DE MORY:  Right.  They definitely said the

13:54:31 5  preamble is limiting.  And they definitely had this theory

13:54:34 6  about what is inner loop and outer loop.  What's changed is

13:54:38 7  that in these depositions now all of a sudden it's tied to

13:54:41 8  hardware.  We're not just talking about what boxes are

13:54:45 9  there, but whether or not something is implemented in a DSP

13:54:48 10  or another processor.  That's the gist of it.  It's trying

13:54:51 11  to preserve that.  Maybe ultimately it all just falls by the

13:54:55 12  wayside.  I don't even think that the interpretation of the

13:54:57 13  preamble is right as we talked about, but that's what we

13:55:01 14  believe has changed.

13:55:11 15      MR. BIGGS:  Your Honor, I'm happy to cut to the

13:55:14 16  chase.  It sounds like we're all in agreement that this was

13:55:18 17  not disclosed in final contentions.  There was an August 17,

13:55:24 18  2022, order in this case, in all three cases that in your

13:55:28 19  final contentions you had to account for both parties'

13:55:31 20  constructions.

13:55:31 21      THE COURT:  She says you are now arguing

13:55:33 22  something that wasn't appropriately disclosed in the

13:55:36 23  contentions and, therefore, they're just trying to adjust.

13:55:39 24      MR. BIGGS:  Your Honor, this is the first I'm

13:55:41 25  hearing about that.

```
13:55:41   1          THE COURT:  Why don't you guys go back and talk
13:55:44   2    about it.  Because it seems like -- I'm not going to sit
13:55:47   3    here and do your meet and confer if you didn't bother to get
13:55:50   4    that out.  What I am going to do is for both sides, show
13:55:53   5    where you disclosed it.  If you think it's new, show where
13:55:56   6    you think it's new and try to go back and figure these
13:56:01   7    motions out.
13:56:03   8          MR. BIGGS:  Your Honor, if I may just very
13:56:06   9    briefly, I apologize, I'm not asking you to change that.
13:56:10  10    That would only apply to Apple, I believe, not LG and
13:56:13  11    Samsung.  She was talking about something that occurred in
13:56:15  12    the Apple case, but we will follow Your Honor's direction on
13:56:18  13    that.
13:56:18  14          Thank you.
13:56:19  15          THE COURT:  All right.  Thank you.
13:56:21  16          COURTROOM DEPUTY:  All rise.
          17          (Court adjourned at 1:56 p.m.)
          18
          19          I hereby certify the foregoing is a true and
              accurate transcript from my stenographic notes in the proceeding.
          20

          21               /s/ Dale C. Hawkins
                        Official Court Reporter
          22             U.S. District Court
          23
          24
          25
```

# EXHIBIT 4

**Curtis, Karen**

---

| | |
|---|---|
| **From:** | Gareth DeWalt <gdewalt@bdiplaw.com> |
| **Sent:** | Wednesday, October 9, 2024 4:54 PM |
| **To:** | Biggs, Brian; Castellano, Jeff; Hillary Bunsow; Strapp, Michael G.; Reisberg, Josh S.; TOT_Power; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power; DLA-Apple-TOT-Power; CM-200771-00603-BlankRome-Samsung-TOT-Power; Adam W. Poff (apoff@ycst.com) |
| **Subject:** | Re: Request for meet & confer re Qualcomm MSM6250 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

---

⚠ EXTERNAL MESSAGE

Brian,

On your first question, Dr. Larson makes factual statements that the relevant portions of the infringing code are not exclusively part of the inner loop, that inner and outer loop are both part of a broader power control algorithm and are inextricable in CDMA, and that they are part of a cohesive system. Those statements stand on their own above and beyond the doctrine of equivalents opinions Dr. Larson provides and are not withdrawn.

With respect to your second question, we will withdraw paragraph 320 to the same extent as paragraph 115.

As to your third question, we confirm that paragraphs 115 and 320 are also withdrawn with respect to claim 5 of the '865 patent and claim 1 of the '376 patent.

As to the last paragraphs, the Court was clear at the *Markman* hearing that both sides were to show where they disclosed the arguments in question, and TOT's questions were thus pursuant to the Court's direction:

```
13:55:41  1            THE COURT:  Why don't you guys go bac[k]
13:55:44  2   about it.  Because it seems like -- I'm not going
13:55:47  3   here and do your meet and confer if you didn't bot[h]
13:55:50  4   that out.  What I am going to do is for both side[s]
13:55:53  5   where you disclosed it.  If you think it's new, s[how]
13:55:56  6   you think it's new and try to go back and figure [out]
13:56:01  7   motions out.
```

Regards,
Gareth

---

**From:** Biggs, Brian <Brian.Biggs@us.dlapiper.com>
**Sent:** Wednesday, October 9, 2024 11:02 AM
**To:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Gareth DeWalt <gdewalt@bdiplaw.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com <TOTHausfeldTeam@hausfeld.com>; bfarnan@farnanlaw.com <bfarnan@farnanlaw.com>; mfarnan@farnanlaw.com <mfarnan@farnanlaw.com>; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

**[EXTERNAL]**

Gareth,

Thank you for your email.  On behalf of Apple, similar to LGE, we have a couple of questions:

1. Your proposal states TOT will withdraw "the portions of paragraph 115 from Dr. Larson's Opening Report as to Apple . . . relating to the doctrine of equivalents," but that entire paragraph relates solely to Dr. Larson's DOE opinion.  Is TOT withdrawing the entire paragraph, or is it seeking to retain any of the paragraph?  On behalf of Apple, we believe the entire paragraph should be withdrawn.  If TOT's proposal is only to withdraw portions, please explain what TOT is and is not agreeing to withdraw.

2. You only identify paragraph 115 below for Apple, which discloses Dr. Larson's preamble DOE opinion for the '865 patent, but Dr. Larson also provided untimely DOE opinions if the preamble is limiting for the '376 patent, at paragraph 320.  Can you please confirm whether TOT is also withdrawing paragraph 320 from Dr. Larson's opening report and, if it is not, why TOT is refusing to withdraw the paragraphs?

3. Can you please also confirm that by withdrawing the DOE opinions in paragraph 115, which relates to the '865 claim 1 preamble, TOT is agreeing that Dr. Larson will not raise his preamble DOE opinion with respect to the preamble for claim 5 of the '865 patent.  At paragraph 185 in the Apple report, Dr. Larson incorporates by reference his opinions in the preamble for claim 1.  We expect that by withdrawing DOE from paragraph 115, Dr. Larson will not attempt to raise a DOE theory for the preamble of claim 5, and the same would be true if Dr. Larson withdraws his DOE theory for claim 1 of the '376 patent, but please confirm.

While TOT's withdrawal may supersede your Saturday (10/5) email with respect to Apple,  we need to address that briefly.  Your question to Apple about whether it raised noninfringement contentions misses the point.  TOT never raised a DOE theory for the preambles prior to Dr. Larson's opening report, making it untimely, and TOT bears the burden to demonstrate infringement.  Whether Apple disclosed a noninfringement defense is irrelevant to whether TOT was required to disclose any DOE theory on which it was intending to rely.  It is TOT's obligation, then, and not Apple's, to explain why it should be allowed to raise untimely infringement theories, or why it believes its untimely theories should not be stricken.  If TOT's responses to #1, #2 and #3 above are not unequivocal withdrawals of Dr. Larson's preamble DOE theories for both patents and for all independent claims, TOT must explain its justification for its untimely disclosure.

Further, the question you raised in your email is inconsistent with TOT's concession at the *Markman* hearing.  TOT agreed that defendants "definitely said the preamble is limiting" and "definitely had this theory about what is inner loop and outer loop."  124:4-6.  TOT has already conceded that Defendants disclosed their noninfringement position based

on whether certain functions are performed in the inner loop or outer loop.  And Apple certainly disclosed these theories in its Final Noninfringement Contentions at, *e.g.*, pp. 11, 15-16, 27, 33-34, 36, 39.

We look forward to your response, and we join LGE's request for a meet and confer later this week.

Best regards,
Brian

## Brian Biggs
Partner

T  +1 302 468 5661
F  +1 302 778 7813
M  +1 302 388 6903
brian.biggs@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>
**Sent:** Wednesday, October 9, 2024 12:19 PM
**To:** Gareth DeWalt <gdewalt@bdiplaw.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

Gareth,

Thank you for your email.  LGE would like to discuss your response on a meet and confer this week to confirm we are on the same page.  When is your team available on Thursday afternoon or on Friday of this week?

On behalf of LGE, we have a few questions:

1. Your proposal states TOT will withdraw "the portions of . . . paragraph 112 from Dr. Larson's Opening Report as to LG . . . relating to the doctrine of equivalents," but that entire paragraph relates to Dr. Larson's DOE opinion.  The entire paragraph should be withdrawn.  Is TOT withdrawing the entire paragraph?  If TOT's proposal is only to withdraw portions, please explain what TOT is and is not agreeing to withdraw.

2. You only identify paragraph 112 for LGE, which discloses Dr. Larson's preamble DOE opinion for the '865 patent, but Dr. Larson also provided untimely DOE opinions if the preamble is limiting for the '376 patent, at paragraph 213.  Can you please confirm whether TOT is also agreeing to withdraw that paragraph from Dr. Larson's opening report?

3. Can you please also confirm that by withdrawing the DOE opinions in paragraph 112, which relates to the '865 claim 1 preamble, TOT is agreeing that Dr. Larson will not raise his preamble DOE opinion with respect to the preamble for claim 5 of the '865 patent?  Similarly, if TOT withdraws Dr. Larson's DOE theory for claim 1 of the '376 patent, we expect that means Dr.

3

Larson will not raise a preamble DOE theory for the other asserted independent claims, but please confirm.

If you could please provide your responses to the each of these questions in advance of the meet and confer, we may be able to take it off calendar, or at least it will streamline the discussion.

Best,
Jeff

Jeff Castellano
Of Counsel

T  +1 302 468 5671
F  +1 302 691 4771
M  +1 570 814 9591
jeff.castellano@us.dlapiper.com

DLA Piper LLP (US)
dlapiper.com

**From:** Gareth DeWalt <gdewalt@bdiplaw.com>
**Sent:** Monday, October 7, 2024 10:10 PM
**To:** Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** Re: Request for meet & confer re Qualcomm MSM6250

⚠ EXTERNAL MESSAGE

Brian,

TOT does not agree that Dr. Larson's Opening Report violated, in any way, the Court's August 17, 2022 order.  However, in the interest of narrowing the issues, TOT will withdraw the portions of paragraph 115 from Dr. Larson's Opening Report as to Apple, paragraph 112 from Dr. Larson's Opening Report as to LG, and paragraph 110 from Dr. Larson's Opening Report as to Samsung relating to the doctrine of equivalents.  TOT reserves the right to have Dr. Larson opine in his Reply Report on aspects of the Court's constructions of terms that were not previously presented by the parties.  Dr. Larson may address any new constructions to the extent they affect the opinions presented in his Opening Report, including opinions involving the doctrine of equivalents.

Regards,
Gareth

**From:** Biggs, Brian <Brian.Biggs@us.dlapiper.com>
**Sent:** Wednesday, October 2, 2024 6:15 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com <TOTHausfeldTeam@hausfeld.com>;

bfarnan@farnanlaw.com <bfarnan@farnanlaw.com>; mfarnan@farnanlaw.com <mfarnan@farnanlaw.com>; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

**[EXTERNAL]**

Denise and Hillary,

Following up on last week's hearing, please provide by no later than **Monday, 10/7** TOT's justification for including new DOE theories for the preambles of the asserted claims in Dr. Larson's opening infringement reports. We now understand that TOT agrees it did not disclose the theories in its final infringement contentions, which is helpful, but we need to understand TOT's basis for why it believes it can add DOE theories in violation of the Court's August 17, 2022 order requiring TOT to disclose theories based on competing constructions.

To the extent TOT does not withdraw the paragraphs in dispute, please let us know when you are available to meet and confer on this dispute on **Tuesday or Wednesday** of next week.

Best regards,
Brian

Brian Biggs
Partner

T  +1 302 468 5661
F  +1 302 778 7813
M  +1 302 388 6903
brian.biggs@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

**From:** Biggs, Brian
**Sent:** Tuesday, September 24, 2024 4:08 PM
**To:** Hillary Bunson <hillarybunson@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

Dear Hillary,

In an effort to streamline tomorrow's proceedings and reduce the number of disputes before the Judge, Apple will not raise its motion to strike related to the iPhone 4S and date of first infringement opinions by Dr. Larson. Apple reserves all rights to raise the issue and other objections to Dr. Larson's opinions in the future, including in summary judgment and *Daubert* motions.

Best regards,
Brian

Brian Biggs

Partner

T  +1 302 468 5661
F  +1 302 778 7813
M  +1 302 388 6903
brian.biggs@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Friday, September 20, 2024 1:06 PM
**To:** Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

⚠ **EXTERNAL MESSAGE**

Brian,

This is fine.  Thanks


**Hillary N. Bunsow**
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

---

**From:** Biggs, Brian <Brian.Biggs@us.dlapiper.com>
**Sent:** Friday, September 20, 2024 8:25 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

**[EXTERNAL]**

Hillary,

Thank you again for the meet and confer yesterday.  I understand you've approved an email to the Court that Samsung sent you.  We have modified that email (below) to add the Apple-specific motion, too.

Dear Ms. Welham,

In addition to the dispute identified below, the parties respectfully request a discovery hearing on striking DOE opinions from Plaintiff's infringement expert reports.  Apple also seeks to strike Plaintiff's expert's opinions related to date of first infringement.

This issue affects defendants' rebuttal expert reports due on September 27, 2024.

Respectfully,

Please confirm we are clear to send this to Chambers in view of the impasses reached yesterday.  We will get you the specific paragraphs Apple seeks to strike regarding the iPhone 4S/first infringement issue.

Best,
Brian

## Brian Biggs
Partner



T  +1 302 468 5661
F  +1 302 778 7813
M  +1 302 388 6903
brian.biggs@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Thursday, September 19, 2024 10:09 AM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

> ⚠ EXTERNAL MESSAGE

Jeff and Michael,

TOT will not pursue the motion to strike discussed below against Apple and LG at this time, in reliance on Apple and LG's representations that they will not assert that the reference anticipates the asserted claims or renders the asserted claims obvious in combination with other prior art references.  Should Apple or LG make such contentions based on MSM6250 in the future, TOT reserves the right to renew its motion to strike.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Sent:** Wednesday, September 18, 2024 10:41 AM
**To:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

**[EXTERNAL]**

Hillary,

Apple will agree not to rely on the Qualcomm MSM6250 chip as an asserted prior art reference, which means Apple will not assert that it anticipates the asserted claims or renders the asserted claims obvious in combination with other prior art references. Apple reserves the right to rely on the chip in connection with Dr. Stark's opinions that the reference discloses certain claim elements for purposes of Graham factor analysis, noninfringing alternatives, and other damages or scope of invention issues.

Like LGE, Apple also does not approve of TOT sending the email you have drafted to the Court.

Regards,

Michael

Michael Strapp
Partner

T +1 617 406 6031
F +1 617 406 6174
M +1 917 518 3828
michael.strapp@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

**From:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>
**Sent:** Wednesday, September 18, 2024 1:19 PM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

Hillary,

LGE is willing to confirm that it does not intend to rely on the Qualcomm MSM6200/6250 and associated Qualcomm source code as asserted prior art that anticipates the asserted claims, or as asserted prior art in combination with other references that renders the asserted claims obvious, if TOT will drop its motion to strike as it pertains to LGE.

To be clear, we do not approve sending the below email.  Please let us know if you would like to discuss.

Best,
Jeff


## Jeff Castellano
Of Counsel

T  +1 302 468 5671
F  +1 302 691 4771
M  +1 570 814 9591
jeff.castellano@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Wednesday, September 18, 2024 1:25 AM
**To:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

> ⚠️ EXTERNAL MESSAGE

Counsel:

We will be sending this email to the court tomorrow (Wednesday).  Please send us any additions by 5 pm EST.

Dear Ms. Welham,

Plaintiff TOT Power Control, S.L. and Defendants LG Electronics USA, Inc., LG Electronics, Inc., Apple Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.  respectfully request a discovery hearing on striking from Defendants' expert reports any invalidity opinions relating to the Qualcomm MSM6250 chip.

This issue affects TOT's rebuttal expert reports due on September 27, 2024.


--------------------------------------

@Jeff:  You asked on the meet and confer today whether, if LG agrees not to advance invalidity theories based on the MSM6250 chip, such agreement would moot the dispute that is the subject of TOT's motion to strike.  As mentioned, we will consider any proposal you send.  Please send any such proposal ASAP so we can consider.

@Josh: We do not agree that the DOE issue should be submitted to the court with TOT's request. TOT just received Defendants' positions this morning, which we are still investigating. And we do not agree that this morning's meet and confer satisfied the conferral obligations—which I explicitly stated on the call.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Tuesday, September 17, 2024 5:30 PM
**To:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

**[EXTERNAL]**

Hillary,

Following up on today's meet-and-confer, Samsung opposes TOT's motion to strike for at the least the reason that the theories on which Samsung relies relating to the Qualcomm MSM6250 chipset were sufficiently disclosed in contentions.

Further, unless TOT agrees to withdraw Dr. Larson's improper DOE opinions that the defendants have identified, Samsung sees no reason why the two motions to strike should not be presented to the Court simultaneously.

Thanks,
Josh

**Joshua S. Reisberg** | BLANKROME
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Monday, September 16, 2024 4:20 PM
**To:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-

TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

Same for Samsung.


**Joshua S. Reisberg** | BLANK**ROME**
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

---

**From:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>
**Sent:** Monday, September 16, 2024 4:19 PM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com>; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

That time works for LGE.

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Monday, September 16, 2024 4:17 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

⚠️ EXTERNAL MESSAGE

Samsung/LG:  Are you available tomorrow at 1 pm ET?



**Hillary N. Bunsow**
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  | +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  | hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Sent:** Monday, September 16, 2024 1:07 PM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

**[EXTERNAL]**

Hillary,

One clarification: we are available tomorrow from 1-2 pm ET.  We are not available before noon ET tomorrow.

Thank you,

Michael

## Michael Strapp
Partner

T  +1 617 406 6031
F  +1 617 406 6174
M  +1 917 518 3828
michael.strapp@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Strapp, Michael G.
**Sent:** Monday, September 16, 2024 4:06 PM
**To:** 'Hillary Bunsow' <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

Hillary,

Apple is not available today.  We are available tomorrow either before noon ET or from 1-2 pm ET.

Regards,

Michael

## Michael Strapp
Partner

T  +1 617 406 6031
F  +1 617 406 6174
M  +1 917 518 3828

michael.strapp@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Monday, September 16, 2024 12:50 PM
**To:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

⚠ EXTERNAL MESSAGE

Counsel for Apple and LG:  Are you also available to meet and confer today at or after 5:30 pm ET?


**Hillary N. Bunsow**
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

---

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Monday, September 16, 2024 8:43 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

**[EXTERNAL]**

Hillary,

Samsung is available to meet and confer today at or after 5:30 PM ET.

Thanks,
Josh

**Joshua S. Reisberg** | BLANKROME
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Friday, September 13, 2024 3:34 PM
**To:** TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** Request for meet & confer re Qualcomm MSM6250

Counsel for Apple, LG and Samsung:

We intend to move the Court to strike from Defendants' expert reports any invalidity opinions relating to the Qualcomm MSM6250 chipset because Defendants' invalidity theories based on this product were not properly disclosed in the Defendants' Final Invalidity Contentions. While Defendants generally identified in their Final Invalidity Contentions the MSM6250 as prior art that might anticipate or render obvious TOT's patents, Defendants never provided a claim chart for MSM6250 disclosing their invalidity theories for the product.

Qualcomm produced material regarding the MSM6250 prior to the final invalidity contention deadline of February 23, 2024. However, Defendants did not provide a chart for the MSM6250 with their final invalidity contentions on February 23. Rather, Defendants included a footnote in their contentions stating that discovery from Qualcomm is ongoing, and that they reserved the right to supplement their contentions with a claim chart directed at MSM6250. But Defendants never supplemented their contentions with any such chart, even after obtaining additional discovery from Qualcomm.

TOT is prejudiced by Defendants' failure to disclose their MSM6250 invalidity theories per the schedule ordered by the Court, including because had the theories been disclosed, TOT could have questioned Qualcomm on the topic at the Qualcomm deposition on May 17 or sought additional discovery from Qualcomm.

Please let us know your availability for a meet and confer Monday. To the extent Defendants do not agree to withdraw the MSM6250 invalidity theories from their expert reports, we intend to send the following email to the Court. Please let us know if Defendants have anything to add.

Dear Ms. Welham,

Plaintiff TOT Power Control, S.L. and Defendants LG Electronics USA, Inc., LG Electronics, Inc., Apple Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. respectfully request a discovery hearing on striking from Defendants' expert reports any invalidity opinions relating to the Qualcomm MSM6250 chip.

This issue affects TOT's rebuttal expert reports due on September 27, 2024.



<span style="color:green">Hillary N. Bunsow</span>
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727 **o** | +1-707-738-2455 **m**
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com | hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

************************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

************************************************************************************************
******

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# EXHIBIT 5

## *1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc*

US District Court Docket

United States District Court, Delaware

(Wilmington)

**This case was retrieved on 09/18/2024**

# Header

**Case Number:** 1:20cv224
**Date Filed:** 02/14/2020
**Assigned To:** Judge Gregory B. Williams
**Nature of Suit:** Patent (830)
**Cause:** Patent Infringement
**Lead Docket:** None
**Other Docket:** None
**Jurisdiction:** Federal Question

**Class Code:** Closed
**Closed:** 12/01/2022
**Statute:** 35:1
**Jury Demand:** Defendant
**Demand Amount:** $0
**NOS Description:** Patent

# Participants

## Litigants

Vaxcel International Co., Ltd.
**Plaintiff**

## Attorneys

Frederick L. Cottrell , III
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
Richards, Layton & Finger, PA
One Rodney Square Suite 600 920 N. King Street
Wilmington, DE  19801
USA
(302)  658-6541 Email:Cottrell@rlf.Com

John E. Boyd
PRO HAC VICE;ATTORNEY TO BE NOTICED

,

Email:John.Boyd@fisherbroyles.Com

Katharine Lester Mowery
ATTORNEY TO BE NOTICED
Richards, Layton & Finger, PA
One Rodney Square Suite 600 920 N. King Street
Wilmington, DE  19801
USA
302-651-7623 Email:Mowery@rlf.Com

Richard M. Lehrer
PRO HAC VICE;ATTORNEY TO BE NOTICED

,

Email:Richard.Lehrer@fisherbroyles.Com

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| Litigants | Attorneys |
|-----------|-----------|

|  | Robert Mark Halligan<br>PRO HAC VICE;ATTORNEY TO BE NOTICED<br><br>,<br><br>Email:Rmark.Halligan@fisherbroyles.Com |
|  |  |

**Heathco LLC**
**Defendant**

Ronald P. Golden , III
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
Bayard, P.A.
600 N. King Street Ste 400
Wilmington, DE  19801
USA
302-429-4238 Fax: 302-658-6395
Email:Rgolden@bayardlaw.Com

Stephen B. Brauerman
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
Bayard, P.A.
600 N. King Street Suite 400
Wilmington, DE  19801
USA
(302) 655-5000 Fax: (302) 658-6395
Email:Sbrauerman@bayardlaw.Com

Brian Ledahl
PRO HAC VICE
[Terminated: 12/17/2020]

,

Email:Bledahl@raklaw.Com

Bryon Wasserman
PRO HAC VICE;ATTORNEY TO BE NOTICED

,

Email:Bryon@radip.Com

David C. Radulescu
PRO HAC VICE;ATTORNEY TO BE NOTICED

,

Email:David@radip.Com

David T. Shackelford
PRO HAC VICE
[Terminated: 01/28/2021]

,

Email:Dshackelford@raklaw.Com

Etai Lahav

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| Litigants | Attorneys |
|---|---|
| | PRO HAC VICE;ATTORNEY TO BE NOTICED |
| | , |
| | Email:Etai@radip.Com |
| | Jonathan Auerbach<br>PRO HAC VICE;ATTORNEY TO BE NOTICED |
| | , |
| | Email:Jonathan@radip.Com |
| | Kevin S. Kudlac<br>PRO HAC VICE;ATTORNEY TO BE NOTICED |
| | , |
| | Email:Kevin@radip.Com |
| | Larry C. Russ<br>PRO HAC VICE<br>[Terminated: 12/17/2020] |
| | , |
| | Email:Lruss@raklaw.Com |
| | Michael D. Sadowitz<br>PRO HAC VICE<br>[Terminated: 09/30/2021] |
| | Undeliverable Email 8/17/2021 |
| | , |
| | Minna Y. Chan<br>PRO HAC VICE<br>[Terminated: 01/28/2021] |
| | , |
| | Email:Mchan@raklaw.Com |
| | Paul A. Kroeger<br>PRO HAC VICE<br>[Terminated: 01/28/2021] |
| | , |
| | Email:Pkroeger@raklaw.Com |

## Proceedings

| # | Date | Proceeding Text | Source |
|---|---|---|---|

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 1 | 02/14/2020 | COMPLAINT - filed with Jury Demand against HeathCo LLC - Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311-2854064.) - filed by Vaxcel International Co., Ltd. (Attachments: # 1 Exhibit A-G, # 2 Exhibit H-L, # 3 Exhibit M, # 4 Exhibit N-Q, # 5 Civil Cover Sheet) (lak) (Entered: 02/18/2020) | |
| 2 | 02/14/2020 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (lak) (Entered: 02/18/2020) | |
| 3 | 02/14/2020 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) 10,136,503 ;10,187,947 ;10,491,032 ;10,225,902 ;10,516,292. (lak) (Entered: 02/18/2020) | |
| 4 | 02/14/2020 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Vaxcel International Co., Ltd.. (lak) (Entered: 02/18/2020) | |
| | 02/18/2020 | Summons Issued with Magistrate Consent Notice attached as to HeathCo LLC on 2/18/2020. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302-573-6170 and ask the Clerk to mail the summons to them. (lak) (Entered: 02/18/2020) | |
| 5 | 02/18/2020 | MOTION for Pro Hac Vice Appearance of Attorney Robert Mark Halligan and Richard Lehrer of FisherBroyles LLP - filed by Vaxcel International Co., Ltd.. (Cottrell, Frederick) (Entered: 02/18/2020) | |
| | 02/19/2020 | Case Assigned to Judge Leonard P. Stark. Please include the initials of the Judge (LPS) after the case number on all documents filed. (rjb) (Entered: 02/19/2020) | |
| 6 | 02/19/2020 | SUMMONS Returned Executed by Vaxcel International Co., Ltd.. HeathCo LLC served on 2/18/2020, answer due 3/10/2020. (Mowery, Katharine) (Entered: 02/19/2020) | |
| | 02/24/2020 | SO ORDERED, re 5 MOTION for Pro Hac Vice Appearance of Attorney Robert Mark Halligan and Richard Lehrer of FisherBroyles LLP filed by Vaxcel International Co., Ltd. Signed by Judge Leonard P. Stark on 2/24/20. (ntl) (Entered: 02/24/2020) | |
| | 02/24/2020 | Pro Hac Vice Attorney Richard Lehrer for Vaxcel International Co., Ltd. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (kmd) (Entered: 02/24/2020) | |
| | 02/24/2020 | Pro Hac Vice Attorney Robert Mark Halligan for Vaxcel International Co., Ltd. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mal) (Entered: 02/24/2020) | |
| 7 | 03/10/2020 | STIPULATION TO EXTEND TIME to move, answer, or otherwise respond to the Complaint to April 9, 2020 - filed by HeathCo LLC. (Brauerman, Stephen) (Entered: 03/10/2020) | |
| | 03/13/2020 | SO ORDERED, re 7 STIPULATION TO EXTEND TIME to move, answer, or otherwise respond to the Complaint to April 9, 2020 filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 3/13/20. (ntl) (Entered: 03/13/2020) | |
| 8 | 03/31/2020 | MOTION for Pro Hac Vice Appearance of Attorney Larry Russ and Brian Ledahl - filed by HeathCo LLC. (Attachments: # 1 Certification of Larry Russ, # 2 Certification of Brian Ledahl)(Brauerman, Stephen) (Entered: 03/31/2020) | |
| | 04/07/2020 | SO ORDERED, re 8 MOTION for Pro Hac Vice Appearance of Attorney Larry Russ and Brian Ledahl filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 4/7/20. (ntl) (Entered: 04/07/2020) | |
| 9 | 04/09/2020 | ANSWER to 1 Complaint, with Jury Demand / Defendant HeathCo, LLCs Answer and Affirmative Defenses by HeathCo LLC.(Brauerman, Stephen) (Entered: 04/09/2020) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 10 | 05/13/2020 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding request for scheduling conference. (Mowery, Katharine) (Entered: 05/13/2020) | |
| 11 | 05/13/2020 | ORAL ORDER: IT IS HEREBY ORDERED that the parties shall confer regarding proposed dates in the scheduling order and shall submit a proposal, including a proposal for the length and timing of trial, to the Court no later than May 27, 2020. The parties are to review the Court's form scheduling order, which is posted at http://www.ded.uscourts.gov (see Chambers, Judge Stark, New Patent Procedures). ORDERED by Judge Leonard P. Stark on 5/13/2020. (ntl) (Entered: 05/13/2020) | |
| | 05/15/2020 | Pro Hac Vice Attorney Brian Ledahl for HeathCo LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mal) (Entered: 05/15/2020) | |
| | 05/18/2020 | Pro Hac Vice Attorney Larry C. Russ for HeathCo LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mal) (Entered: 05/18/2020) | |
| 12 | 05/27/2020 | PROPOSED ORDER Patent Scheduling Order  by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 05/27/2020) | |
| 13 | 06/10/2020 | MOTION for Pro Hac Vice Appearance of Attorney Minna Y. Chan - filed by HeathCo LLC. (Attachments: # 1 Certification of Minna Y. Chan)(Brauerman, Stephen) (Entered: 06/10/2020) | |
| | 06/11/2020 | SO ORDERED, re 13 MOTION for Pro Hac Vice Appearance of Attorney Minna Y. Chan filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 6/11/20. (ntl) (Entered: 06/11/2020) | |
| 14 | 06/16/2020 | SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Status Report due by 8/13/2021. Dispositive Motions due by 3/25/2022. An Oral Argument is set for 5/24/2022 at 09:00 AM in Courtroom 6B before Judge Leonard P. Stark. Claim Construction Opening Brief due by 3/12/2021. Claim Construction Answering Brief due by 4/9/2021. A Markman Hearing is set for 5/3/2021 at 09:00 AM in Courtroom 6B before Judge Leonard P. Stark. Proposed Pretrial Order due by 7/15/2022. A Final Pretrial Conference is set for 8/5/2022 at 09:00 AM in Courtroom 6B before Judge Leonard P. Stark. A 7-day Jury Trial is set for 8/15/2022 at 09:00 AM in Courtroom 6B before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 6/16/20. (ntl) (Entered: 06/16/2020) | |
| | 06/16/2020 | CASE REFERRED to Chief Magistrate Judge Mary Pat Thynge for Mediation. Please see Standing Order dated January 20, 2016, regarding disclosure of confidential ADR communications. A link to the standing order is provided here for your convenience at https://www.ded.uscourts.gov/sites/ded/files/forms/StandingOrderf orADR-Mediation.pdf (cak) (Entered: 06/16/2020) | |
| 15 | 06/16/2020 | ORAL ORDER: This matter has been referred to Chief Magistrate Judge Mary Pat Thynge for ADR. Counsel are to advise on or before June 30, 2020 by a JOINT EMAIL to Judge Thynge, with a copy to her Judicial Administrator, Ms. Kennedy, their clients interest in mediation and the timing when mediation is preferred with a very brief explanation why. When referencing the timing for mediation, counsel rely on certain events in the scheduling order, for example, before claim construction briefing, after the close of discovery, before expert reports and the like, they are to include the date(s) on when such event(s) occur. Ordered by Chief Magistrate Judge Mary Pat Thynge on 6/16/20. (cak) (Entered: 06/16/2020) | |
| | 06/17/2020 | Pro Hac Vice Attorney Minna Y. Chan for HeathCo LLC added for | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mal) (Entered: 06/17/2020) | |
| 16 | 07/07/2020 | NOTICE OF SERVICE of Defendant Heathco LLCs Initial Disclosures filed by HeathCo LLC.(Brauerman, Stephen) (Entered: 07/07/2020) | |
| 17 | 07/07/2020 | NOTICE OF SERVICE of Plaintiff Vaxcel International Co., LTD's Initial Disclosures filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 07/07/2020) | |
| 18 | 07/15/2020 | NOTICE OF SERVICE of Defendant Heathco LLCs Default Standard for Discovery Section 3 Disclosures filed by HeathCo LLC.(Brauerman, Stephen) (Entered: 07/15/2020) | |
| 19 | 07/16/2020 | NOTICE OF SERVICE of Plaintiff's Disclosures Purusant to Section 3 of the Default Standard filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 07/16/2020) | |
| 20 | 07/16/2020 | STIPULATION TO EXTEND TIME to submit a Proposed Protective Order to July 23, 2020 - filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 07/16/2020) | |
| | 07/20/2020 | SO ORDERED, re 20 STIPULATION TO EXTEND TIME to submit a Proposed Protective Order to July 23, 2020 filed by Vaxcel International Co., Ltd. Signed by Judge Leonard P. Stark on 7/20/20. (ntl) (Entered: 07/20/2020) | |
| 21 | 07/20/2020 | MOTION for Pro Hac Vice Appearance of Attorney Paul A. Kroeger - filed by HeathCo LLC. (Attachments: # 1 Certification of Paul A. Kroeger)(Brauerman, Stephen) (Entered: 07/20/2020) | |
| | 07/23/2020 | SO ORDERED, re 21 MOTION for Pro Hac Vice Appearance of Attorney Paul A. Kroeger filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 7/23/20. (ntl) (Entered: 07/23/2020) | |
| | 07/23/2020 | Pro Hac Vice Attorney Paul A. Kroeger for HeathCo LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mal) (Entered: 07/23/2020) | |
| 22 | 07/23/2020 | PROPOSED ORDER Proposed Protective Order by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 07/23/2020) | |
| | 07/28/2020 | SO ORDERED, re 22 Proposed Protective Order filed by Vaxcel International Co., Ltd. Signed by Judge Leonard P. Stark on 7/28/20. (ntl) (Entered: 07/28/2020) | |
| 23 | 07/29/2020 | ORDER Setting Teleconference: Plaintiff's counsel to initiate the call. A Telephone Conference is set for 8/7/2020 at 11:00 AM Eastern Time with Judge Mary Pat Thynge to discuss ADR. Signed by Judge Mary Pat Thynge on 7/29/20. (cak) (Entered: 07/29/2020) | |
| 24 | 08/07/2020 | NOTICE OF SERVICE of Plaintiff's (1) Disclosures Pursuant to Paragraph 7(a) of the Scheduling Order; and (2) Production of the Prosecution History of Each Asserted Patent filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 08/07/2020) | |
| 25 | 08/18/2020 | ORAL ORDER Setting Teleconference: Defense counsel to initiate the call. A Telephone Conference is set for 11/30/2020 at 11:00 AM Eastern Time with Judge Mary Pat Thynge. Ordered by Judge Mary Pat Thynge on 8/18/20. (cak) (Entered: 08/18/2020) | |
| 26 | 09/29/2020 | MOTION Unopposed Motion for Leave to File a First Amended and Supplemental Complaint - filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Mowery, Katharine) (Entered: 09/29/2020) | |
| 27 | 09/29/2020 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding Motion for Leave to File Amended and Supplemental Complaint. (Attachments: # 1 Exhibit 1 (Tabs A-I), # 2 Exhibit 1 (Tabs J-O), # 3 Exhibit 1 (Tabs P-S))(Mowery, | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|----------------|--------|
| | | Katharine) (Entered: 09/29/2020) | |
| 28 | 09/29/2020 | EXHIBIT re 27 Letter,  by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit 1 (Tab T), # 2 Exhibit 1 (Tab U-X), # 3 Exhibit 1 (Tab (Y-Z), # 4 Exhibit 2)(Mowery, Katharine) (Entered: 09/29/2020) | |
| 29 | 10/05/2020 | ORDER re 26 MOTION Unopposed Motion for Leave to File a First Amended and Supplemental Complaint  filed by Vaxcel International Co., Ltd. Signed by Judge Leonard P. Stark on 10/1/20. (ntl) (Entered: 10/05/2020) | |
| 30 | 10/06/2020 | First AMENDED COMPLAINT  against HeathCo LLC- filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Patent/Trademark Report, # 2 Exhibit A-I, # 3 Exhibit J-O, # 4 Exhibit P-S)(Mowery, Katharine) (Entered: 10/06/2020) | |
| 31 | 10/06/2020 | EXHIBIT re 30 Amended Complaint  by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit T, # 2 Exhibit U-X, # 3 Exhibit Y-Z)(Mowery, Katharine) (Entered: 10/06/2020) | |
| 32 | 10/07/2020 | MOTION for Pro Hac Vice Appearance of Attorney David T. Shackelford - filed by HeathCo LLC. (Attachments: # 1 Certification David T. Shackelford)(Brauerman, Stephen) (Entered: 10/07/2020) | |
| | 10/09/2020 | SO ORDERED, re 32 MOTION for Pro Hac Vice Appearance of Attorney David T. Shackelford filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 10/9/20. (ntl) (Entered: 10/09/2020) | |
| | 10/13/2020 | Pro Hac Vice Attorney David T. Shackelford for HeathCo LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (myr) (Entered: 10/13/2020) | |
| 33 | 10/15/2020 | Joint STIPULATION TO EXTEND TIME for Defendant Heathco LLC to answer, move, or otherwise respond to Plaintiff's First Amended and Supplemental Complaint to November 19, 2020 - filed by HeathCo LLC. (Brauerman, Stephen) (Entered: 10/15/2020) | |
| | 10/16/2020 | SO ORDERED, re 33 Joint STIPULATION TO EXTEND TIME for Defendant Heathco LLC to answer, move, or otherwise respond to Plaintiff's First Amended and Supplemental Complaint to November 19, 2020 filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 10/16/20. (ntl) (Entered: 10/16/2020) | |
| 34 | 11/09/2020 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding the request for a scheduling conference - re 30 Amended Complaint. (Attachments: # 1 Exhibit)(Mowery, Katharine) (Entered: 11/09/2020) | |
| 35 | 11/19/2020 | AMENDED ANSWER to 30 Amended Complaint by HeathCo LLC. (Brauerman, Stephen) (Entered: 11/19/2020) | |
| 36 | 11/23/2020 | AMENDED SCHEDULING ORDER: Status Report due by 10/10/2021. Dispositive Motions due by 4/25/2022. An Oral Argument is set for 6/28/2022 at 11:00 AM in Courtroom 6B before Judge Leonard P. Stark. Joint Claim Construction Brief due by 7/19/2021. A Markman Hearing is set for 8/2/2021 at 09:00 AM in Courtroom 6B before Judge Leonard P. Stark. Proposed Pretrial Order due by 9/19/2022. A Final Pretrial Conference is set for 9/29/2022 at 04:00 PM in Courtroom 6B before Judge Leonard P. Stark. A 7-day Jury Trial is set for 10/11/2022 at 09:00 AM in Courtroom 6B before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 11/23/20. (ntl) (Entered: 11/23/2020) | |
| 37 | 11/30/2020 | MOTION for Pro Hac Vice Appearance of Attorney Michael Sadowitz, David Radulescu, and Etai Lahav - filed by HeathCo LLC. (Attachments: # 1 Certificate of Compliance, # 2 Certificate of Compliance, # 3 Certificate of Compliance)(Brauerman, Stephen) (Entered: 11/30/2020) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | 12/01/2020 | SO ORDERED, re 37 MOTION for Pro Hac Vice Appearance of Attorney Michael Sadowitz, David Radulescu, and Etai Lahav filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 12/1/20. (ntl) (Entered: 12/01/2020) | |
| 38 | 12/08/2020 | Letter to The Honorable Leonard P. Stark from Stephen B. Brauerman regarding Narrowing Claims. (Brauerman, Stephen) (Entered: 12/08/2020) | |
| 39 | 12/11/2020 | MOTION to Strike 38 Letter  - filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Mowery, Katharine) (Entered: 12/11/2020) | |
| 40 | 12/11/2020 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding Motion to Strike HeathCo's December 8, 2020 Letter Motion - re 39 MOTION to Strike 38 Letter . (Attachments: # 1 Exhibit A)(Mowery, Katharine) (Entered: 12/11/2020) | |
| 41 | 12/11/2020 | NOTICE OF SERVICE of Plaintiff's (1) Disclosures Pursuant to the Revised Scheduling Order and (2) Production of the Prosecution History of Each Asserted Patent filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 12/11/2020) | |
| 42 | 12/15/2020 | RESPONSE to Motion re 39 MOTION to Strike 38 Letter   filed by HeathCo LLC. (Brauerman, Stephen) (Entered: 12/15/2020) | |
| | 12/16/2020 | Pro Hac Vice Attorney Michael D. Sadowitz for HeathCo LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (myr) (Entered: 12/16/2020) | |
| | 12/16/2020 | Pro Hac Vice Attorney David C. Radulescu for HeathCo LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (myr) (Entered: 12/16/2020) | |
| | 12/16/2020 | Pro Hac Vice Attorney Etai Lahav for HeathCo LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (myr) (Entered: 12/16/2020) | |
| 43 | 12/16/2020 | NOTICE requesting Clerk to remove Larry C. Russ and Brian D. Ledahl as co-counsel. Reason for request: No longer representing Defendant. (Brauerman, Stephen) (Entered: 12/16/2020) | |
| 44 | 12/18/2020 | Letter to The Honorable Leonard P.Stark from Katharine L. Mowery regarding response to Heathco's response to motion to strike - re 42 Response to Motion. (Mowery, Katharine) (Entered: 12/18/2020) | |
| 45 | 12/18/2020 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding Request for Teleconference on Vaxcel's Motion to Strike - re 39 MOTION to Strike 38 Letter . (Mowery, Katharine) (Entered: 12/18/2020) | |
| 46 | 12/28/2020 | ORAL ORDER: Having reviewed the parties' recent letters (see D.I. 38-40, 42, 44-45), IT IS HEREBY ORDERED that Vaxcel's motion to strike a letter (D.I. 39) is DENIED. IT IS FURTHER ORDERED that the Court will hold a status teleconference on Wednesday, January 13, 2021 beginning at 10:30 a.m. Counsel shall provide the Court with the call-in information. In advance of the teleconference, the parties shall meet and confer and, no later than January 11, submit a joint status report providing (in addition to anything else they wish to report) their position(s) on narrowing the asserted patent claims, narrowing prior art references on which invalidity defenses may be based, and a procedure to accelerate at least some limited damages-related discovery (to allow the parties and Court to better assess, among other things, the amount of discovery likely to be proportional to the needs of the case). Ordered by Judge Leonard P. Stark on 12/28/2020. (etg) (Entered: 12/28/2020) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 47 | 01/11/2021 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding Joint Status Report - re 46 Oral Order,,,, Set Hearings,,,. (Attachments: # 1 Exhibit Vaxcel's Exhibits A-F)(Mowery, Katharine) (Entered: 01/11/2021) | |
| 48 | 01/12/2021 | ORAL ORDER: Having reviewed the parties' letter (D.I. 47), IT IS HEREBY ORDERED that the following provisions will govern (in addition to those the parties have agreed on: (i) Plaintiff will reduce its asserted claims to no more than 100, split however plaintiff chooses, by February 12, 2021; (ii) Defendant will reduce its prior art references to no more than 50 by March 12, 2021; (iii) Plaintiff will reduce its asserted claims to no more than 33 within 21 days after the issuance of the Markman order; (iv) Defendant will reduce its prior art references to no more than 30 within 21 days after Plaintiff's post-Markman order reduction of claims; and (v) the parties will brief no more than 15 claim construction disputes as part of the forthcoming Markman process. All of these limitations may be modified for good cause shown. The Court has determined, based on the totality of circumstances and the arguments made by the parties, that these limitations are reasonable and appropriate. Additional reductions on both sides will almost certainly become necessary (and possibly ordered) before trial, given the limited time the parties will be given for their trial presentations. IT IS FURTHER ORDERED that the teleconference scheduled for January 13 is cancelled. ORDERED by Judge Leonard P. Stark on 1/12/21. (ntl) (Entered: 01/12/2021) | |
| 49 | 01/13/2021 | NOTICE of Appearance by Ronald P. Golden, III on behalf of HeathCo LLC (Golden, Ronald) (Entered: 01/13/2021) | |
| 50 | 01/28/2021 | NOTICE OF SERVICE of Heathco LLC's First Set of Interrogatories (Nos. 1-12) and Heathco LLC's First Set of Requests for Production (Nos. 1-78) filed by HeathCo LLC.(Brauerman, Stephen) (Entered: 01/28/2021) | |
| 51 | 01/28/2021 | NOTICE requesting Clerk to remove Minna Y. Chan, Paul A. Kroeger, and David T. Shackelford as co-counsel. Reason for request: No longer representing Defendant. (Brauerman, Stephen) (Entered: 01/28/2021) | |
| 52 | 02/03/2021 | ORDER Setting Mediation Conferences: A Mediation Conference is set for 8/11/2021 at 10:00 AM Eastern Time before Judge Mary Pat Thynge. SEE ORDER FOR DETAILS. Signed by Judge Mary Pat Thynge on 2/3/21. (cak) (Entered: 02/03/2021) | |
| | 02/03/2021 | CORRECTING ENTRY: DI 53 removed from the docket. It was filed in the wrong case. (cak) (Entered: 02/03/2021) | |
| 53 | 02/12/2021 | STIPULATION and [Proposed] Order to Extend Time Regarding Contention Deadlines  by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 02/12/2021) | |
| | 02/16/2021 | SO ORDERED, re 53 STIPULATION and [Proposed] Order to Extend Time Regarding Contention Deadlines filed by Vaxcel International Co., Ltd. Signed by Judge Leonard P. Stark on 2/16/21. (ntl) (Entered: 02/16/2021) | |
| 54 | 02/19/2021 | NOTICE OF SERVICE of Plaintiff's Reduced Claim Identification and Initial Claim Charts filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 02/19/2021) | |
| 55 | 03/01/2021 | NOTICE OF SERVICE of Plaintiff's Objections and Responses to Defendant's: (1) First Set of Requests for Production (Nos. 1-75) and (2) First Set of Interrogatories (Nos. 1-12) filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 03/01/2021) | |
| 56 | 03/05/2021 | NOTICE OF SERVICE of (1) Plaintiff's First Set of Interrogatories (Nos. 1-13) to Defendant and (2) Plaintiff's First Set of Requests for the Production of Documents and Things (Nos. 1-74) to Defendant filed by Vaxcel International Co., Ltd..(Mowery, | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | Katharine) (Entered: 03/05/2021) | |
| 57 | 03/30/2021 | STIPULATION TO EXTEND TIME for Vaxcel to serve an amended claim chart pursuant to the Court's Revised Patent Form Scheduling Order (D.I. 36) shall be April 9, 2021 and the deadline for Heathco to serve its intial invalidity contentions pursuant to the Court's Revised Patent Form Scheduling Order (D.I. 36) is extended to April 2, 2021 - filed by HeathCo LLC. (Golden, Ronald) (Entered: 03/30/2021) | |
| 58 | 04/02/2021 | NOTICE OF SERVICE of Defendant Heathco LLC's Initial Invalidity Contentions filed by HeathCo LLC.(Golden, Ronald) (Entered: 04/02/2021) | |
| | 04/12/2021 | SO ORDERED, re 57 STIPULATION TO EXTEND TIME for Vaxcel to serve an amended claim chart pursuant to the Court's Revised Patent Form Scheduling Order (D.I. 36) shall be April 9, 2021 and the deadline for Heathco to serve its intial invalidity contentions pursuant to the Court's Revised Patent Form Scheduling Order (D.I. 36) is extended to April 2, 2021 filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 4/12/21. (ntl) (Entered: 04/12/2021) | |
| 59 | 04/12/2021 | NOTICE OF SERVICE of Heathco LLC's Document Production, Heathco LLC's Responses and Objections to Plaintiff's First Set of Interrogatories (Nos. 1-13), and Heathco LLC's Responses and Objections to Plaintiff's First Set of Requests for the Production of Documents and Things (Nos. 1-74) filed by HeathCo LLC.(Golden, Ronald) (Entered: 04/12/2021) | |
| 60 | 04/12/2021 | NOTICE OF SERVICE of Plaintiff's Supplemental Initial Infringement Claim Charts filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 04/12/2021) | |
| 61 | 04/20/2021 | NOTICE OF SERVICE of Heathco LLC's Preliminary Proposed Claim Terms and Constructions filed by HeathCo LLC.(Golden, Ronald) (Entered: 04/20/2021) | |
| 62 | 04/20/2021 | NOTICE OF SERVICE of Claim Construction Issue Identification filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 04/20/2021) | |
| 63 | 04/23/2021 | ORAL ORDER re 52 Order Setting Mediation Conferences. The mediation ORDER at D.I. 52 is modified as follows: The virtual platform information, shall be due no earlier or no later than 8/9/2021 at 5:00 PM Eastern Time. This may be provided in a single email, and any such information shall be provided to Judge Thynge and her Law Clerk, Daniel Taylor (daniel_taylor@ded.uscourts.gov). All other provisions of D.I. 52 remain the same. Ordered by Judge Mary Pat Thynge on 4/23/2021. (Taylor, Daniel) (Entered: 04/23/2021) | |
| 64 | 05/14/2021 | CLAIM Construction Chart by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit A-D, # 2 Exhibit E-K, # 3 Exhibit L-M)(Mowery, Katharine) (Entered: 05/14/2021) | |
| 65 | 06/18/2021 | NOTICE OF SERVICE of Heathco LLCs Claim Construction Answering Brief and this Notice of Service filed by HeathCo LLC.(Brauerman, Stephen) (Entered: 06/18/2021) | |
| 66 | 07/06/2021 | NOTICE OF SERVICE of Plaintiff's Opening Claim Construction Brief For U.S. Patent Nos. 10,136,503, 10,187,947, 10,491,032, 9,326,362, 10,225,902, 10,516,292, 10,763,691, 10,770,916, 10,154,564, 10,667,367 and 9,560,719 filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 07/06/2021) | |
| 67 | 07/06/2021 | NOTICE OF SERVICE of (1) Plaintiff's Reply Claim Construction Brief and (2) Declaration of Richard M. Lehrer, Esq. in Support of Plaintiff's Reply Claim Construction Brief filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 07/06/2021) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 68 | 07/16/2021 | NOTICE OF SERVICE of Heathco LLC's Claim Consruction Sur-Reply Brief, the Declaration of Michael D. Sadowitz in Support of Defendant Heathco LLC's Sur-Reply Claim Construction Brief and this Notice of Service filed by HeathCo LLC.(Golden, Ronald) (Entered: 07/16/2021) | |
| 69 | 07/19/2021 | JOINT CLAIM CONSTRUCTION BRIEF  filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 07/19/2021) | |
| 70 | 07/19/2021 | Joint APPENDIX re 69 Joint Claim Construction Brief  by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit Part 1, # 2 Exhibit Part 2, # 3 Exhibit Part 3, # 4 Exhibit Part 4)(Mowery, Katharine) (Entered: 07/19/2021) | |
| 71 | 07/21/2021 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding August 2 Markman Hearing. (Mowery, Katharine) (Entered: 07/21/2021) | |
| 72 | 07/28/2021 | MOTION for Pro Hac Vice Appearance of Attorney John E. Boyd - filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 07/28/2021) | |
| 73 | 07/28/2021 | MOTION for Pro Hac Vice Appearance of Attorney Kevin S. Kudlac - filed by HeathCo LLC. (Attachments: # 1 [Proposed] Order, # 2 Certification of Kevin S. Kudlac)(Golden, Ronald) (Entered: 07/28/2021) | |
| | 07/28/2021 | SO ORDERED, re 72 MOTION for Pro Hac Vice Appearance of Attorney John E. Boyd filed by Vaxcel International Co., Ltd., 73 MOTION for Pro Hac Vice Appearance of Attorney Kevin S. Kudlac filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 7/28/21. (ntl) (Entered: 07/28/2021) | |
| | 07/29/2021 | Pro Hac Vice Attorney John E. Boyd for Vaxcel International Co., Ltd. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (apk) (Entered: 07/29/2021) | |
| 74 | 07/30/2021 | ORAL ORDER: IT IS HEREBY ORDERED that at the Claim Construction Hearing on Monday, August 2, each side will have 2 hours for its presentation. Ordered by Judge Leonard P. Stark on 7/30/2021. (etg) (Entered: 07/30/2021) | |
| | 08/02/2021 | Minute Entry for proceedings held before Judge Leonard P. Stark - Markman Hearing held on 8/2/2021. (Court Reporter B. Gaffigan.) (ntl) (Entered: 08/02/2021) | |
| 75 | 08/17/2021 | Official Transcript of Claim Construction Hearing held on August 2, 2021 before Judge Leonard P. Stark. Court Reporter Brian Gaffigan, email: gaffigan@verizon.net. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 9/7/2021. Redacted Transcript Deadline set for 9/17/2021. Release of Transcript Restriction set for 11/15/2021. (bpg) (Entered: 08/17/2021) | |
| 76 | 08/20/2021 | NOTICE OF SERVICE of Index of Documents Responsive to Plaintiff's Requests for Production of Documents and Things Nos. 1-74 and document production filed by HeathCo LLC.(Golden, Ronald) (Entered: 08/20/2021) | |
| 77 | 08/27/2021 | ORDER Setting Mediation Conferences: A Video/Virtual Mediation Conference is set for 10/11/2021 at 10:00 AM before Judge Mary Pat Thynge. See ORDER for details. Signed by Judge Mary Pat Thynge on 8/27/2021. (Taylor, Daniel) (Entered: 08/27/2021) | |
| 78 | 09/29/2021 | STIPULATION to extend deadline to submit Interim Status Report to October 18, 2021 by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 09/29/2021) | |
| 79 | 09/30/2021 | NOTICE requesting Clerk to remove Michael D. Sadowitz as co- | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | counsel. Reason for request: No longer affiliated with Radulescu LLP. (Golden, Ronald) (Entered: 09/30/2021) | |
| 80 | 09/30/2021 | MOTION for Pro Hac Vice Appearance of Attorney Bryon Wasserman - filed by HeathCo LLC. (Golden, Ronald) (Entered: 09/30/2021) | |
| | 09/30/2021 | SO ORDERED, re 80 MOTION for Pro Hac Vice Appearance of Attorney Bryon Wasserman filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 9/30/21. (ntl) (Entered: 09/30/2021) | |
| | 10/01/2021 | Pro Hac Vice Attorney Bryon Wasserman for HeathCo LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (apk) (Entered: 10/01/2021) | |
| | 10/04/2021 | SO ORDERED, re 78 Stipulation and Order to Extend Time filed by Vaxcel International Co., Ltd. Signed by Judge Leonard P. Stark on 10/4/21. (ntl) (Entered: 10/04/2021) | |
| 81 | 10/14/2021 | REMARK: The Court recognizes that more than 60 days have passed since the claim construction hearing. The Court currently anticipates issuing its opinion and order regarding claim construction by on or around November 22. (ntl) (Entered: 10/14/2021) | |
| 82 | 10/18/2021 | Joint STATUS REPORT (Interim) by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 10/18/2021) | |
| 83 | 11/22/2021 | MEMORANDUM OPINION re claim construction. Signed by Judge Leonard P. Stark on 11/22/21. (ntl) (Entered: 11/22/2021) | |
| 84 | 11/22/2021 | ORDER re 83 Memorandum Opinion regarding claim construction. Signed by Judge Leonard P. Stark on 11/22/21. (ntl) (Entered: 11/22/2021) | |
| 85 | 12/06/2021 | MOTION for Reargument re 84 Order and Memorandum Opinion on Claim Construction - filed by Vaxcel International Co., Ltd.. (Attachments: # 2 Text of Proposed Order, # 2 7.1.1 Certification)(Mowery, Katharine) (Entered: 12/06/2021) | |
| 86 | 12/13/2021 | NOTICE OF SERVICE of Plaintiff Vaxcel International Co., Ltd.'s Second Reduction of Asserted Claims filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 12/13/2021) | |
| 87 | 12/16/2021 | PROPOSED ORDER Regarding Motion Briefing by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 12/16/2021) | |
| 88 | 12/16/2021 | MOTION to Re-Assert Claim 19 of 916 Patent, Claims 1 and 10 of 902 Patent and Claim 21 of 564 Patent - filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Mowery, Katharine) (Entered: 12/16/2021) | |
| 89 | 12/16/2021 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding Motion to Re-Assert - re 88 MOTION to Re-Assert Claim 19 of 916 Patent, Claims 1 and 10 of 902 Patent and Claim 21 of 564 Patent . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Mowery, Katharine) (Entered: 12/16/2021) | |
| 90 | 12/16/2021 | MOTION for Leave to File an Early Motion for Summary Judgment of Non-Infringement - filed by HeathCo LLC. (Attachments: # 1 Rule 7.1.1 Certificate, # 2 [Proposed] Order)(Golden, Ronald) (Entered: 12/16/2021) | |
| 91 | 12/16/2021 | Letter to The Honorable Leonard P. Stark from Ronald P. Golden III regarding Request for Leave to File Early Motion for Summary Judgment - re 90 MOTION for Leave to File an Early Motion for Summary Judgment of Non-Infringement. (Attachments: # 1 Exhibit A)(Golden, Ronald) (Entered: 12/16/2021) | |
| 92 | 12/16/2021 | MOTION to Require Plaintiff to Narrow Asserted Claims - filed by HeathCo LLC. (Attachments: # 1 Rule 7.1.1 Certificate, # 2 [Proposed] Order)(Golden, Ronald) (Entered: 12/16/2021) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 93 | 12/16/2021 | Letter to The Honorable Leonard P. Stark from Stephen B. Brauerman regarding Narrowing Claims - re 92 MOTION to Require Plaintiff to Narrow Asserted Claims . (Brauerman, Stephen) (Entered: 12/16/2021) | |
| | 12/17/2021 | SO ORDERED, re 87 PROPOSED ORDER Regarding Motion Briefing by Vaxcel International Co., Ltd.. Signed by Judge Leonard P. Stark on 12/17/2021. (etg) (Entered: 12/17/2021) | |
| 94 | 12/20/2021 | RESPONSE to Motion re 85 MOTION for Reargument re 84 Order and Memorandum Opinion on Claim Construction filed by HeathCo LLC. (Golden, Ronald) (Entered: 12/20/2021) | |
| 95 | 12/20/2021 | EXHIBIT re 94 Response to Motion / Exhibit 1 to Heathco's Opposition to Vaxcels Motion for Reargument and Reconsideration in Part of the Courts November 22, 2021 Order and Memorandum Opinion on Claim Construction by HeathCo LLC. (Golden, Ronald) (Entered: 12/20/2021) | |
| 96 | 12/21/2021 | REQUEST for Oral Argument by Vaxcel International Co., Ltd. re 88 MOTION to Re-Assert Claim 19 of 916 Patent, Claims 1 and 10 of 902 Patent and Claim 21 of 564 Patent , 85 MOTION for Reargument re 84 Order and Memorandum Opinion on Claim Construction. (Mowery, Katharine) (Entered: 12/21/2021) | |
| 97 | 12/27/2021 | Letter to Honorable Leonard P. Stark from Katherine Lester Mowery regarding Opposition - re 90 MOTION for Leave to File an Early Motion for Summary Judgment of Non-Infringement. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mowery, Katharine) (Entered: 12/27/2021) | |
| 98 | 12/27/2021 | Letter to Honorable Leonard P. Stark from Katherine Lester Mowery regarding Opposition - re 92 MOTION to Require Plaintiff to Narrow Asserted Claims . (Attachments: # 1 Exhibit A)(Mowery, Katharine) (Entered: 12/27/2021) | |
| 99 | 12/27/2021 | Letter to The Honorable Leonard P. Stark from Stephen B. Brauerman regarding Opposition to Vaxcel's Motion to Re-Assert Claim 19 of the '916 Patent, Claims 1 and 10 of the '902 Patent and Claim 21 of the '564 Patent - re 88 MOTION to Re-Assert Claim 19 of 916 Patent, Claims 1 and 10 of 902 Patent and Claim 21 of 564 Patent , 89 Letter,. (Attachments: # 1 Exhibit 1)(Brauerman, Stephen) (Entered: 12/27/2021) | |
| 100 | 12/30/2021 | Letter to Honorable Leonard P. Stark from Katharine Lester Mowery regarding Reply in Support - re 88 MOTION to Re-Assert Claim 19 of 916 Patent, Claims 1 and 10 of 902 Patent and Claim 21 of 564 Patent . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mowery, Katharine) (Entered: 12/30/2021) | |
| 101 | 12/30/2021 | Letter to The Honorable Leonard P. Stark from Ronald P. Golden III regarding Reply Letter Requesting Leave to File Early Motion for Summary Judgment - re 90 MOTION for Leave to File an Early Motion for Summary Judgment of Non-Infringement. (Attachments: # 1 Exhibit A)(Golden, Ronald) (Entered: 12/30/2021) | |
| 102 | 12/30/2021 | Letter to The Honorable Leonard P. Stark from Stephen B. Brauerman regarding Reply in Support of Motion to Further Limit Claims - re 92 MOTION to Require Plaintiff to Narrow Asserted Claims . (Brauerman, Stephen) (Entered: 12/30/2021) | |
| 103 | 01/03/2022 | NOTICE of Service of Reduction of Prior Art by HeathCo LLC (Golden, Ronald) (Entered: 01/03/2022) | |
| 104 | 01/13/2022 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding Correction to Statement in HeathCo Letter - re 101 Letter,. (Attachments: # 1 Exhibit 1)(Mowery, Katharine) (Entered: 01/13/2022) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 105 | 01/18/2022 | NOTICE OF SERVICE of Defendant Heathco LLC's Second Set of Interrogatories (NOS. 13-20) filed by HeathCo LLC.(Golden, Ronald) (Entered: 01/18/2022) | |
| 106 | 01/19/2022 | NOTICE to Take Deposition of Scott Tylicki on February 17, 2022 filed by Vaxcel International Co., Ltd..(Delcollo, Renee) (Entered: 01/19/2022) | |
| 107 | 01/19/2022 | NOTICE to Take Deposition of Kenny Ramsey on February 17, 2022 filed by Vaxcel International Co., Ltd..(Delcollo, Renee) (Entered: 01/19/2022) | |
| 108 | 01/19/2022 | NOTICE to Take Deposition of HealthCo LLC on February 18, 2022 filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Schedule A)(Delcollo, Renee) (Entered: 01/19/2022) | |
| 109 | 01/21/2022 | NOTICE to Take Deposition of Chia-Teh Chen on February 10, 2022 at 9:00 a.m. filed by HeathCo LLC.(Golden, Ronald) (Entered: 01/21/2022) | |
| 110 | 01/21/2022 | NOTICE to Take Deposition of Zhou Xu on February 15, 2022 at 9:00 a.m. filed by HeathCo LLC.(Golden, Ronald) (Entered: 01/21/2022) | |
| 111 | 01/21/2022 | NOTICE to Take Deposition of Thomas Chen on February 14, 2022 at 9:00 a.m. filed by HeathCo LLC.(Golden, Ronald) (Entered: 01/21/2022) | |
| 112 | 01/21/2022 | NOTICE to Take Deposition of Richard Chen on February 11, 2022 at 9:00 a.m. filed by HeathCo LLC.(Golden, Ronald) (Entered: 01/21/2022) | |
| 113 | 01/21/2022 | NOTICE to Take Deposition of Plaintiff Vaxcel International Co., Ltd on February 7, 2022 at 9:00 a.m. filed by HeathCo LLC.(Golden, Ronald) (Entered: 01/21/2022) | |
| 114 | 01/21/2022 | NOTICE OF SERVICE of (1) Plaintiff's Second Set of Interrogatories (Nos. 14-28) to Defendant and (2) Plaintiff's Second Set of Requests for the Production of Documents and Things (Nos. 75-86) to Defendant filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 01/21/2022) | |
| 115 | 01/21/2022 | NOTICE OF SERVICE of Defendant Heathco LLC's First Set of Requests for Admission (NOS. 1-62) filed by HeathCo LLC.(Golden, Ronald) (Entered: 01/21/2022) | |
| 116 | 01/31/2022 | MOTION to Stay Discovery Pending Resolution of Pending Motions or in the Alternative to Extend the Deadlines for Discovery - filed by Vaxcel International Co., Ltd.. (Attachments: # 1 7.1.1 Certification)(Mowery, Katharine) (Entered: 01/31/2022) | |
| 117 | 01/31/2022 | OPENING BRIEF in Support re 116 MOTION to Stay Discovery Pending Resolution of Pending Motions or in the Alternative to Extend the Deadlines for Discovery  filed by Vaxcel International Co., Ltd..Answering Brief/Response due date per Local Rules is 2/14/2022. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mowery, Katharine) (Entered: 01/31/2022) | |
| 118 | 01/31/2022 | Letter to Honorable Leonard P. Stark from Katherine L. Mowery regarding Request for expedited Briefing and oral argument on Motion to Stay Discovery - re 116 MOTION to Stay Discovery Pending Resolution of Pending Motions or in the Alternative to Extend the Deadlines for Discovery. (Attachments: # 1 Text of Proposed Order)(Mowery, Katharine) (Entered: 01/31/2022) | |
| 119 | 02/01/2022 | ORAL ORDER: Having considered Vaxcel's letter (D.I. 118) regarding its motion to stay discovery pending resolution of certain motions or, in the alternative, to extend discovery deadlines (see D.I. 116, 117), IT IS HEREBY ORDERED that: (i) HeathCo shall file a responsive letter of no more than five pages by no later than 10:00 a.m. tomorrow, February 2; and (ii) Vaxcel may file a reply letter of no more than two pages by no later than 6:00 p.m. | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | tomorrow, February 2. ORDERED by Judge Leonard P. Stark on 2/1/22. (ntl) (Entered: 02/01/2022) | |
| 120 | 02/02/2022 | Letter to The Honorable Leonard P. Stark from Stephen B. Brauerman regarding Response Letter to Vaxcel International Co., Ltd.'s Expedited Motion to Stay - re 116 MOTION to Stay Discovery Pending Resolution of Pending Motions or in the Alternative to Extend the Deadlines for Discovery, 117 Opening Brief in Support, 119 Order,,. (Brauerman, Stephen) (Entered: 02/02/2022) | |
| 121 | 02/02/2022 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding Reply in Support of Motion to Stay Discovery Pending Resolution of Pending Motions or in the Alternative to Extend the Deadlines for Discovery - re 116 MOTION to Stay Discovery Pending Resolution of Pending Motions or in the Alternative to Extend the Deadlines for Discovery. (Attachments: # 1 Exhibit 1)(Mowery, Katharine) (Entered: 02/02/2022) | |
| 122 | 02/03/2022 | MEMORANDUM ORDER: IT IS HEREBY ORDERED that (a) Vaxcel's motion for reargument and reconsideration (D.I. 85) is DENIED; (b) Vaxcel's motion to reassert certain patent claims (D.I. 88) is GRANTED IN PART and DENIED IN PART; (c) HeathCo's motion for leave to file an early motion for summary judgment of noninfringement (D.I. 90) is DENIED; (d) HeathCo's motion to require Vaxcel to narrow the asserted claims (D.I. 92) is DENIED; and (e) Vaxcel's motion to stay discovery (D.I. 116) is DENIED. Signed by Judge Leonard P. Stark on 2/3/22. (ntl) (Entered: 02/03/2022) | |
| 123 | 02/04/2022 | Letter to The Honorable Leonard P. Stark from Stephen B. Brauerman regarding Joint Status Report - re 122 Memorandum and Order,,. (Attachments: # 1 Exhibit A)(Brauerman, Stephen) (Entered: 02/04/2022) | |
| 124 | 02/08/2022 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding request for a Discovery Teleconference. (Mowery, Katharine) (Entered: 02/08/2022) | |
| 125 | 02/09/2022 | REVISED SCHEDULING ORDER: Dispositive Motions due by 6/16/2022. Oral Argument is set for 8/9/2022 at 10:00 AM before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 2/8/22. (ntl) (Entered: 02/09/2022) | |
| 126 | 02/09/2022 | NOTICE OF SERVICE of Third Reduction of Asserted Claims, Amended Identification of Accused Products, and Final Claim Charts filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 02/09/2022) | |
| 127 | 02/16/2022 | NOTICE OF SERVICE of Defendant Heathco LLC's Final Invalidity Contentions and Defendant Heathco LLC's Reduction of Prior Art filed by HeathCo LLC.(Brauerman, Stephen) (Entered: 02/16/2022) | |
| 128 | 02/18/2022 | NOTICE to Take Deposition of John Boxell on February 28, 2022 at 9:00 a.m.(EST) filed by HeathCo LLC.(Brauerman, Stephen) (Entered: 02/18/2022) | |
| 129 | 02/21/2022 | NOTICE of Subpoena to Kenny Ramsey by Vaxcel International Co., Ltd.  (Attachments: # 1 Exhibit)(Delcollo, Renee) (Entered: 02/21/2022) | |
| 130 | 02/22/2022 | NOTICE OF SERVICE of (1) Vaxcel International Co., Ltd.s Response and Objections to HeathCo, LLCs Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and (2) Plaintiffs Objections and Reponses to Defendants First Set Of Requests For Admission (RFA Nos. 1-62) filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 02/22/2022) | |
| 131 | 02/22/2022 | NOTICE OF SERVICE of Defendant Heathco LLCs Objections and Responses to Plaintiffs Notice of Deposition Pursuant to Rule | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | 30(B)(6) filed by HeathCo LLC.(Golden, Ronald) (Entered: 02/22/2022) | |
| 132 | 02/24/2022 | Amended NOTICE of Subpoena to Kenny Ramsey by Vaxcel International Co., Ltd.  (Attachments: # 1 Exhibit A)(Mowery, Katharine) (Entered: 02/24/2022) | |
| 133 | 02/24/2022 | NOTICE to Take Deposition of Chia-Teh Chen on March 3, 2022 at 9:00 a.m. (EST) filed by HeathCo LLC.(Golden, Ronald) (Entered: 02/24/2022) | |
| 134 | 02/24/2022 | NOTICE OF SERVICE of Plaintiff's Objections and Responses to Defendant's Second Set of Interrogatories (Nos. 13-20) filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 02/24/2022) | |
| 135 | 03/01/2022 | NOTICE OF SERVICE of Defendant Heathco LLCs Responses and Objections to Plaintiffs Second Set of Interrogatories (NOS. 14-28) and Defendant Heathco LLCs Restricted-Attorneys Eyes Only-Responses and Objections to Plaintiffs Second Set of Requests for the Production of Documents and Things (NOS. 75-86) filed by HeathCo LLC.(Golden, Ronald) (Entered: 03/01/2022) | |
| 136 | 03/01/2022 | NOTICE OF SERVICE of HeathCo LLC's document production filed by HeathCo LLC.(Golden, Ronald) (Entered: 03/01/2022) | |
| 137 | 03/02/2022 | MOTION for Pro Hac Vice Appearance of Attorney Jonathan Auerbach - filed by HeathCo LLC. (Attachments: # 1 [Proposed] Order, # 2 Certification of Jonathan Auerbach)(Golden, Ronald) (Entered: 03/02/2022) | |
| | 03/02/2022 | SO ORDERED, re 137 MOTION for Pro Hac Vice Appearance of Attorney Jonathan Auerbach filed by HeathCo LLC. Signed by Judge Leonard P. Stark on 3/2/22. (ntl) (Entered: 03/02/2022) | |
| | 03/03/2022 | Pro Hac Vice Attorney Kevin S. Kudlac and Jonathan Auerbach for HeathCo LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mal) (Entered: 03/03/2022) | |
| 138 | 03/04/2022 | NOTICE OF SERVICE of Plaintiff's First Supplemental Objections and Responses to Defendant's First Set of Interrogatories (Nos. 4 and 7) filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 03/04/2022) | |
| 139 | 03/08/2022 | Letter to The Honorable Leonard P. Stark from Katharine L. Mowery regarding the scheduling of a discovery teleconference - re 14 Scheduling Order,,.. (Mowery, Katharine) (Entered: 03/08/2022) | |
| 140 | 03/09/2022 | NOTICE OF SERVICE of Plaintiff's Second Supplemental and Amended Objections and Responses to Defendant's First Set of Interrogatories (No. 7) filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 03/09/2022) | |
| 141 | 03/10/2022 | Letter to The Honorable Leonard P. Stark from Stephen B. Brauerman regarding Scheduling of a Discovery Teleconference - re 14 Scheduling Order,,.. (Brauerman, Stephen) (Entered: 03/10/2022) | |
| 142 | 03/15/2022 | MOTION Plaintiff's Unopposed Motion for Leave to Take Deposition of Kenny Ramsey After Fact Discovery Deadline re 125 Scheduling Order, 129 Notice (Other), 132 Notice (Other)  - filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 03/15/2022) | |
| 143 | 03/15/2022 | EXHIBIT re 142 MOTION Plaintiff's Unopposed Motion for Leave to Take Deposition of Kenny Ramsey After Fact Discovery Deadline re 125 Scheduling Order, 129 Notice (Other), 132 Notice (Other)   by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 03/15/2022) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 144 | 03/15/2022 | STIPULATION TO EXTEND TIME for Defendant HeathCo LLC to continue the deposition of Richard Chen after close of fact discovery to March 17, 2022 - filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 03/15/2022) | |
| 145 | 03/15/2022 | NOTICE OF SERVICE of Defendant HeathCo LLC's Supplemental Invalidity Contentions and Defendant HeathCo LLC's First Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories (Nos. 2, 9, 11) filed by HeathCo LLC.(Golden, Ronald) (Entered: 03/15/2022) | |
| 146 | 03/15/2022 | NOTICE OF SERVICE of Plaintiff's First Supplemental Objections and Responses to Defendant's: (1) First Set of Interrogatories (No. 2) and (2) Second Set of Interrogatories (No. 13) filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 03/15/2022) | |
| 147 | 03/15/2022 | Letter to the Honorable Leonard P. Stark from Stephen B. Brauerman regarding discovery dispute - re 14 Scheduling Order,,.. (Brauerman, Stephen) (Entered: 03/15/2022) | |
| | 03/22/2022 | Case Reassigned to Judge Leonard P. Stark of the United States Court of Appeals for the Federal Circuit. Please include the initials of the Judge (LPS) after the case number on all documents filed. (etg) (Entered: 03/22/2022) | |
| 148 | 03/22/2022 | ORDER granting 142 MOTION Plaintiff's Unopposed Motion for Leave to Take Deposition of Kenny Ramsey After Fact Discovery Deadline re 125 Scheduling Order, 129 Notice (Other), 132 Notice (Other) . Signed by Judge Leonard P. Stark on 3/22/2022. (etg) (Entered: 03/22/2022) | |
| | 03/22/2022 | SO ORDERED, re 144 STIPULATION TO EXTEND TIME for Defendant HeathCo LLC to continue the deposition of Richard Chen after close of fact discovery to March 17, 2022 filed by Vaxcel International Co., Ltd. Signed by Judge Leonard P. Stark on 3/22/2022. (etg) (Entered: 03/22/2022) | |
| | 03/22/2022 | Case Reassigned to Vacant Judgeship (2022). Please include initials of VAC after the case number on all documents filed. (etg) (Entered: 03/22/2022) | |
| 149 | 03/22/2022 | ORAL ORDER: This case has been assigned to the District of Delaware's Vacant Judgeship ("VAC"). Detailed information relating to VAC cases may be found in the Court's Announcement of March 3, 2022 and Standing Order No. 2022-3 (March 16, 2022), which are available on the Court's website. Consistent with the foregoing Announcement and Standing Order, IT IS HEREBY ORDERED that: The parties shall file the "Notice of Consent or Absence of Consent to Proceed Before A United States Magistrate Judge," being docketed along with the instant Order, no later than fourteen (14) days after the date of this Order. IT IS FURTHER ORDERED that any order referring any part of this case to a Magistrate Judge is VACATED. Unless the parties consent to having a Magistrate Judge handle this case, a referral order will be entered to permit a Magistrate Judge (to be selected by the Court) to do only the following: (a) adjudicate discovery (including fact and expert discovery) and protective order disputes; (b) issue or modify a scheduling order; (c) review stipulated orders and pro hac vice motions; and (d) review requests for mediation in cases other than patent and securities cases. IT IS FURTHER ORDERED that any scheduling order that has been entered in this case is AMENDED such as follows: (a) the dates for any motions hearings are VACATED; and (b) the dates for any claim construction hearings are VACATED. Issued by the Clerk of Court on 3/22/2022. (etg) (Entered: 03/22/2022) | |
| 150 | 03/22/2022 | VAC Notice, Consent, Non-Consent, Magistrate Referral (etg) (Entered: 03/22/2022) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 151 | 03/23/2022 | MOTION to Strike Untimely Invalidity Contentions - filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Mowery, Katharine) (Entered: 03/23/2022) | |
| 152 | 03/23/2022 | [SEALED] OPENING BRIEF in Support re 151 MOTION to Strike Untimely Invalidity Contentions  filed by Vaxcel International Co., Ltd..Answering Brief/Response due date per Local Rules is 4/6/2022. (Attachments: # 1 Exhibit A - C)(Mowery, Katharine) (Entered: 03/23/2022) | |
| 153 | 03/24/2022 | NOTICE to Take Deposition of Kenny Ramsey on April 6, 2022 filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit A - Subpoena)(Mowery, Katharine) (Entered: 03/24/2022) | |
| 154 | 03/24/2022 | NOTICE OF SERVICE of Plaintiff's First Supplemental Objections and Responses to Defendant's Second Set of Interrogatories (No. 19) filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 03/24/2022) | |
| 155 | 03/30/2022 | [SEALED] Letter to Vacant Judgeship from Stephen B. Brauerman regarding Heathco LLC's Response to Vaxcel International Co., Ltd.'s Motion to Strike Contentions - re 151 MOTION to Strike Untimely Invalidity Contentions. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Certificate of Service)(Brauerman, Stephen) (Entered: 03/30/2022) | |
| 156 | 03/30/2022 | REDACTED VERSION of 152 Opening Brief in Support,  by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit A-C)(Mowery, Katharine) (Entered: 03/30/2022) | |
| 157 | 03/31/2022 | NOTICE OF SERVICE of Defendant Heathco LLC's Second Supplemental Invalidity Contentions filed by HeathCo LLC.(Golden, Ronald) (Entered: 03/31/2022) | |
| 158 | 03/31/2022 | VAC Magistrate Non-Consent completed by the parties filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 03/31/2022) | |
| 159 | 04/01/2022 | NOTICE OF SERVICE of Supplemental Amended Identification of Accused Products filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 04/01/2022) | |
| | 04/04/2022 | CASE NO LONGER REFERRED to Chief Magistrate Judge Thynge for the purpose of exploring ADR. Pursuant to the Court's Standing Order No. 2022-2, dated March 14, 2022, "[u]nless otherwise directed by the Court, Magistrate Judges will no longer engage in alternative dispute resolution of patent and securities cases." See also  28 U.S.C.  652(b). (Taylor, Daniel) (Entered: 04/04/2022) | |
| 160 | 04/04/2022 | Letter to Vacant Judgeship from Stephen B. Brauerman regarding Request for Discovery Teleconference. (Brauerman, Stephen) (Entered: 04/04/2022) | |
| 161 | 04/04/2022 | [SEALED] REPLY BRIEF re 151 MOTION to Strike Untimely Invalidity Contentions  filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mowery, Katharine) (Entered: 04/04/2022) | |
| 162 | 04/04/2022 | Letter to U.S. District Court for the District of Delaware from Katharine L. Mowery regarding teleconference - re 151 MOTION to Strike Untimely Invalidity Contentions. (Mowery, Katharine) (Entered: 04/04/2022) | |
| 163 | 04/06/2022 | ORAL ORDER: The parties having filed the appropriate form advising the Court that they do not unanimously consent to the jurisdiction of a Magistrate Judge, IT IS HEREBY ORDERED that, until further order of the Court, this case will remain assigned to the VAC (2022) docket. IT IS FURTHER ORDERED that this case | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | is referred to Magistrate Judge Christopher J. Burke solely for the following purposes: (1) to adjudicate discovery (including fact and expert discovery) and protective order disputes; (2) to issue or modify a scheduling order; (3) to review stipulated orders and pro hac vice motions; and (4) to review requests for mediation in cases other than patent and securities cases. Issued by the Clerk of Court on 4/6/22. (ntl) (Entered: 04/06/2022) | |
| 164 | 04/06/2022 | REDACTED VERSION of 155 Letter,,  by HeathCo LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Brauerman, Stephen) (Entered: 04/06/2022) | |
| 165 | 04/08/2022 | NOTICE OF SERVICE of Defendant Heathco LLC's Expert Report of Thomas M. Katona, PH.D. filed by HeathCo LLC.(Golden, Ronald) (Entered: 04/08/2022) | |
| 166 | 04/08/2022 | ORAL ORDER: The Court, having reviewed the case history in light of the April 6, 2022 referral, hereby ORDERS that going forward, the procedures for resolving a dispute relating to fact discovery shall be as follows: Should counsel find, after good faith efforts including verbal communication among Delaware and Lead Counsel for all parties to the dispute, that they are unable to resolve a discovery matter, the parties involved in the dispute shall submit a joint letter with the text set out in the Court's standard Rule 16 Scheduling Order - Patent, which can be found in the "Forms" tab of Magistrate Judge Burke's page on the District Court's website. The moving party (i.e., the party seeking relief from the Court) should also file a Motion For Teleconference To Resolve Discovery Dispute. The suggested text for this motion can be found in the same Forms tab. The Court will thereafter set a discovery dispute telephone conference and letter briefing schedule. Ordered by Judge Christopher J. Burke on 4/8/2022. (dlb) (Entered: 04/08/2022) | |
| 167 | 04/08/2022 | NOTICE OF SERVICE of (1) the expert report of Paul Min and (2) the expert report of David Haas filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 04/08/2022) | |
| | 04/08/2022 | REMARK: The parties should be aware that the Court encourages the participation of newer attorneys in courtroom proceedings and at oral argument. Please see the Court's Standing Order Regarding Courtroom Opportunities for Newer Attorneys, a link to which is provided here for the parties' convenience:http://www.ded.uscourts.gov/sites/ded/files/forms/StandingOrder2017.pdf (dlb) (Entered: 04/08/2022) | |
| | 04/08/2022 | Remark: The parties should follow the Courts Standing Order Regarding Courtesy Copies, a copy of which is found on Judge Burkes portion of the District Courts webpage: https://www.ded.uscourts.gov/sites/ded/files/CJB%20Standing%20Order% 20re%20Copies%202021.pdf (dlb) (Entered: 04/08/2022) | |
| 168 | 04/08/2022 | MOTION for Leave to File an Amended Answer - filed by HeathCo LLC. (Attachments: # 1 [Proposed] Order)(Brauerman, Stephen) (Entered: 04/08/2022) | |
| 169 | 04/08/2022 | [SEALED] Letter to Vacant Judgeship from Stephen B. Brauerman regarding Heathco, LLC's Motion for Leave to Amend its Answer to Assert Defenses and Counterclaims of Unclean Hands and Inequitable Conduct - re 168 MOTION for Leave to File an Amended Answer. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Certificate of Service)(Brauerman, Stephen) (Entered: 04/08/2022) | |

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 170 | 04/11/2022 | REDACTED VERSION of 161 Reply Brief by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit A-B)(Delcollo, Renee) (Entered: 04/11/2022) | |
| 171 | 04/13/2022 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) 10,136,503 ;10,187,947 ;10,491,032 ;10,225,902 ;10,516,292  See Exhibit A for Additional Patent/Trademark Numbers. (Attachments: # 1 Exhibit A)(Mowery, Katharine) (Entered: 04/13/2022) | |
| 172 | 04/18/2022 | Letter to The Honorable Christopher J. Burke from Stephen B. Brauerman regarding Discovery Letter - re 166 Oral Order,,,,. (Brauerman, Stephen) (Entered: 04/18/2022) | |
| 173 | 04/18/2022 | [SEALED] ANSWERING BRIEF in Opposition re 168 MOTION for Leave to File an Amended Answer filed by Vaxcel International Co., Ltd..Reply Brief due date per Local Rules is 4/25/2022. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mowery, Katharine) (Entered: 04/18/2022) | |
| 174 | 04/18/2022 | STIPULATION TO EXTEND TIME for Defendant HeathCo LLC's deadline to file a public version of its Letter to the Court Regarding HeathCo, LLC's Motion for Leave to Amend its Answer to Assert Defenses and Counterclaims of Unclean Hands and Inequitable Conduct is extended to April 20, 2022 - filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 04/18/2022) | |
| | 04/19/2022 | SO ORDERED D.I. 174 STIPULATION TO EXTEND TIME for Defendant HeathCo LLC's deadline to file a public version of its Letter to the Court Regarding HeathCo, LLC's Motion for Leave to Amend its Answer to Assert Defenses and Counterclaims of Unclean Hands and Inequ filed by Vaxcel International Co., Ltd. Ordered by Judge Christopher J. Burke on 4/19/2022. (mlc) (Entered: 04/19/2022) | |
| 175 | 04/20/2022 | ORAL ORDER Setting Teleconference: The Court, having reviewed the parties' April 18, 2022 letter requesting a discovery dispute teleconference regarding six discovery disputes, (D.I. 172), hereby ORDERS as follows: (1) With respect to the four discovery disputes raised by Defendant (Items 1-4), a discovery dispute teleconference is set for May 9, 2022 at 3:00 pm before Judge Christopher J. Burke. By April 26, 2022, Defendant shall file with the Court a letter, not to exceed three (3) single-spaced pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. By May 2, 2022, Plaintiff may file a letter, not to exceed three (3) single-spaced pages, in no less than 12-point font, outlining its reasons for its opposition. By May 2, 2022, the parties shall jointly provide the Court's Courtroom Deputy, Deborah Benyo, with a dial-in number via e-mail to use for the call. By May 2, 2022, Defendant shall file a "Motion for Teleconference to Resolve Discovery Dispute" with regard to this teleconference, the text of which can be found in the "Forms" tab of Judge Burke's page on the District Court's website.; (2) With respect to the two discovery disputes raised by Plaintiff (Items 5-6), a discovery dispute teleconference is set for May 16, 2022 at 2:00 pm before Judge Christopher J. Burke. By April 27, 2022, Plaintiff shall file with the Court a letter, not to exceed three (3) single-spaced pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. By May 4, 2022, Defendant shall file a letter, not to exceed three (3) single-spaced pages, in no less than 12-point font, outlining its reasons for its opposition. By no later than May 4, 2022, the parties shall jointly provide the Court's Courtroom Deputy, Deborah Benyo, with a dial-in number via e-mail to use for the call. By May 4, 2022, Plaintiff shall file a "Motion for Teleconference to Resolve Discovery Dispute" with regard to this teleconference, the text of | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | which can be found in the "Forms" tab of Judge Burke's page on the District Court's website.; (3) For all disputes, the parties should consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's portion of the District Court's website.; and (4) The Court may choose to resolve the disputes prior to the telephone conference(s) and will, in that event, cancel the conference(s) (however, if any party advises the Court in advance that a newer attorney will argue with respect to the dispute(s), see Standing Order Regarding Courtroom Opportunities for Newer Attorneys, https://www.ded.uscourts.gov/sites/ded/files/StandingOrder2017.p df, then the Court will go forward with the conference). Ordered by Judge Christopher J. Burke on 4/20/2022. (dlb) (Entered: 04/20/2022) | |
| 176 | 04/20/2022 | ORAL ORDER: The Court, having reviewed the parties' April 18, 2022 letter with respect to Items 7-11, (D.I. 172), the Court hereby ORDERS as follows: (1) With respect to Items 7 and 9-11 (regarding Plaintiffs motion to strike, (D.I. 151) and the parties' anticipated motions to strike), the parties shall follow the procedures set out in Paragraph 10 of the Scheduling Order, (D.I. 14 at 9). Because the parties did not consent to have a United States Magistrate Judge conduct all proceedings in this case, (D.I. 158), motions to strike are not within the scope of the Courts referral, (D.I. 163). Accordingly, any such motions will be resolved upon reassignment to an Article III judge.; and (2) With regard to Item 8 (Defendant's Motion for Leave to Amend Answer, (D.I. 168)), the parties shall follow the procedures set out in Paragraph 9 of the Scheduling Order, (D.I. 14 at 8-9). Because the parties did not consent to have a United States Magistrate Judge conduct all proceedings in this case, (D.I. 158), the motion is not within the scope of the Courts referral, (D.I. 163). Accordingly, the motion will be resolved upon reassignment to an Article III judge. Ordered by Judge Christopher J. Burke on 4/20/2022. (dlb) (Entered: 04/20/2022) | |
| 177 | 04/20/2022 | REDACTED VERSION of 169 Letter, by HeathCo LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Brauerman, Stephen) (Entered: 04/20/2022) | |
| 178 | 04/20/2022 | Second MOTION to Strike Untimely Invalidity Contentions - filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Mowery, Katharine) (Entered: 04/20/2022) | |
| 179 | 04/20/2022 | [SEALED] OPENING BRIEF in Support re 178 Second MOTION to Strike Untimely Invalidity Contentions filed by Vaxcel International Co., Ltd..Answering Brief/Response due date per Local Rules is 5/4/2022. (Attachments: # 1 Exhibit A-B, # 2 Exhibit C-D, # 3 Exhibit E-F)(Mowery, Katharine) (Entered: 04/20/2022) | |
| 180 | 04/21/2022 | [SEALED] Letter to The Honorable Christopher J. Burke from Stephen B. Brauerman regarding Heathco LLC's Reply in Support of its Motion to Amend - re 168 MOTION for Leave to File an Amended Answer, 169 Letter,. (Attachments: # 1 Certificate of Service)(Brauerman, Stephen) (Entered: 04/21/2022) | |
| 181 | 04/25/2022 | REDACTED VERSION of 173 Answering Brief in Opposition, by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Delcollo, Renee) (Entered: 04/25/2022) | |
| 182 | 04/26/2022 | [SEALED] Letter to The Honorable Christopher J. Burke from Stephen B. Brauerman regarding Heathco LLC's Reply in Support of Motion Relating to Four Discovery Issues - re 172 Letter, 175 Order Setting Teleconference,,,,,,,,,,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Certificate of Service)(Brauerman, Stephen) (Entered: | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | 04/26/2022) | |
| 183 | 04/27/2022 | REDACTED VERSION of 179 Opening Brief in Support, by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit A - B, # 2 Exhibit C - D, # 3 Exhibit E - F)(Mowery, Katharine) (Entered: 04/27/2022) | |
| 184 | 04/27/2022 | [SEALED] Letter to Honorable Christopher J. Burke from Katharine Lester Mowery regarding in Support of its Motion for Protective Order to Protect the Contents of a Confidential Settlement Agreement and Any Related Testimony and Motion to Extend the Deadline for Its Final Infringement Contentions and Updated List of Accused Products. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Text of Proposed Order)(Mowery, Katharine) (Entered: 04/27/2022) | |
| 185 | 04/27/2022 | [SEALED] Letter to The Honorable Christopher J. Burke from Stephen B. Brauerman regarding Heathco LLC's Opposition to Second Motion to Strike - re 178 Second MOTION to Strike Untimely Invalidity Contentions . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Certificate of Service)(Brauerman, Stephen) (Entered: 04/27/2022) | |
| 186 | 04/28/2022 | REDACTED VERSION of 180 Letter, by HeathCo LLC. (Brauerman, Stephen) (Entered: 04/28/2022) | |
| 187 | 05/02/2022 | MOTION for Teleconference to Resolve Discovery Dispute re 175 Order Setting Teleconference,,,,,,,,,,, - filed by HeathCo LLC. (Golden, Ronald) (Entered: 05/02/2022) | |
| 188 | 05/02/2022 | [SEALED] Letter to Honorable Christopher J. Burke from Katharine Lester Mowery regarding Reply Letter in Support of Its Second Motion to Strike Untimely Invalidity Contentions. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mowery, Katharine) (Entered: 05/02/2022) | |
| 189 | 05/02/2022 | Joint Letter to Vacant Judgeship from Katharine Lester Mowery regarding Joint Request for Teleconference. (Mowery, Katharine) (Entered: 05/02/2022) | |
| 190 | 05/02/2022 | [SEALED] Letter to The Honorable Christopher J. Burke from Katharine L. Mowery regarding Opposition to Heathco LLC's Motion Relating to Four Discovery Issues. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H-1, # 9 Exhibit H-2, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P)(Mowery, Katharine) (Entered: 05/02/2022) | |
| 191 | 05/03/2022 | REDACTED VERSION of 182 Letter, by HeathCo LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Certificate of Service)(Brauerman, Stephen) (Entered: 05/03/2022) | |
| 192 | 05/04/2022 | MOTION for Teleconference to Resolve Discovery Disputes - filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 05/04/2022) | |
| 193 | 05/04/2022 | [SEALED] Letter to The Honorable Christopher J. Burke from Stephen B. Brauerman regarding Heathco LLC's Opposition to Plaintiff Vaxcel International Co., Ltd.'s Motion for Protective Order and Motion to Extend the Deadline for its Final Infringement Contentions (D.I. 184) - re 184 Letter,,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Certificate of Service)(Brauerman, Stephen) (Entered: 05/04/2022) | |
| 194 | 05/04/2022 | Letter to Vacant Judgeship from Stephen B. Brauerman regarding Request for a Teleconference to address Defendant HeathCo LLC's Motion for Leave to Amend Answer (D.I. 168) - re 168 MOTION for Leave to File an Amended Answer, 169 Letter, 173 | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Answering Brief in Opposition, 177 Redacted Document. (Brauerman, Stephen) (Main Document 194 replaced on 5/5/2022) (ntl). Modified on 5/5/2022 (ntl). (Entered: 05/04/2022) | |
| 195 | 05/04/2022 | REDACTED VERSION of 185 Letter,  by HeathCo LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Certificate of Service)(Brauerman, Stephen) (Entered: 05/04/2022) | |
| 196 | 05/04/2022 | STIPULATION TO EXTEND TIME Vaxcel International Co., Ltd.'s deadline to file its redactions to D.I. 184 from May 4, 2022 to May 11, 2022 - filed by HeathCo LLC. (Golden, Ronald) (Entered: 05/04/2022) | |
| | 05/05/2022 | CORRECTING ENTRY: Corrected letter added to D.I. 194 per request of counsel. (ntl) (Entered: 05/05/2022) | |
| | 05/05/2022 | SO ORDERED D.I. 196 STIPULATION TO EXTEND TIME Vaxcel International Co., Ltd.'s deadline to file its redactions to D.I. 184 from May 4, 2022 to May 11, 2022 filed by HeathCo LLC. Ordered by Judge Christopher J. Burke on 5/5/2022. (dlb) (Entered: 05/05/2022) | |
| | 05/09/2022 | Minute Entry for proceedings held before Judge Christopher J. Burke - Discovery dispute teleconference held on 5/9/2022 regarding Defendant's discovery dispute motion, (D.I. 187). The Court granted-in-part and denied-in-part Defendant's requests as described during the teleconference. With regard to the e-mails relating to Mr. Boxell's deposition, the Court ordered Plaintiff to produce in camera redacted and unredacted versions of the e-mails as well as the relevant portion of Mr. Boxell's deposition transcript by the close of business on May 10, 2022. The Court will then issue an order regarding that portion of the dispute. The transcript of the teleconference will serve as the substance of the Court's order. (Court Reporter Michele Rolfe. Clerk: M. Crawford) Appearances: K. Mowery, R. Delcollo, R. Lehrer, J. Boyd for Plaintiff; R. Golden, D. Radulescu, E. Lahav, K. Kudlac for Defendant. (mlc) (Entered: 05/09/2022) | |
| 197 | 05/09/2022 | REDACTED VERSION of 188 Letter,  by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Delcollo, Renee) (Entered: 05/09/2022) | |
| 198 | 05/09/2022 | REDACTED VERSION of 190 Letter,,  by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C-D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H-1, # 8 Exhibit H-2, # 9 Exhibit I,J,K, # 10 Exhibit L, # 11 Exhibit M, # 12 Exhibit N, # 13 Exhibit O, # 14 Exhibit P)(Delcollo, Renee) (Entered: 05/09/2022) | |
| 199 | 05/10/2022 | Letter to The Honorable Christopher J. Burke from Katharine L. Mowery regarding in camera submission - re Discovery Conference,,,. (Mowery, Katharine) (Entered: 05/10/2022) | |
| 200 | 05/10/2022 | NOTICE OF SERVICE of Rebuttal Report of Paul S. Min, Ph.D. Regarding Validity of U.S. Patent Nos. 9,326,362, 10,136,503, 10,154,564, and 10,667,367 filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 05/10/2022) | |
| 201 | 05/10/2022 | NOTICE of Service of (i) Rebuttal Expert Report of Ryan LaMotta; (ii) Expert Report of Thomas M. Katona, PH.D. Concerning Non-Infringement of U.S. Patent Nos. 9,326,362; 10,154,564; 10,667,367; and 10,136,503 by HeathCo LLC  (Golden, Ronald) (Entered: 05/10/2022) | |
| 202 | 05/11/2022 | REDACTED VERSION of 184 Letter,,  by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order Exhibit F)(Delcollo, Renee) (Entered: 05/11/2022) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 203 | 05/11/2022 | REDACTED VERSION of 193 Letter, by HeathCo LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Certificate of Service)(Golden, Ronald) (Entered: 05/11/2022) | |
| 204 | 05/13/2022 | ORAL ORDER: The Court, having reviewed the remaining unresolved portion of Defendant's discovery dispute motion, (D.I. 187), in which it requests that Plaintiff be ordered to produce "all emails that refreshed Mr. Boxell's recollection, including the unredacted copies of the emails in [D.I. 182, ex. 2,]" (D.I. 182 at 2), and the parties' letter briefs relating thereto, (D.I. 182; D.I. 190), as well as Plaintiff's in camera submission of the relevant emails and the relevant portion of Mr. Boxell's deposition transcript, (D.I. 199), and having heard argument on May 9, 2022, hereby GRANTS this portion of Defendant's motion as follows. Plaintiff asserts that the redacted portions of the emails should not be produced because they are protected by the attorney-client privilege. (5/9/22 Transcript at 33) However, to the extent the redacted portions of the emails would even be protected by the attorney-client privilege (and the Court is not sure that they would), Plaintiff has waived any such privilege by producing unredacted portions of the relevant emails (which content consists largely of responses to factual questions regarding a sales spreadsheet). See, e.g., First Quality Tissue, LLC v. Irving Consumer Prods. Ltd., Civil Action No. 19-428-RGA, 2022 WL 971581, at *2-3 (D. Del. Mar. 31, 2022); Bristol-Myers Co. v. Sigma Chem. Co., CIV. A. No. 87-549-JJF, 1988 WL 147409, at *2 (D. Del. Jan. 20, 1988). Accordingly, by no later than May 18, 2022, Plaintiff shall produce unredacted copies of the emails in D.I. 182, ex. 2. Ordered by Judge Christopher J. Burke on 5/13/2022. (dlb) (Entered: 05/13/2022) | |
| | 05/16/2022 | Minute Entry for proceedings held before Judge Christopher J. Burke - Discovery dispute teleconference held on 5/16/2022 regarding Plaintiff's discovery dispute motion, (D.I. 91). The Court resolved the first issue during the teleconference. The Court will issue an order regarding the second issue. (Court Reporter Michele Rolfe. Clerk: M. Crawford) Appearances: K. Mowery, R. Delcollo, R. Lehrer and J. Boyd for Plaintiff; S. Brauerman, D. Radulescu, E. Lahav, and J. Auerbach for Defendant. (mlc) (Entered: 05/16/2022) | |
| 205 | 05/17/2022 | NOTICE OF SERVICE of 1) Reply Expert Report of Paul S. Min, Ph.D,. Regarding Infringement of U.S. Patent Nos. 9,326,362, 10,136,503, 10,154,564 and 10,667,367 and 2) Reply Expert Report of David A. Haas filed by Vaxcel International Co., Ltd..(Mowery, Katharine) (Entered: 05/17/2022) | |
| 206 | 05/17/2022 | NOTICE OF SERVICE of Defendant Heathco LLC's Reply Expert Report of Thomas M. Katona, Ph.D. Concerning Invalidity of U.S. Patent Nos. 10,136,503; 9,326,362; 10,154,564; and 10,667,367 filed by HeathCo LLC.(Golden, Ronald) (Entered: 05/17/2022) | |
| 207 | 05/18/2022 | Official Transcript of Teleconference held on 05.09.2022 before Judge Christopher Burke. Court Reporter/Transcriber Michele Rolfe,Email: michele_rolfe@ded.uscourts.gov. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 6/8/2022. Redacted Transcript Deadline set for 6/21/2022. Release of Transcript Restriction set for 8/16/2022. (Rolfe, Michele) (Entered: 05/18/2022) | |
| 208 | 05/18/2022 | Official Transcript of Discovery Dispute held on 05.16.2022 before Judge Christopher Burke. Court Reporter/Transcriber Michele Rofle,Email: michele_rolfe@ded.uscourts.gov. Transcript may be viewed at the court public terminal or order/purchased through the | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 6/8/2022. Redacted Transcript Deadline set for 6/21/2022. Release of Transcript Restriction set for 8/16/2022. (Rolfe, Michele) (Entered: 05/18/2022) | |
| 209 | 06/03/2022 | MOTION for Leave to Serve Discovery After Fact Discovery Deadline - filed by HeathCo LLC. (Golden, Ronald) (Entered: 06/03/2022) | |
| | 06/03/2022 | SO ORDERED D.I. 209 Unopposed MOTION to Serve Discovery After Fact Discovery Deadline filed by HeathCo LLC. Ordered by Judge Christopher J. Burke on 6/3/2022. (dlb) (Entered: 06/03/2022) | |
| | 06/03/2022 | CORRECTING ENTRY: D.I. 210 has been removed from this docket and entered in error. (dlb) (Entered: 06/03/2022) | |
| 210 | 06/07/2022 | NOTICE OF SERVICE of Subpoenas to Produce Documents and to Testify at a Deposition to Minka Lighting, Inc. filed by HeathCo LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Golden, Ronald) (Entered: 06/07/2022) | |
| 211 | 06/16/2022 | MOTION to Exclude Opinions of Ryan LaMotta - filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Mowery, Katharine) (Entered: 06/16/2022) | |
| 212 | 06/16/2022 | [SEALED] OPENING BRIEF in Support re 211 MOTION to Exclude Opinions of Ryan LaMotta filed by Vaxcel International Co., Ltd..Answering Brief/Response due date per Local Rules is 6/30/2022. (Mowery, Katharine) (Entered: 06/16/2022) | |
| 213 | 06/16/2022 | [SEALED] APPENDIX re 211 MOTION to Exclude Opinions of Ryan LaMotta , 212 Opening Brief in Support by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit 1-9)(Mowery, Katharine) (Entered: 06/16/2022) | |
| 214 | 06/16/2022 | MOTION for Summary Judgment / Defendant Heathco LLC's Motion for Partial Summary Judgment of Non-Infringement of U.S. Patent Nos. 10,136,503 and 9,326,362 (Motions 1A-1D) - filed by HeathCo LLC. (Attachments: # 1 [Proposed] Order)(Brauerman, Stephen) (Entered: 06/16/2022) | |
| 215 | 06/16/2022 | MOTION to Exclude Opinions of Thomas M. Katona, Ph.D. - filed by Vaxcel International Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Mowery, Katharine) (Entered: 06/16/2022) | |
| 216 | 06/16/2022 | [SEALED] OPENING BRIEF in Support re 215 MOTION to Exclude Opinions of Thomas M. Katona, Ph.D. filed by Vaxcel International Co., Ltd..Answering Brief/Response due date per Local Rules is 6/30/2022. (Mowery, Katharine) (Entered: 06/16/2022) | |
| 217 | 06/16/2022 | MOTION for Summary Judgment / Defendant Heathco LLC's Motion for Partial Summary Judgment of Non-Infringement and Invalidity of U.S. Patent Nos. 10,154,564 and 10,667,367 (Motions 2A - 2E) - filed by HeathCo LLC. (Attachments: # 1 [Proposed] Order)(Brauerman, Stephen) (Entered: 06/16/2022) | |
| 218 | 06/16/2022 | [SEALED] APPENDIX re 216 Opening Brief in Support, 215 MOTION to Exclude Opinions of Thomas M. Katona, Ph.D. by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit 1-9)(Mowery, Katharine) (Entered: 06/16/2022) | |
| 219 | 06/16/2022 | MOTION / Defendant Heathco LLC's Motion to Exclude Testimony of David A. Haas and Motion for Partial Summary Judgment of No Pre-Suit Damages (Motions 3A-3B) - filed by HeathCo LLC. (Attachments: # 1 [Proposed] Order)(Brauerman, Stephen) (Entered: 06/16/2022) | |
| 220 | 06/16/2022 | [SEALED] OPENING BRIEF in Support re 214 MOTION for Summary Judgment / Defendant Heathco LLC's Motion for Partial | |

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Summary Judgment of Non-Infringement of U.S. Patent Nos. 10,136,503 and 9,326,362 (Motions 1A-1D) filed by HeathCo LLC.Answering Brief/Response due date per Local Rules is 6/30/2022. (Attachments: # 1 Certificate of Service) (Brauerman, Stephen) (Entered: 06/16/2022) | |
| 221 | 06/16/2022 | [SEALED] OPENING BRIEF in Support re 217 MOTION for Summary Judgment / Defendant Heathco LLC's Motion for Partial Summary Judgment of Non-Infringement and Invalidity of U.S. Patent Nos. 10,154,564 and 10,667,367 (Motions 2A - 2E) filed by HeathCo LLC.Answering Brief/Response due date per Local Rules is 6/30/2022. (Attachments: # 1 Certificate of Service)(Brauerman, Stephen) (Entered: 06/16/2022) | |
| 222 | 06/16/2022 | [SEALED] OPENING BRIEF in Support re 219 MOTION / Defendant Heathco LLC's Motion to Exclude Testimony of David A. Haas and Motion for Partial Summary Judgment of No Pre-Suit Damages (Motions 3A-3B) filed by HeathCo LLC.Answering Brief/Response due date per Local Rules is 6/30/2022. (Attachments: # 1 Certificate of Service)(Brauerman, Stephen) (Entered: 06/16/2022) | |
| 223 | 06/16/2022 | [SEALED] DECLARATION re 219 MOTION / Defendant Heathco LLC's Motion to Exclude Testimony of David A. Haas and Motion for Partial Summary Judgment of No Pre-Suit Damages (Motions 3A-3B), 214 MOTION for Summary Judgment / Defendant Heathco LLC's Motion for Partial Summary Judgment of Non-Infringement of U.S. Patent Nos. 10,136,503 and 9,326,362 (Motions 1A-1D), 217 MOTION for Summary Judgment / Defendant Heathco LLC's Motion for Partial Summary Judgment of Non-Infringement and Invalidity of U.S. Patent Nos. 10,154,564 and 10,667,367 (Motions 2A - 2E) / Declaration of Etai Lahav by HeathCo LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Certificate of Service)(Brauerman, Stephen) (Entered: 06/16/2022) | |
| 224 | 06/23/2022 | STIPULATION TO EXTEND TIME to File Public Versions (D.I. 212-13, 216, 218, 220-23) to June 27, 2022 - filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 06/23/2022) | |
| | 06/23/2022 | SO ORDERED D.I. 224 STIPULATION TO EXTEND TIME to File Public Versions (D.I. 212-13, 216, 218, 220-23) to June 27, 2022 filed by Vaxcel International Co., Ltd. Ordered by Judge Christopher J. Burke on 6/23/2022. (dlb) (Entered: 06/23/2022) | |
| 225 | 06/27/2022 | STIPULATION TO EXTEND TIME to File Public Versions (D.I. 212-13, 216, 218, 220-23) to June 28, 2022 - filed by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 06/27/2022) | |
| | 06/27/2022 | SO ORDERED D.I. 225 STIPULATION TO EXTEND TIME to File Public Versions (D.I. 212-13, 216, 218, 220-23) to June 28, 2022 filed by Vaxcel International Co., Ltd. Ordered by Judge Christopher J. Burke on 6/27/2022. (dlb) (Entered: 06/27/2022) | |
| 226 | 06/28/2022 | ORAL ORDER: The Court, having reviewed the remaining unresolved portion of Plaintiff's discovery dispute motion ("motion"), (D.I. 192), in which Plaintiff requests that the Court extend the deadline for final infringement contentions to February | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | 9, 2022, (D.I. 184 at 1), and the parties' letter briefs relating thereto, (D.I. 184; D.I. 193), and having heard argument on May 16, 2022, (D.I. 208), hereby ORDERS as follows with respect to the motion: There was a deadline in the applicable Scheduling Order for Plaintiff to file its final infringement contentions, and both sides agree that: (1) this deadline was January 6, 2022; and (2) Plaintiff did not, in fact, file its final infringement contentions by that deadline (instead, it filed those contentions a little over a month later, on February 9, 2022). (D.I. 184 at 1-2; D.I. 193 at 2-3) As a result, Plaintiff's motion here seeks an alteration to a Scheduling Order deadline. Therefore, the motion implicates the good cause standard under Fed. R. Civ. P. 16(b)(4). Lipocine Inc. v. Clarus Therapeutics, Inc., C.A. No. 19-622 (WCB), 2020 WL 4794576, at *3 (D. Del. Aug. 18, 2020). The good cause standard hinges on the diligence of the moving party; in order to show good cause, a movant must first meet the threshold requirement that it demonstrate that, despite diligence, the proposed new filing could not have reasonably been made in a timely manner. Id. Here, it is clear that Plaintiff has not demonstrated diligence. Plaintiff simply made a strategic choice not to meet the January 6, 2022 deadline for filing final infringement contentions; Plaintiff says that it did so "because [in its view] the fate of the asserted claims remained uncertain" as of that January 6 deadline. (Plaintiff argues that this uncertainty was not cleared up until February 3, 2022, when the District Court ruled on several post-Markman-hearing-related motions.). (D.I. 184 at 3) Indeed, Plaintiff's counsel acknowledged that Plaintiff could have filed final infringement contentions by January 6, 2022 and could thereafter have sought to modify such contentions in light of the District Court's February 3, 2022 ruling (if it turned out there was a need to do so); counsel candidly admitted that Plaintiff's failure to meet the January 6 deadline was a strategic "mistake." (D.I. 208 at 24, 32) (By the way, Plaintiff's counsel was right to make this admission, no matter its impact on the outcome of this motion -- since the truth of the admission was patently clear from the record, and because counsel's failure to do so would only have harmed Plaintiff's credibility in the case more broadly.). However, "[a] strategic mistake does not equate to a showing of good cause under Rule 16." iCeutica Pty Ltd v. Novitium Pharma LLC, Civil Action No. 18-599-CFC, 2019 WL 4604029, at *2 (D. Del. Sept. 23, 2019) (internal quotation marks and citation omitted). And because the good cause standard is applicable here, Plaintiff cannot turn to the Pennypack factors to try to save its belatedly-filed contentions. See Lipocine Inc., 2020 WL 4794576, at * 9 n.4 (noting that because an issue of untimeliness before the court related to a motion to file an amended answer after a related scheduling order deadline had passed, the Pennypack factors did not apply and the good cause standard controlled instead); Finjan, Inc. v. Rapid7, Inc., C.A. No. 18-1519-MN, 2020 WL 5798545, at *5-6 (D. Del. Sept. 29, 2020) (recognizing that if a motion is one that relates to a scheduling order violation, then the good cause standard would apply, and resort to the Pennypack factors would not be proper); see also Faiella v. Sunbelt Rentals, Inc., --- F. Supp. 3d ---, 2022 WL 827146, at *3 (D.N.J. Mar. 18, 2022) (same); Otsuka Pharm. Co. v. Aurobindo Pharma Ltd., Civil Action No. 14-3306 (JBS/KMW), 2017 WL 11463663, at *4 (D.N.J. Sept. 15, 2017) (same). This result might seem harsh in light of the facts here, since Plaintiff submitted the belated contentions at issue only about a month after the filing deadline called for by the Scheduling Order. But more broadly, the United States Court of Appeals for the Third Circuit has explained why it makes sense that the good cause | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | standard (and its threshold requirement of a showing of diligence) should control, even in such circumstances: if courts allowed scheduling orders to be "disregarded without a specific showing of good cause, their utility would be severely impaired." Compagnie des Grands Hotels dAfrique S.A. v. Starwood Cap. Grp. Global I LLC, Civil Action No. 18-654-RGA, 2019 WL 4740083, at *1 (D. Del. Sept. 27, 2019) (quoting Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986)); see also Faiella, 2022 WL 827146, at *3 ("[I]f a court only considers the Pennypack factors when a party obtains discovery in contravention of a scheduling order [instead of utilizing the good cause standard], a party may strategically not seek an extension of time in order to evade the scheduling order and evade the good cause standard"). Because Plaintiff has failed to show good cause, its motion is DENIED. Ordered by Judge Christopher J. Burke on 6/28/2022. (dlb) (Entered: 06/28/2022) | |
| 227 | 06/28/2022 | REDACTED VERSION of 220 Opening Brief in Support,  by HeathCo LLC. (Brauerman, Stephen) (Entered: 06/28/2022) | |
| 228 | 06/28/2022 | REDACTED VERSION of 221 Opening Brief in Support,  by HeathCo LLC. (Brauerman, Stephen) (Entered: 06/28/2022) | |
| 229 | 06/28/2022 | REDACTED VERSION of 222 Opening Brief in Support,  by HeathCo LLC. (Brauerman, Stephen) (Entered: 06/28/2022) | |
| 230 | 06/28/2022 | REDACTED VERSION of 223 Declaration,,,,,  by HeathCo LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40)(Brauerman, Stephen) (Entered: 06/28/2022) | |
| 231 | 06/28/2022 | REDACTED VERSION of 212 Opening Brief in Support  by Vaxcel International Co., Ltd.. (Delcollo, Renee) (Entered: 06/28/2022) | |
| 232 | 06/28/2022 | REDACTED VERSION of 213 Appendix  by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit 1-9)(Delcollo, Renee) (Entered: 06/28/2022) | |
| 233 | 06/28/2022 | REDACTED VERSION of 216 Opening Brief in Support  by Vaxcel International Co., Ltd.. (Delcollo, Renee) (Entered: 06/28/2022) | |
| 234 | 06/28/2022 | REDACTED VERSION of 218 Appendix  by Vaxcel International Co., Ltd.. (Attachments: # 1 Exhibit 1-9)(Delcollo, Renee) (Entered: 06/28/2022) | |
| 235 | 07/01/2022 | STIPULATION and [Proposed] Order to Stay All Pre-Trial Deadlines Pending Settlement Discussions  by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 07/01/2022) | |
| | 07/01/2022 | SO ORDERED D.I. 235 Stipulation to Stay all Pre-trial Deadlines filed by Vaxcel International Co., Ltd. Ordered by Judge Christopher J. Burke on 7/1/2022. (dlb) (Entered: 07/01/2022) | |
| | 09/07/2022 | Case Reassigned to Judge Gregory B. Williams. Please include the initials of the Judge (GBW) after the case number on all documents filed. (rjb) (Entered: 09/07/2022) | |
| 236 | 09/12/2022 | ORAL ORDER: As this case is stayed, IT IS HEREBY ORDERED that the pretrial conference scheduled for September 29, 2022 and the jury trial scheduled to begin October 11, 2022 are CANCELLED. ORDERED by Judge Gregory B. Williams on 9/12/22. (ntl) (Entered: 09/12/2022) | |

1:20cv224, Vaxcel International Co., Ltd. V. Heathco Llc

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 237 | 09/12/2022 | ORAL ORDER: IT IS HEREBY ORDERED that this matter is no longer referred to Magistrate Judge Burke. This matter has been reassigned to Judge Gregory B. Williams. ORDERED by Judge Gregory B. Williams on 9/12/22. (ntl) (Entered: 09/12/2022) | |
| | 09/12/2022 | Case no longer referred to Judge Christopher J. Burke. (ntl) (Entered: 09/12/2022) | |
| 238 | 09/29/2022 | STIPULATION and [Proposed] Order to Further Stay All Pre-Trial Deadlines Pending Settlement Discussions by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 09/29/2022) | |
| | 09/30/2022 | SO ORDERED, re 238 STIPULATION and [Proposed] Order to Further Stay All Pre-Trial Deadlines Pending Settlement Discussions filed by Vaxcel International Co., Ltd. Signed by Judge Gregory B. Williams on 9/30/22. (ntl) (Entered: 09/30/2022) | |
| 239 | 12/01/2022 | STIPULATION of Dismissal without Prejudice by Vaxcel International Co., Ltd.. (Mowery, Katharine) (Entered: 12/01/2022) | |
| | 12/01/2022 | CASE CLOSED (ntl) (Entered: 12/02/2022) | |
| 240 | 12/02/2022 | Report to the Commissioner of Patents and Trademarks. (ntl) (Entered: 12/02/2022) | |

## Patents

| Number | Title | Issued | Class | Subclass |
|--------|-------|--------|-------|----------|
| 10,136,503 | Microcontroller-based multifunctional electronic switch and lighting apparatus having the same | 11/20/2018 | 1 | 1 |
| 10,187,947 | Life-style LED security light | 01/22/2019 | 1 | 1 |
| 10,225,902 | Two-level security light with motion sensor | 03/05/2019 | 1 | 1 |
| 10,491,032 | Lifestyle security light | 11/26/2019 | 1 | 1 |
| 10,516,292 | Two-level LED security light with motion sensor | 12/24/2019 | 1 | 1 |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

# EXHIBIT 6

CONFIDENTIAL – ATTORNEYS' EYES ONLY
QUALCOMM CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOT POWER CONTROL, S.L. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1302-MN |
| | ) | |
| APPLE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

# CORRECTED EXPERT REPORT
# OF MARK J. CHANDLER

**August 27, 2024**
**Conshohocken, Pennsylvania**

Mark J. Chandler

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**QUALCOMM CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

CONFIDENTIAL – ATTORNEYS' EYES ONLY
QUALCOMM CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

period, as shown in **Exhibit 8**. Thus, for the damages period I conservatively conclude that the damages for Apple's infringement of the Intel-based devices amounts to ███████████.

402. The total amount of damages for Apple's infringement amounts to ███████████

403. These royalties are reasonable and agreeable to both of the parties at the hypothetical negotiation for multiple reasons.

404. First, as I have discussed throughout my report, the royalties reflect the benefits that Apple has gained from the extent of its use of the patented technologies. The royalties are commensurate with and reflect the economic value attributable to the Patents-in-suit.

405. Second, I am not aware of any non-infringing alternatives to the Patents-in-suit that would have been available and would have allowed Apple to meet its commercial objectives.

406. Finally, as described above, I understand from Dr. Larson that Apple would not have been able to sell a WCDMA standard compliant phone or meet carrier requirements if ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████ In view of these facts, it is my opinion these facts would support an increased rate in the context of the hypothetical negotiation over the rate from the ███████ agreement in the range of ███████████████████████ rate, increasing the damages numbers above by the same percentage.

EXPERT REPORT
OF MARK J. CHANDLER

CONFIDENTIAL
ATTORNEYS' EYES ONLY

Corrected-Exhibit 8

**TOT Power v. Apple**
Royalties Analysis

*Royalty Sheet from* ███ *TOT License*

| ███ Units | Royalty Per Unit (Euros) | Exchange Rate (USD/Euros) | Royalty Per Unit (USD) | Number of Units per Block | Royalties per Block (USD) |
|---|---|---|---|---|---|
| 1/ | 1/ | 2/ | | | |

|  | | Total Royalties (USD) | $ ███ |
|---|---|---|---|
|  | | Total Units | |
|  | | Avg Royalty Per Unit (USD) | $ ███ |

*Calculation of Royalties*

| | | Phone | Tablet | Watch |
|---|---|---|---|---|
| Average royalty per unit (USD) | $ | | | |
| ███ average cost (FCC) | 3/ | $ | | |
| Calculated rate | | | | |
| Royalty base | 4/ | | | |
| **Royalty rate per device** | | | | |

**Unit Sales**

| | | Phone | Tablet | Watch | Total |
|---|---|---|---|---|---|
| Qualcomm-based Products | | | | | |
| Intel-based Products | | | | | |

**Royalties**

| | | Phone | Tablet | Watch | **Total** |
|---|---|---|---|---|---|
| Royalties (Qualcomm-based products) | $ | | | | |
| Royalties (Intel-based products) | $ | | | | |
| **Total** | $ | | | | |

**Sources/Notes:**




4/    I applied the price of the first infringed products as of the hypothetical negotiation date. For the iPhone, the iPhone 4S 16GB (without contract) was initially priced at $649.

To be conservative, I considered the price drop of this device to $549 following the release of the next model.

For the iPad, the iPad Pro 9.7 (2016), which was initially priced at $729. To be conservative I considered the price drop of this device to $629 following

the release of the next model. For the Apple Watch, the Apple Watch SE was initially priced at $329. To be conservative I considered the price drop of this device to $299

following the release of the next model.

# EXHIBIT 7

CONFIDENTIAL – ATTORNEYS' EYES ONLY
QUALCOMM CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TOT POWER CONTROL, S.L. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1302-MN |
| | ) | |
| APPLE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

# REPLY EXPERT REPORT
# OF MARK J. CHANDLER

**October 22, 2024**
**Conshohocken, Pennsylvania**

Mark J. Chandler

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**QUALCOMM CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

(CSFB) as Voice over LTE (VoLTE) coverage was not fully deployed and many devices were not yet compatible.[122] *See* ¶ 127.

118. ████████████████████████████████████████████████████

████████████████████████████ ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

119. I further note that the method I used to calculate the royalty that the parties would have agreed to at the hypothetical negotiation is reasonable and conservative, thus implicitly accounting for any alleged differences in rights granted under the TOT ████ OLPC Solution License Agreement versus the hypothetical negotiation license. When calculating the royalty the parties would have agreed to at the hypothetical negotiation, I converted the royalty in the TOT ████ OLPC Solution License Agreement to a percentage based on the estimated price of a Node B and then applied that percentage to the average selling price of the Accused Products. However, as discussed below, the rate in the TOT ████ OLPC Solution License Agreement of ████ per device is a supported royalty for the Accused Products.

120. As I explained in paragraph 394 and Exhibit 8 of my Opening Report, ████████

████████████████████████████ ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[122] Conversation with Dr. Larson, October 21, 2024.
[123] Bakewell Report, ¶ 330.
[124] Opening Report, ¶ 394.

CONFIDENTIAL – ATTORNEYS' EYES ONLY
QUALCOMM CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

██████████████████████████████████ This demonstrates that the parties to the TOT ████ OLPC Solution License Agreement (i.e., TOT and ████ valued the technology at ████ /unit and is a strong indicator of the value of the technology in any electronic device because ████████████████████ set forth in the TOT ████ OLPC Solution License Agreement. As discussed above, the technology that would go into the ████████████████████████ ████ ) is highly technically comparable to the infringing technology that would go into the Accused Products. Based on discussions with Dr. Larson, I understand that the value of the technology described and claimed in the Patents-in-Suit is substantially the same whether the technology is implemented in network equipment such as a Node B versus in a mobile device.[125] As such, a royalty rate of ████ /unit is supported for the Accused Products as well for all the reasons described above. For completeness, I have calculated damages for Apple's infringement at a rate of ████ /unit. *See* **Exhibit 12**.

121. While I arrive at a lower royalty rate per infringing device, this is an effort on my part to be conservative even though a rate of ████ /unit is fully supported by the evidence produced in this case and, in particular, by the terms of the highly comparable TOT ████ OLPC Solution License Agreement. As stated in paragraphs 394-399 and Exhibit 8 of my Opening Report, I further whittled down the royalty rate as it applies to the Accused Products by first determining the royalty rate as a percentage of the price of a Node B (████)—an exercise not contemplated by the TOT ████ OLPC

---

[125] Conversation with Dr. Larson, October 21, 2024. I understand from Dr. Larson that the value of downlink power control in WCDMA systems is comparable to the value of uplink power control in WCDMA systems, and that both are critical. *Id.*

CONFIDENTIAL – ATTORNEYS' EYES ONLY
QUALCOMM CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

Solution License Agreement.[126] I then applied that royalty rate to the accused products which yielded royalty rates of ██████████ per Accused Product.[127] This opinion is highly conservative as it yields a royalty rate per Accused Product that is ██████████ ██████████████████████████████████ The highest royalty using my more conservative approach was ████████ unit for certain Accused Products.

### B. Other Comments Made by Mr. Bakewell are Incorrect

122. Mr. Bakewell argues that I did not consider TOT's business presentations that ████████████████████████████████████████████████████████ per handset.[128] As explained in my Opening Report, these rates are not indicative of what a handset manufacturer/implementer like Apple would pay, particularly in light of the terms of the TOT ████████ OLPC Solution License Agreement.[129] At the hypothetical negotiation, both TOT and Apple would know all pertinent information, both present and future (i.e., the "Book of Wisdom"). Thus, TOT would know the full extent of Apple's use of the patented technology, including that Apple would use the technology in countless products for many years. TOT would also know that Apple would not be able to sell a WCDMA standard compliant phone or meet carrier requirements if ████████████████████████████████████████████████ ████████████████████████████████████████████. Given this knowledge, the parties at the hypothetical negotiation would not find TOT's business presentations informative but rather would look to the highly comparable TOT ████████

---

[126] Opening Report, ¶ 394.
[127] Opening Report, ¶ 399.
[128] Bakewell Report, ¶ 291.
[129] Opening Report, ¶ 218.

CONFIDENTIAL – ATTORNEYS' EYES ONLY
QUALCOMM CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

131. Here, the TOT ██████ OLPC Solution License Agreement is highly comparable to the license the parties would have agreed to at the hypothetical negotiation, and thus I properly used Accused Product revenue as the royalty base.

132. Mr. Bakewell also questions why I did not use the price of a flip phone as the royalty base instead of a smartphone.[148] This argument makes no sense, as none of the Accused Products are flip phones so there would be no basis to use the price of a flip phone as the royalty base. Mr. Bakewell also questions why I did not use the price of the iPhone SE, which according to Mr. Bakewell was the least expensive Accused Product sold during the damages period.[149] My approach of using the (discounted) price of the first infringing Apple iPhone (the iPhone 4s) was reasonable and conservative. Mr. Bakewell ignores the fact that there were Accused Products sold during the damages period that were priced higher than the iPhone 4s.[150] Further, as discussed in ¶ 120, the evidence produced in this case supports a ██████/device royalty, regardless of the cost of the device, and thus my royalty is ████████████ than the supported rate of ████.

## V.    EXHIBITS

133. **Exhibits 10** through **14** are attached to this report and support my damage analyses and opinions in this matter.

---

[148] Bakewell Report, ¶ 336.
[149] Bakewell Report, ¶ 336, FN 641.
[150] *See, e.g.*, https://www.techradar.com/reviews/iphone-13 (iPhone 12 and 13 were $799 at launch); https://www.apple.com/newsroom/2021/09/apple-introduces-iphone-13-and-iphone-13-mini/ (at launch, iPhone 13 was $799 and iPhone 13 mini was $699).

**TOT Power v. Apple**

Royalties Analysis - Royalty Rate of █████



*Royalty Sheet from* █████ *TOT License*

| ████ Units | Royalty Per Unit (Euros) | Exchange Rate (USD/Euros) | Royalty Per Unit (USD) | Number of Units per Block | Royalties per Block (USD) |
|---|---|---|---|---|---|
| | | | | | |
| | | | Total Royalties (USD) | | |
| | | | Total Units | | |
| | | | Avg Royalty Per Unit (USD) | | |

*Calculation of Royalties*

| | Phone | Tablet | Watch | |
|---|---|---|---|---|
| **Average royalty per unit (USD)** | | | | |

| **Unit Sales** | | Phone | Tablet | Watch | Total |
|---|---|---|---|---|---|
| Qualcomm-based Products | 3/ | | | | |
| Intel-based Products | 3/ | | | | |

| **Royalties** | | Phone | Tablet | Watch | **Total** |
|---|---|---|---|---|---|
| Royalties (Qualcomm-based products) | $ | | | | |
| Royalties (Intel-based products) | $ | | | | |
| **Total** | $ | | | | |

**Sources/Notes:**

1/ ████████████████████████████████████████████

2/ Exchange rate (USD/Euros) on effective date of License of July 27, 2012.

3/ See Exhibit 6A of Chandler's Opening Report, August 23, 2024.

# EXHIBIT 8

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 1

1          UNITED STATES DISTRICT COURT

           FOR THE DISTRICT OF DELAWARE

2

                        CA No. 21-1302-MN

3

    _____

4

5     TOT POWER CONTROL,

6              Plaintiff

7              Vs

8     APPLE, INC.,

9              Defendant

10    _____

11

           HIGHLY CONFIDENTIAL TRANSCRIPT

12

13

14          TRANSCRIPT of the stenographic notes of the

15    videotaped deposition in the above-entitled matter, of

16    MARK J. CHANDLER, via ZOOM, on Thursday, October 30,

17    2024, commencing at 8:01 a.m.

18

19

20

21

22

23

24          Maureen McCarthy, CRR, RMR, CRCR.

25          Court reporter.

Veritext Legal Solutions
215-241-1000 ~ 610-434-8588 ~ 302-571-0510 ~ 202-803-8830

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

                                                        Page 162

1    And I, I guess, corrected maybe an overly vague,

2    overly broad statement that I have in my footnote.

3    I corrected that in my reply report.

4         But I did my -- made efforts to determine the

5    lowest price when a particular device was, you know,

6    still current, not five years after the fact.  And

7    in some cases, where that price, at the time of the

8    first sale or the time of hypothetical negotiation

9    might have been higher.

10        If I saw lower prices, for example, with the

11   Apple watch, I applied the lowest price there.  So

12   each of these efforts were to select a base price

13   that my efforts was a conservative effort to do so.

14   All keeping in mind that this, the ██████ is a

15   supported rate for the use of technology in the

16   highly comparable technology in products that

17   communicate over a cellular communications network.

18   Q.   And in your reply report, you actually use the

19   ██████ number and multiplied that by these Apple

20   device prices to get to ████████████████████

21   ██████; correct?

22   A.   That's broadly correct.  I don't recall the

23   exact number, but that's the exercise that I

24   conducted in that scenario.

25   Q.   You didn't include that scenario in your

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 163

```
 1    opening report; right?
 2    A.     That's correct.  I didn't include the
 3    scenarios outlined in 13 and 14 of my opening
 4    report.
 5    Q.     I understand, with respect to certain
 6    scenarios, 13 and 14, perhaps the reason you didn't
 7    include that is you hadn't yet seen Mr. Bakewell's
 8    analysis; right?
 9    A.     Absolutely.  Those are in response to Mr.
10    Bakewell's analysis.  I wanted to see what he put
11    forth in his rebuttal.
12    Q.     But in the opening report, when you have this
13    -- I think it's Exhibit 12 to your reply report,
14    where you get to ████████████ number.  That's not
15    in response to anything specific that Mr. Bakewell
16    said.
17           That's a calculation you could have performed
18    in connection with your opening report, but you did
19    not; correct?
20    A.     This is prepared, you know, in my view,
21    because I feel strongly that ██████ is a supported
22    rate, as I've stated throughout my reports, and that
23    scenario, in my opinion, warranted explanation --
24    exploration and documentation in response to many
25    and all of the comments Mr. Bakewell made.
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 164

1    Q.    My question is a simple one.  You could have

2    done this calculation included with your opening

3    report; correct?

4    A.    I could have done calculations to Exhibit 13

5    and 14 as well, but I did not.  I chosen it here,

6    after reading Mr. Bakewell's rebuttal report to my

7    opening report.

8    Q.    So Exhibit 13, you're responding to -- Exhibit

9    13 is your reply report.  You're responding to Mr.

10   Bakewell's analysis regarding -- and this is public

11   information, of course, but analysis about the 3G

12   shut-off; correct?

13   A.    I wouldn't say analysis, but comments on the

14   3G cut-off, yes.

15   Q.    Exhibit 14, you're responding to Mr.

16   Bakewell's comments regarding the fact that two of

17   the major carriers were operating on CDMA 2000,

18   which is incompatible with the patented technology;

19   correct?

20   A.    That's correct.

21   Q.    Exhibit 12.  Which specific comments of Mr.

22   Bakewell are you responding to?

23   A.    I believe I gave you that answer four or five

24   questions ago.  I prepared this after reading the

25   body of Mr. Bakewell's report, and he's -- I've been

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 172

1    outlined and calculated per device type

2    Q.    What's the opinion that you believe the

3    appropriate royalties damages to be awarded?

4    A.    I think both calculations are accurate and

5    thorough.  They're both supported for all the

6    reasons I've outlined.  They're both fair and robust

7    and reasonable calculations.

8    Q.    You could have disclosed your opinion in

9    Exhibit 12 in your opening report, but you did not.

10   That's correct.  Isn't it?  That's not

11   controversial?

12   A.    That is correct.  I do believe that I referred

13   to ████ as a supported royalty rate.

14       MR. STRAPP:  Let's go off the record two

15   minutes.

16       THE VIDEOGRAPHER:  Going off the video record.

17   The time is 2:08 p.m.

18       (Recess.)

19       THE VIDEOGRAPHER:  Back on the video record.

20   The time is 2:15 p.m.  This begins media 6.

21   BY MR. STRAPP:

22   Q.    I want to go back to the ████ license,

23   Exhibit 3.  I want to specifically ask you about the

24   term of this license.  Turn to section 7.  Page nine

25   of the agreement.  There's a provision that says:

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 245

1                   C E R T I F I C A T E.

2

3

4

5

6

7            I certify that the foregoing is a

8

9    correct transcript from the record of the

10

11    proceedings in the above-entitled matter.

12

13

14

15            Maureen McCarthy

16

17            Maureen McCarthy, CRR, RMR, CRC

18

19            Court Reporter

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I, Brian A. Biggs, hereby certify that on this 23rd day of December, 2024, a copy of:

**DEFENDANT'S MOTION TO STRIKE UNTIMELY EXPERT OPINIONS OF LAWRENCE E. LARSON AND MARK CHANDLER** was served upon the following counsel of record via electronic mail:

Brian E. Farnan
Michael Farnan
**FARNAN LLP**
919 North Market Street
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Denise De Mory
Elizabeth Day
Corey Johanningmeier
Jerry D. Tice II
Richard C. Lin
Li Guo
Gareth De Walt
Hillary N. Bunsow
Tara R. Zurawski
Michael E. Flynn-O'Brien
Marc Belloli
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
ddemory@bdiplaw.com
eday@bdiplaw.com
cjohanningmeier@bdiplaw.com
jtice@bdiplaw.com
rlin@bdiplaw.com
lguo@bdiplaw.com
gdewalt@bdiplaw.com
hillarybunsow@bdiplaw.com
tzurawski@bdiplaw.com
mflynnobrien@bdiplaw.com
mbelloli@bdiplaw.com

Walter D. Kelley, Jr.
Brian A. Ratner
Hill Brakefield
**HAUSFELD, LLP**
888 16th Street, NW
Suite 300
Washington, D.C. 20006
Telephone: (202) 540-7175
Facsimile: (202) 540-7201
wkelley@hausfeld.com
bratner@hausfeld.com
hbrakefield@hausfeld.com

Bruce J. Wecker
**HAUSFELD, LLP**
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1907
bwecker@hausfeld.com


*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)

1615815635.1