IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOT POWER CONTROL, S.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1302 (MN) |
| | ) | |
| APPLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFTER PRETRIAL CONFERENCE**

AND NOW, this 20th day of June 2025, after a Pretrial Conference and upon consideration of the Proposed Pretrial Order (D.I. 414) and the discussion at the June 16, 2025 Pretrial Conference, IT IS HEREBY ORDERED that:

1.      The Proposed Pretrial Order is ADOPTED as modified by any discussion at the Pretrial Conference.  (*See* D.I. 434).

2.      A five-day jury trial will begin on June 23, 2025 at 9:30 a.m. with jury selection.[1] The Court has granted a continuance, such that opening statements will begin on Wednesday June 25, 2025 at 9:00 a.m.  Subsequent trial days will also begin at 9:00 a.m,  Each side should be prepared to present its case until 4:45 p.m. or 5 p.m. of each trial day, although the end of the trial day may, at the discretion of the Court, be earlier or later.

3.      The trial will be timed.  Each side is allowed up to eleven (11) hours in the jury trial for its opening statement, its direct and cross-examination of witnesses, closing arguments and argument of evidentiary issues.  Each side should reserve one hour of its eleven (11) hours for

---

[1]     Plaintiff is responsible for providing enough copies of the *voir dire* and a writing utensil for each member of the jury pool, which is estimated to be 45 people.  The Court understands that those have been delivered to the Clerk's office.

closing arguments.  Time during the trial day that does not neatly fit into one of these categories will be attributed to one side or the other as the Court deems appropriate.

4.      Issues that need to be addressed outside the presence of the jury will be taken up at 8:30 a.m., at lunch or at the end of the day as the Court deems appropriate.  Those issues – including objections to anticipated exhibits or demonstratives – must be brought to the attention of the Court's Judicial Administrator and the Courtroom Deputy by 7:00 a.m. on the day on which the objected-to evidence will be adduced.  There will be thirty to forty-five minutes for lunch and a fifteen-minute break in the morning and in the afternoon.

5.      For the reasons stated at the Pretrial Conference, Plaintiff's Motion *in Limine* No. 1 (D.I. 414-16) is GRANTED, Plaintiff's Motion *in Limine* No. 2 (D.I. 414-16) is GRANTED, Plaintiff's Motion *in Limine* No. 3 (D.I. 414-16) is GRANTED-IN-PART,  Defendant's Motion *in Limine* No. 1 (D.I. 414-17) is GRANTED-IN-PART, [2] Defendant's Motion *in Limine* No. 2 (D.I. 414-17) is GRANTED-IN-PART,[3] and Defendant's Motion *in Limine* No. 3 (D.I. 414-17) is GRANTED.

6.      As explained at the Pretrial Conference, the parties may not provide witness binders or physical copies of documents (demonstratives, deposition transcripts, etc.) to the Court, but the parties must provide witness binders to the witnesses.  The parties shall provide electronic copies

---

[2]      Defendant's first motion *in limine* seeks to preclude certain evidence and argument about licensing negotiations, specifically the terms proposed during the negotiations.  As discussed at the Pretrial Conference, Plaintiff may not raise issues of willfulness or copying at trial.  Plaintiffs may, however, use the challenged evidence and argument for issues that remain in the case.  (*See* D.I. 434 at 29:8-29:14).

[3]      Defendant's second motion *in limine* seeks to preclude references to figures, including financial figures, in the billions as prejudicial.  As discussed at the Pretrial Conference, Plaintiff may refer to factual numbers, such as units sold, for purposes of presenting damages calculations.  Otherwise, the parties are directed to reach agreement on appropriate redactions as outlined at the Pretrial Conference.  (*See* D.I. 434 at 33:2-33:10).

of ALL trial exhibits to the Courtroom Deputy by NOON on June 20, 2025.  The trial exhibits must be labeled with JTX, DTX or PTX prefixes with exhibit numbers, and the trial exhibits must be organized in a single folder.  Additionally, at the beginning of each trial day, the parties shall provide to the Court's Judicial Administrator and Courtroom Deputy electronic copies of witness folders containing the exhibits and demonstratives (if any) to be used on direct examination and cross-examination[4] of any witnesses expected to be called that day.

7.    The parties should be in the courtroom and prepared to discuss all outstanding issues at 9:00 a.m. on Monday, June 23, 2025.

8.    The Court will hear Plaintiff's proffer and arguments about Plaintiff's damages case on Monday, June 23, 2025, after jury selection is completed.

9.    Any trial logistics should be coordinated through the Courtroom Deputy.

The Honorable Maryellen Noreika
United States District Judge

---

[4]    This includes any deposition transcripts or expert reports to be used with witnesses.